## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| JAWBONE INNOVATIONS, LLC, | § § § | Case No. |
| Plaintiff, | § § | **JURY TRIAL DEMANDED** |
| v. | § § § | |
| SAMSUNG ELECTRONICS CO. LTD. and SAMSUNG ELECTRONICS AMERICA, INC., | § § § § | |
| Defendants. | § § | |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Jawbone Innovations, LLC ("Jawbone" or "Plaintiff") for its Complaint against Defendants Samsung Electronics Co., Ltd. ("Samsung Electronics") and Samsung Electronics America, Inc. ("Samsung Electronics America") (collectively "Samsung" or "Defendants") alleges as follows:

### THE PARTIES

1.      Jawbone is a limited liability company organized and existing under the laws of the State of Texas, with its principal place of business located at 100 West Houston Street, Marshall, Texas 75671.

2.      Defendant Samsung Electronics is a corporation organized and existing under the laws of the Republic of Korea, with its principal place of business at 129 Samsung-Ro, Yeongtong-Gu, Suwon-Si, Gyeonggi-Do, 443-742, Republic of Korea.  Upon information and belief, Samsung Electronics does business in Texas, directly or through intermediaries, and offers its products and/or services, including those accused herein of infringement, to customers and potential customers located in Texas, including in the Judicial District of the Eastern District of Texas.

3.      Defendant Samsung Electronics America is a corporation organized under the laws of New York, with its principal place of business at 85 Challenger Road, Ridgefield Park, New Jersey 07660.  Upon information and belief, Samsung Electronics America has corporate offices in the Eastern District of Texas at 1303 East Lookout Drive, Richardson, Texas 75082 and 2800 Technology Drive, Suite 200, Plano, Texas 75074.  Samsung Electronics America has publicly indicated that, in early 2019, it would be centralizing multiple offices in a new location in the Eastern District of Texas at the Legacy Central office campus,[1] located at 6225 Declaration Drive, Plano, Texas 75023.  Samsung Electronics America may be served with process through its registered agent CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

4.      Defendants have authorized sellers and sales representatives that offer and sell products pertinent to this Complaint through the State of Texas, including in this Judicial District, and to consumers throughout this Judicial District, such as: Best Buy, 422 West TX-281 Loop, Suite 100, Longview, Texas 75605; AT&T Store, 1712 East Grand Avenue, Marshall, Texas 75670; Sprint Store, 1806 East End Boulevard North, Suite 100, Marshall, Texas 75670; T-Mobile, 900 East End Boulevard North, Suite 100, Marshall, Texas 75670; Verizon authorized retailers, including Russell Cellular, 1111 East Grand Avenue, Marshall, Texas 75670; Victra, 1006 East End Boulevard, Marshall, Texas 75670; and Cricket Wireless authorized retailer, 120 East End Boulevard South, Marshall, Texas 75670.

---

[1] https://news.samsung.com/us/samsung-electronics-america-open-flagship-north-texas-campus/, last accessed Apr. 29, 2019.

## JURISDICTION AND VENUE

5.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, 1338, and 1367.

6.      This Court has specific and personal jurisdiction over each of the Defendants consistent with the requirements of the Due Process Clause of the United States Constitution and the Texas Long Arm Statute.   Upon information and belief, each Defendant has sufficient minimum contacts with the forum because each Defendant transacts substantial business in the State of Texas and in this Judicial District.   Further, each Defendant has, directly or through subsidiaries or intermediaries, committed and continues to commit acts of patent infringement in the State of Texas and in this Judicial District as alleged in this Complaint, as alleged more particularly below.

7.      Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1400(b) and 1391(b) and (c) because each Defendant is subject to personal jurisdiction in this Judicial District, has committed acts of patent infringement in this Judicial District, and has a regular and established place of business in this Judicial District.   Each Defendant, through its own acts and/or through the acts of each other Defendant, makes, uses, sells, and/or offers to sell infringing products within this Judicial District, regularly does and solicits business in this Judicial District, and has the requisite minimum contacts with the Judicial District such that this venue is a fair and reasonable one.   Further, venue is proper in this Judicial District because Samsung Electronics is a foreign corporation formed under the laws of Korea with a principal place of business in Korea.   Further, upon information and belief, the Defendants have admitted or not contested proper venue in this Judicial District in other patent infringement actions.

## FACTUAL BACKGROUND

8.      On September 13, 2011, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,019,091 (the "'091 Patent") entitled "Voice Activity Detector (VAD)-Based Multiple-Microphone Acoustic Noise Suppression."  A true and correct copy of the '091 Patent is attached hereto as Exhibit A.

9.      On October 2, 2012, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,280,072 (the "'072 Patent") entitled "Microphone Array with Rear Venting."  A true and correct copy of the '072 Patent is attached hereto as Exhibit B.

10.      Jawbone is the sole and exclusive owner of all right, title, and interest to and in the '091 Patent and the '072 Patent (together, the "Patents-in-Suit"), and holds the exclusive right to take all actions necessary to enforce its rights to the Patents-in-Suit, including the filing of this patent infringement lawsuit.  Jawbone also has the right to recover all damages for past, present, and future infringement of the Patents-in-Suit and to seek injunctive relief as appropriate under the law.

11.      The technology of the Patents-in-Suit was developed by Jawbone, Inc, which was originally founded in 1998 as AliphCom, Inc. ("AliphCom").  AliphCom set out to develop a noise reducing headset that would allow soldiers to communicate better in combat conditions.  In 2002, AliphCom won a contract with the Defense Advanced Research Projects Agency to research noise suppression techniques for the United States military.

12.      AliphCom launched a mobile headset called the "Jawbone" in 2004.  The "Jawbone" included the innovative noise-suppression technology that AliphCom developed for the military.[2]  This technology virtually eliminated background noise while increasing the volume

---

[2]*See* https://www.wired.com/2004/09/military-headset-reaches-masses/

of the speakers' voices.  AliphCom followed with a Bluetooth version of the "Jawbone" in 2008 which was sold in the Apple Store.

13.     On the heels of the success of the "Jawbone" products, AliphCom changed its name to Jawbone, Inc. in 2011 and later expanded its product offerings into Bluetooth speakers and wearables, such as health tracking devices.  Unfortunately, due to the intensely competitive marketplace, Jawbone, Inc. was forced into liquidation in 2017.

14.     Following Jawbone, Inc.'s liquidation "[a] host of technology companies including Apple, Samsung, Google, LG and Fitbit [were] identified as potential buyers of Jawbone's US Patents."[3]  Upon information and belief, Envision IP (and other parties) contacted Samsung regarding the value of the Asserted Patents, including regarding Samsung's infringement of the Asserted Patents.  Upon information and belief, Samsung was notified that the Accused Products infringe the Asserted Patents, and/or otherwise became aware of the Asserted Patents and recognized that the Accused Products infringe the Asserted Patents at least as of 2017.

## INFRINGEMENT ALLEGATIONS

15.     The '091 Patent generally describes acoustic noise suppression with a voice activity detector that senses vibration in human tissue associated with voicing activity.  The technology was developed by Dr. Gregory C. Burnett and Eric F. Breitfeller.  The '091 Patent also describes techniques for generating transfer functions representative of acoustic signals when voicing activity is absent, providing improved noise suppression.  Some embodiments of the invention include a microphone array with one microphone which primarily captures sound (*e.g.*, speech),

---

[3]*See* https://www.worldipreview.com/news/apple-google-and-fitbit-touted-to-acquire-jawbone-patents-14322; https://www.glpi.com.br/en/apple-google-and-fitbit-touted-to-acquire-jawbone-patents/; *see also* http://patentvue.com/2017/07/11/jawbone-patents-could-be-leveraged-by-a-competitor/

and one which primarily captures unwanted noise, both of which provide signals to a noise removal algorithm.

16.     The noise removal algorithm may also receive physiological information from a voice activity detector (*e.g.,* an accelerometer) to detect when a user is speaking.  Such a voice activity detection signal may be assumed to be perfectly accurate, yielding substantial improvements when applied to the noise removal algorithm.  For example, the noise removal algorithm may remove noise by calculating one transfer function when the system is certain that only noise is being received, and another transfer function when the system is certain that speech is being produced.  The noise removal algorithm may further improve noise suppression in situations with multiple noise sources by combining such transfer functions into additional transfer functions representative of a ratio of energies received at different microphones.  By taking advantage of perfect voice activity detection and transfer functions representative of a ratio of energies received at different microphones, the noise removal algorithm may effectively remove noise from a signal no matter how many noise sources are present.  The invention thereby provides significant advantages for noise suppression systems, particularly in detecting, transmitting, or recording speech.

17.     Samsung has manufactured, used, marketed, distributed, sold, offered for sale, exported from, and imported into the United States, products that infringe the '091 Patent.  For example, noise suppression techniques are incorporated into Samsung products with voice activity detection devices including, but not limited to, Samsung ear buds and smartphones.  For example, this functionality is included and utilized in the Samsung Galaxy Buds Pro.  The Galaxy Buds Pro includes an accelerometer, voice pickup unit, and an infrared sensor which, upon information and

belief, comprise a voice activity detector.[4]  The Galaxy Buds Pro includes a "voice detect" unit which generates a signal when the wearer speaks to "instantly switch [] from [active noise cancelling] to ambient sound."[5]  The Galaxy Buds Pro further comprises a "mic array for superior beamforming performance" which, upon information and belief, generates transfer functions representative of a ratio of energy of the acoustic signals received at each microphone.[6]



Galaxy Buds Pro offer the best call quality from our buds yet, so you can feel confident you're connected and heard, no matter where you are. With three built-in microphones and a voice pickup unit, every word is crystal clear.[7]

---

[4] https://www.androidauthority.com/samsung-galaxy-buds-live-1137500/
[5] https://www.samsung.com/us/mobile/audio/galaxy-buds-pro/
[6] https://www.samsung.com/us/mobile/audio/galaxy-buds-pro/
[7] https://www.samsung.com/us/mobile/audio/galaxy-buds-pro/#popNoiseFreeCall

18.     The '072 Patent generally describes acoustic noise suppression with an array of physical microphones which forms an array of virtual microphones.  The technology was developed by Dr. Gregory C. Burnett.  The '072 Patent also describes noise suppression with physical omnidirectional microphones, and virtual directional microphones.  In some embodiments of the invention, a greater number of physical microphones may be used to form a smaller number of virtual microphones, which are combined into an output signal with less acoustic noise than the received acoustic signals.  The resulting virtual microphones may further be combined by applying transfer functions representative of a ratio of energies between physical microphones, outputting a signal with greatly reduced noise.  The invention provides significant advantages for noise suppression systems, particularly in detecting, transmitting, or recording speech.

19.     Samsung has manufactured, used, marketed, distributed, sold, offered for sale, exported from, and imported into the United States, products that infringe the '072 patent.  For example, this functionality is included and utilized in Samsung products with omnidirectional physical MEMs microphones which form virtual beamformed microphones including, but not limited to, Samsung ear buds, smart phones, tablets, wearables, smart home devices, and smart televisions.  For example, upon information and belief, the Samsung Galaxy Buds Pro earbuds comprise arrays of at least four physical microphones and two beamformed microphones, the outputs of which are combined to reduce the noise of a signal.[8]  Samsung states that "[t]he microphones use beamforming technology to pick up your voice—so you can confidently contribute in meetings without worrying about background noise."[9]  Similarly, upon information

---

[8] https://www.samsung.com/us/mobile/audio/galaxy-buds-pro/
[9] *Id.*

and belief, the Samsung Galaxy S20 smartphone comprises arrays of at least three physical microphones and two beamformed microphones, the outputs of which are combined to reduce the noise of a signal.[10]



Dual mic array
for superior
beamforming performance

High SNR Mic
for picking up the user's voice clearly

Inner Mic

[11]

20.    Samsung has infringed and is continuing to infringe the '091 and '072 Patents by making, using, selling, offering to sell, and/or importing, and by actively inducing others to make, use, sell, offer to sell and/or importing, Accused Products that comprise and utilize infringing noise cancellation features.  On information and belief, the Accused Products include, but are not limited to, at least all versions and variants of Samsung smartphones (*e.g.*, Galaxy S, Galaxy Note, Galaxy

---

[10] *See* https://www.samsung.com/au/support/mobile-devices/s20-device-layout-and-functions/*; see also* https://news.samsung.com/global/galaxy-s5-explained-audio; https://www.theverge.com/2019/8/7/20754566/samsung-galaxy-note-10-plus-2-size-price-release-date-s-pen-dex-laptop-unpacked-event

[11] https://www.samsung.com/us/mobile/audio/galaxy-buds-pro/

Z, Galaxy A, Galaxy M series, and Galaxy Core series smartphones) and earbuds (*e.g.*, Gear and Galaxy series earbuds).

21.     Jawbone has at all times complied with the marking provisions of 35 U.S.C. § 287 with respect to the Patents-in-Suit.  On information and belief, prior assignees and licensees have also complied with the marking provisions of 35 U.S.C. § 287.

<u>COUNT I</u>
**(Infringement of the '091 Patent)**

22.     Paragraphs 1 through 21 are incorporated by reference as if fully set forth herein.

23.     Jawbone has not licensed or otherwise authorized Samsung to make, use, offer for sale, sell, or import any products that embody the inventions of the '091 Patent.

24.     Defendants have and continue to directly infringe the '091 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '091 Patent.  Upon information and belief, these products include at least the Accused Products, such as those which comprise a microphone array and a voice activity detector.  For example, upon information and belief, the Samsung Galaxy Buds Pro comprises a microphone array and voice pickup unit in each bud.

25.     For example, Defendants have and continue to directly infringe at least claim 11 of the '091 Patent by making, using, offering to sell, selling, and/or importing into the United States products that comprise a system for removing acoustic noise from the acoustic signals, comprising: a receiver that receives at least two acoustic signals via at least two acoustic microphones positioned in a plurality of locations; at least one sensor that receives human tissue vibration information associated with human voicing activity of a user; a processor coupled among the receiver and the at least one sensor that generates a plurality of transfer functions, wherein the

plurality of transfer functions includes a first transfer function representative of a ratio of energy of acoustic signals received using at least two different acoustic microphones of the at least two acoustic microphones, wherein the first transfer function is generated in response to a determination that voicing activity is absent from the acoustic signals for a period of time, wherein the plurality of transfer functions includes a second transfer function representative of the acoustic signals, wherein the second transfer function is generated in response to a determination that voicing activity is present in the acoustic signals for the period of time, wherein acoustic noise is removed from the acoustic signals using the first transfer function and at least one combination of the first transfer function and the second transfer function to produce the denoised acoustic data stream.

26.    The Accused Products comprise a system for removing acoustic noise from acoustic signals.  For example, the Samsung Galaxy Buds Pro receives acoustic signals from a microphone array, and "use[s] beamforming technology to pick up your voice – so that you can contribute in meetings without worrying about background noise."[12]

27.    The Accused Products further comprise a receiver that receives at least two acoustic signals via at least two acoustic microphones positioned in a plurality of locations.  For example, upon information and belief, the Galaxy Buds Pro comprises a receiver that receives signals via a microphone array, with at least two microphones positioned in a plurality of locations.

---

[12] https://www.samsung.com/us/mobile/audio/galaxy-buds-pro/#popNoiseFreeCall



Dual mic array
for superior
beamforming performance

High SNR Mic
for picking up the user's voice clearly

Inner Mic

13

28.     The Accused Products further comprise at least one sensor that receives human tissue vibration information associated with human voicing activity of a user.  For example, the Samsung Galaxy Buds Pro comprises an at least one accelerometer and IR sensor which, upon information and belief, receive human tissue vibration associated with voicing activity.[14]  Upon information and belief, the voice pickup unit of the Galaxy Buds Pro comprises the voice detecting accelerometer and/or IR sensor.

29.     The Accused Products further comprise a processor coupled among the receiver and the at least one sensor that generates a plurality of transfer functions, wherein the plurality of transfer functions includes a first transfer function representative of a ratio of energy of acoustic signals received using at least two different acoustic microphones of the at least two acoustic

---

[13] https://www.samsung.com/us/mobile/audio/galaxy-buds-pro/
[14] https://www.samsung.com/global/galaxy/galaxy-buds-pro/specs/

microphones.  For example, the Galaxy Buds Pro comprises a BCM 43015 SoC which "is designed for audio applications."[15]  Upon information and belief, the processor utilizes a microphone array to detect speech with a beamformed microphone which, upon information and belief, includes the generation of at least a plurality of transfer functions, including a first transfer function representative of a ratio of energy of acoustic signals received at different microphones in the microphone array.[16]

30.    The Accused Products further comprise a system wherein the first transfer function is generated in response to a determination that voicing activity is absent from the acoustic signals for a period of time.  For example, upon information and belief, the Galaxy Buds Pro generates the first transfer function when a voice pickup unit, accelerometer, and/or IR sensor indicate that voicing activity is absent.

31.    The Accused Products further comprise a system wherein the plurality of transfer functions includes a second transfer function representative of the acoustic signals, wherein the second transfer function is generated in response to a determination that voicing activity is present in the acoustic signals for the period of time.  For example, upon information and belief, the Galaxy Buds Pro generates a second transfer function in response to a determination that voicing activity is present, such as based on detection of human tissue vibrations by the voice pickup unit, accelerometer, and/or IR sensor.  For example, "[v]oice detect instantly switches from [active noise cancellation] to ambient sound when it hears your voice."[17]

32.    The Accused Products further comprise a system wherein acoustic noise is removed from the acoustic signals using the first transfer function and at least one combination of the first

---

[15] https://www.broadcom.com/products/wireless/bluetooth-socs/bcm43015
[16] https://www.samsung.com/us/mobile/audio/galaxy-buds-pro/
[17] *Id.*

transfer function and the second transfer function to produce the denoised acoustic data stream. For example, upon information and belief, the Galaxy Buds Pro removes noise from acoustic signals by applying at least a first transfer function generated when voicing activity is absent, and a transfer function generated by combining the first transfer function generated when voicing activity is absent and a second transfer function generated when voicing activity is detected.  For example, upon information and belief, the Samsung Galaxy Buds Pro utilizes a least mean squares method to suppress acoustic noise.

33.     Defendants have and continue to indirectly infringe one or more claims of the '091 Patent by knowingly and intentionally inducing others, including Samsung customers and end-users of the Accused Products and products that include the Accused Products, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that include infringing technology, such as the Samsung Galaxy Buds Pro.

34.     Defendants, with knowledge that these products, or the use thereof, infringe the '091 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continue to knowingly and intentionally induce, direct infringement of the '091 Patent by providing these products to customers and/or distributors for use in an infringing manner in the United States including, but not limited to, products that include infringing technology, such as the Samsung Galaxy Buds Pro.   For example, Samsung's instruction manuals, websites, promotional materials, advertisements, and other information demonstrate to others, including customers, prospective customers, and distributors, how to use the Accused Products in an infringing manner.  Upon information and belief, Samsung is aware that the normal and customary

use of the Accused Products by customers, distributors, and others would infringe the Asserted Patents.

35.     Defendants induced infringement by others, including customers and distributors, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end-users, infringe the '091 Patent, but while remaining willfully blind to the infringement.

36.     Jawbone has suffered damages as a result of Defendants' direct and indirect infringement of the '091 Patent in an amount to be proved at trial.

37.     Jawbone has suffered, and will continue to suffer, irreparable harm as a result of Defendants' infringement of the '091 Patent, for which there is no adequate remedy at law, unless Defendants' infringement is enjoined by this Court.  Accordingly, Jawbone seeks a preliminary and permanent injunction enjoining Samsung from making, using, importing, offering to sell, and/or selling the Accused Products, including at least all versions and variants of Samsung smartphones (*e.g.*, Galaxy S, Galaxy Note, Galaxy Z, Galaxy A, Galaxy M series, and Galaxy Core series smartphones) and earbuds (*e.g.*, Gear and Galaxy series earbuds).

## COUNT II
### (Infringement of the '072 Patent)

38.     Paragraphs 1 through 21 are incorporated by reference as if fully set forth herein.

39.     Jawbone has not licensed or otherwise authorized Samsung to make, use, offer for sale, sell, or import any products that embody the inventions of the '072 Patent.

40.     Defendants have and continue to directly infringe the '072 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '072 Patent.  Upon information and belief, these

products include at least the Accused Products, such as those which comprise physical and virtual microphone arrays.  For example, upon information and belief, the Samsung Galaxy Buds Pro comprises an array of at least four physical microphones, and an array of two beamformed microphones.

41.    For example, Defendants have and continue to directly infringe at least claim 1 of the '072 Patent by making, using, offering to sell, selling, and/or importing into the United States products that practice a method comprising receiving acoustic signals at a physical microphone array and in response outputting a plurality of microphone signals from the physical microphone array; forming a virtual microphone array by generating a plurality of different signal combinations from the plurality of microphone signals, wherein a number of physical microphones of the physical microphone array is larger than a number of virtual microphones of the virtual microphone array; and generating output signals by combining signals output from the virtual microphone array, the output signals including less acoustic noise than the received acoustic signals.

42.    Each Accused Product practices a method comprising receiving acoustic signals at a physical microphone array and in response outputting a plurality of microphone signals from the physical microphone array.  For example, the Samsung Galaxy Buds Pro receives signals at a microphone array of each earbud and, in response, output a plurality of microphone signals.



18

43.     Each Accused Product practices a method of forming a virtual microphone array by generating a plurality of different signal combinations from the plurality of microphone signals, wherein a number of physical microphones of the physical microphone array is larger than a number of virtual microphones of the virtual microphone array.  For example, upon information and belief, the Galaxy Buds Pro forms a virtual beamformed microphone from the plurality of microphone signals from physical MEMS microphones at each earbud.[19]  For example, the number of physical microphones in the array (at least four) is greater than the number of virtual microphones in the array (two).

44.     Each Accused Product further practices a method comprising generating output signals by combining signals output from the virtual microphone array, the output signals

---

[18] https://www.samsung.com/us/mobile/audio/galaxy-buds-pro/
[19] https://www.samsung.com/us/mobile/audio/galaxy-buds-pro/

including less acoustic noise than the received acoustic signals.  For example, upon information and belief, the Samsung Galaxy Buds Pro suppresses acoustic noise by combining the signals output by the beamformed microphone of each earbud.

45.     Defendants have and continue to indirectly infringe one or more claims of the '072 Patent by knowingly and intentionally inducing others, including Samsung customers and end-users of the Accused Products and products that include the Accused Products, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that include infringing technology, such as the Samsung Galaxy Buds pro.

46.     Defendants, with knowledge that these products, or the use thereof, infringe the '072 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continue to knowingly and intentionally induce, direct infringement of the '072 Patent by providing these products to customers and/or distributors for use in an infringing manner in the United States including, but not limited to, products that include infringing technology, such as the Samsung Galaxy Buds Pro.  For example, Samsung's instruction manuals, websites, promotional materials, advertisements, and other information demonstrate to others, including customers, prospective customers, and distributors, how to use the Accused Products in an infringing manner.  Upon information and belief, Samsung is aware that the normal and customary use of the Accused Products by customers, distributors, and others would infringe the Asserted Patents.

47.     Defendants induced infringement by others, including customers and distributors, with the intent to cause infringing acts by others or, in the alternative, with the belief that there

was a high probability that others, including end-users, infringe the '072 Patent, but while remaining willfully blind to the infringement.

48.     Jawbone has suffered damages as a result of Defendants' direct and indirect infringement of the '072 Patent in an amount to be proved at trial.

49.     Jawbone has suffered, and will continue to suffer, irreparable harm as a result of Defendants' infringement of the '072 Patent, for which there is no adequate remedy at law, unless Defendants' infringement is enjoined by this Court.  Accordingly, Jawbone seeks a preliminary and permanent injunction enjoining Samsung from making, using, importing, offering to sell and/or selling the Accused Products, including at least all versions and variants of Samsung smartphones (*e.g.*, Galaxy S, Galaxy Note, Galaxy Z, Galaxy A, Galaxy M series, and Galaxy Core series smartphones) and earbuds (*e.g.*, Gear and Galaxy series earbuds).

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Jawbone prays for relief against Defendants as follows:

a.     Entry of judgment declaring that Defendants have directly and/or indirectly infringed one or more claims of each of the Patents-in-Suit;

b.     Entry of judgment declaring that Samsung's infringement of the Patents-in-Suit is willful;

c.     Entry of a preliminary injunction enjoining Samsung from making, using, importing, offering to sell, and/or selling the Accused Products.

d.     Entry of a permanent injunction enjoining Samsung from making, using, importing, offering to sell, and/or selling the Accused Products.

e.     An order awarding damages sufficient to compensate Jawbone for Defendants' infringement of the Patents-in-Suit, but in no event less than a reasonable royalty, including supplemental damages post-verdict, together with pre-judgment and post-judgment interest and costs;

f.     Entry of judgment declaring that this case is exceptional and awarding Jawbone its costs and reasonable attorney fees under 35 U.S.C. § 285;

g.     An accounting for acts of infringement;

h.     Such other equitable relief which may be requested and to which the Plaintiff is entitled; and

i.     Such other and further relief as the Court deems just and proper.

Dated:  May 27, 2021                          Respectfully submitted,

                                              /s/ Alfred R. Fabricant
                                              Alfred R. Fabricant
                                              NY Bar No. 2219392
                                              Email: ffabricant@fabricantllp.com
                                              Peter Lambrianakos
                                              NY Bar No. 2894392
                                              Email: plambrianakos@fabricantllp.com
                                              Vincent J. Rubino, III
                                              NY Bar No. 4557435
                                              Email: vrubino@fabricantllp.com
                                              **FABRICANT LLP**
                                              411 Theodore Fremd Road, Suite 206 South
                                              Rye, New York 10580
                                              Telephone: (212) 257-5797
                                              Facsimile: (212) 257-5796

                                              Samuel F. Baxter
                                              Texas State Bar No. 01938000
                                              Email: sbaxter@mckoolsmith.com
                                              Jennifer L. Truelove
                                              Texas State Bar No. 24012906
                                              Email: jtruelove@mckoolsmith.com
                                              **MCKOOL SMITH, P.C.**
                                              104 E. Houston Street, Suite 300

Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

**ATTORNEYS FOR PLAINTIFF**
**JAWBONE INNOVATIONS, LLC**