IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| JAWBONE INNOVATIONS, LLC, | § |
| *Plaintiff*, | § § § § |
| v. | §   Case No. 2:21-cv-00186-JRG-RSP |
| SAMSUNG ELECTRONICS CO. LTD. and SAMSUNG ELECTRONICS AMERICA, INC., | § § § § § |
| *Defendants*. | § § |

## MEMORANDUM ORDER

Before the Court is the Motion to Transfer Venue to the Northern District of California Pursuant to 28 U.S.C. § 1404(a) filed by Defendants Samsung Electronics Co. Ltd ("SEC") and Samsung Electronics America, Inc. ("SEA") (together, "Samsung"). Dkt. No. 59.

### I.   Background

On May 27, 2021, Plaintiff Jawbone Innovations, LLC filed the present case. In this case, Jawbone alleges that Samsung infringes U.S. Pat. Nos. 8,019,091, 7,246,058, 10,779,080, 11,122,357, 8,467,543, and 8,503,691, by making, selling, offering to sale, using, or importing "all versions and variants of Samsung smartphones and earbuds . . . since 2015". Dkt. No. 81-1. Jawbone also alleges that these devices infringe based on "software providing and/or utilizing acoustic noise suppression functionalities, including but not limited to all versions of the Samsung software, firmware, and applications that include voice sensing, input, recording, and/or transmission functionality, including but not limited to, Bixby, Samsung Phone, Samsung Voice Recorder, Galaxy Buds Live Manager, and Walkie Talkie." *Id.*

Beginning with the asserted patents, there are five named inventors: Gregory Burnett, Eric Breitfeller, Nicolas Petit, Andrew Einaudi, and Alexander Asseily. Dkt. No. 59 at 3. Several of

1

these inventors presently reside in the NDCA, but Gregory Burnett, who is the only named inventor to be listed on all of the asserted patents, is located in Omaha, Nebraska.

Turning next to the parties in this suit, Jawbone is a Texas LLC with a place of business in this District from which Jawbone "conducts business related to marketing, contract procurement, distribution, and sales activities . . ." Dkt. No. 77 at 2. Jawbone's managers live in Maryland, New Jersey, or New York. Dkt. No. 77 at 3. SEC is a foreign entity incorporated in South Korea and SEA is incorporated in New York with its principal place of business in Ridgefield Park, New Jersey. Dkt. No. 59 at 4-5. SEA has locations around the country including both in the NDCA and this District. Dkt. No. 59 at 5. Samsung provides no information about the nature of SEA's location or business in the NDCA; however, in this District, SEA maintains a 216,000 square foot facility that houses the "second biggest employee population in the U.S. across multiple divisions— Customer Care, Mobile, Mobile R&D, and Engineering." Dkt. No. 77 at 4.

An additional entity that is relevant to this Motion is Samsung Research America ("SRA"). According to Samsung, SRA maintains the North American Bixby Lab ("NABL") in Mountain View, California, which conducts all Bixby development in the United States. Thus, Samsung asserts, via the declaration of Anil Yadav, that all U.S.-based Bixby development occurs in the NDCA and Samsung is not aware of any witnesses or documents outside of the NDCA that are related to Bixby, which is one of the accused features of the accused products. Dkt. No. 59 at 5.

Finally, in addition to this case against Samsung, there are other infringement actions involving the asserted patents currently pending in this Court and in the Western District of Texas ("WDTX"). Dkt. No. 59 at 2. In this Court, Jawbone filed a suit against Amazon on November 29, 2021, in which Jawbone alleges Amazon infringes the asserted patents. Dkt. No. Dkt. No. 77 at 2. In the WDTX, Jawbone filed infringement actions against Google and Apple, with both suits filed

on September 23, 2021. *Id.* In their respective cases, Amazon, Google, and Apple have all filed motions to transfer to the NDCA, and at this time, none of the transfer motions have been granted.

## II. Legal Standard

If venue is proper in the district where a case was originally filed, a federal district court may transfer the case "[f]or the convenience of parties and witnesses" to "any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Section 1404(a)'s threshold inquiry is whether the case could initially have been brought in the proposed transferee forum. *In re Volkswagen AG*, 371 F.3d 201, 202-03 (5th Cir. 2004) ("*Volkswagen I*"). The question of whether a suit "might have been brought" in the transferee forum encompasses subject matter jurisdiction, personal jurisdiction, and propriety of venue. *See id* at 203. Only if this statutory requirement is met should the Court determine whether convenience warrants a transfer of the case. *See Volkswagen I*, 371 F.3d at 203; *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) ("*Volkswagen II*"). The burden to prove that a case could have been brought in the transferee forum falls on the party seeking transfer. *See Volkswagen II,* 545 F.3d at 315; *Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963).

If that inquiry is satisfied, the Court determines whether transfer is proper by analyzing and weighing various private and public interest factors. *Id*.; *accord In re Nintendo Co., Ltd*, 589, F.3d 1194, 1198 (Fed. Cir. 2009); *In re Apple Inc.*, 979 F.3d 1332, 1338 (Fed. Cir. 2020) (applying Fifth Circuit law). The private interest factors are "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 315 (quoting *Volkswagen I*, 371 F.3d at 203). The public interest factors are "(1) the administrative difficulties flowing from court

congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id*. (quoting *Volkswagen I*, 371 F.3d at 203) (alterations in original). The factors are neither exclusive nor exhaustive, and no one factor is dispositive. *Id*.

The burden to prove that a case should be transferred for convenience falls squarely on the moving party. *See id*. Although the plaintiff's choice of forum is not a separate factor, respect for the plaintiff's choice of forum is encompassed in the movant's elevated burden to "clearly demonstrate" that the proposed transferee forum is "clearly more convenient" than the forum in which the case was filed. *Id*. at 314-15; *Apple*, 979 F.3d at 1338. While "clearly more convenient" is not necessarily equivalent to "clear and convincing," the moving party "must show materially more than a mere preponderance of convenience, lest the standard have no real or practical meaning." *Quest NetTech Corp. v. Apple, Inc.*, No. 2:19-cv-118, 2019 U.S. Dist. LEXIS 206019, 2019 WL 6344267, at *7 (E.D. Tex. Nov. 27, 2019). In considering a transfer under § 1404(a), the Court may consider undisputed facts outside of the pleadings but must draw all reasonable inferences and resolve factual disputes in favor of the non-movant. *See Vocalife LLC v. Amazon.com, Inc.*, No. 2:19-cv-00123, 2019 WL 6345191, at *2 (E.D. Tex. Nov. 27, 2019).

### III. Analysis

#### a. Threshold Issues

Before the Court engages in the balancing of the private and public interest factors, the Court finds that there are two threshold requirements that Samsung fails to meet. First, the Court finds that the motion is untimely. "The Fifth Circuit as well as other circuits have emphasized that a party should not delay filing of a motion to transfer." *In re Wyeth*, 406 F.App'x. 475, 477 (Fed.

4

Cir. 2010) (citing *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989)). In *Peteet*, the Fifth Circuit stated a party seeking transfer should act with "reasonable promptness." *Id.* at 1436. Here, Samsung fails to show it acted with reasonable promptness. The motion was filed on June 15, 2022, which is almost 13 months after the filing of the suit; at least a month after the claim construction process began between the parties, *see* Dkt. No. 47; less than a week before Jawbone's opening claim construction brief was due, *see* Dkt. No. 67; and the briefing on the motion finished less than a week before the Court's claim construction hearing. *Compare* Dkt. No. 89 *with* Dkt. No. 94. Furthermore, since the filing of the Motion, the Court has issued a Claim Construction Order, Dkt. No. 119, and heard arguments and issued rulings on various motions to compel that both parties have filed. Dkt. No. 143. Samsung fails to offer any persuasive argument as to why its motion was timely filed. Therefore, the motion is denied on this ground alone.

Another reason this motion should be denied is that Samsung has failed to provide a sufficient basis for the Court to determine that the NDCA is a district where the suit might have been brought. Samsung offers the following analysis: Jawbone's venue allegations "are also applicable to NDCA: SEA maintains a regular and established place of business in NDCA, and Samsung sells products at the same retailers in NDCA. Thus, Jawbone could have brought this suit in NDCA." Dkt. No. 59 at 6-7 (internal citations omitted). This does not satisfy Samsung's statutory burden: merely repeating Jawbone's pleaded venue theory is insufficient for this Court to determine whether this lawsuit "might have been brought" in the NDCA. *See Japan Display Inc. v. Tianma Microelectronics Co.*, 2:20-cv-00283-JRG, 2021 U.S. Dist. LEXIS 160256, *8 (E.D. Tex. Aug. 25, 2021). For these reasons, Samsung's motion is denied.

5

### b. Balancing the Private and Public Factors

Although the Court has already found two alternative grounds to deny Samsung's Motion, the Court also finds that the private and public factors do not weigh in favor of transfer.

### i. Private Factors

Samsung argues that three of the four private factors either favor transfer or are neutral. Dkt. No. 59 at 12-15. Samsung offers no argument as to the last factor—"other practical problems that make trial of a case easy, expeditious and inexpensive." The Court finds that only one of the private interest factors weighs slightly in favor of transfer, and therefore, overall, the private interest factors do not support transfer.

Beginning with the first factor, relative ease of access to sources of proof, Samsung argues that the NDCA is more convenient for the witnesses and documents being produced by SEC, which are located in South Korea, and by SRA, which are located in the NDCA. Dkt. No. 59 at 12.

In response, Jawbone argues that Samsung has failed to specifically identify and explain the relevance of SEC's and SRA's respective sources of proof. Dkt. No. 77 at 5. Thus, according to Jawbone, Samsung "merely asserts" proof might exist and "Samsung's unsupported assertions cannot satisfy its burden." Dkt. No. 77 at 6 (quoting *Defense Distrib. v. Bruck*, 30 F.4th 414, 434 (5th Cir. 2022) ("[T]he district court erred by uncritically accepting the [defendant's] conclusory assertions that 'the sources of proof relevant to these issues (including any non-party witnesses) are all in [the transferee forum].'")). Finally, Jawbone argues that Samsung ignores information and documents related to the accused products located at its Plano office in this District. *Id.* As to its sources of proof, Jawbone asserts that all of its physical documents related to the asserted patents are located in this District in its Texas office. *Id.*

This factor considers "documents and physical evidence" not witnesses; therefore, Samsung's argument about witnesses is irrelevant in weighing this factor. *See Volkswagen II*, 545 F.3d at 315; *Apple*, 979 F.3d at 1339-40. And both the Fifth and Federal Circuits have stressed the importance of the physical location of the sources of proof. *See Volkswagen II*, 545 F.3d at 316; *In re Genentech*, Inc., 566 F.3d 1338, 1346 (Fed. Cir. 2009).

The Court finds that this factor weighs slightly in favor of transfer. Weighing in favor of transfer is that sources of proof relevant to an accused feature, Bixby, are located in the NDCA. However, this is due only slight weight because Bixby is only one of a long list of features being accused in this case and Samsung fails to identify any specific type of documents stored in the NDCA. The presence of relevant technical documents in South Korea is neutral because getting documents to the NDCA from South Korea no easier than getting documents to this District.

The next private factor, availability of compulsory process to secure the attendance of witnesses, is also neutral. Samsung argues that more potential third-party witnesses could be compelled to testify at trial in the NDCA because they reside in NDCA or California. These witnesses are potential witness from non-party SRA, three of the five inventors, prosecution counsel for the asserted patents, and former AliphCom executives. Dkt. No. 59 at 15. For the prosecution counsel and AliphCom, Samsung's arguments are mainly that they *could* have relevant information and therefore should weigh in favor of transfer. *See* Dkt. No. 81 at 4-5.

In response, Jawbone specifically identifies ten former Samsung employees who reside in this District, and thus would be subject to this Court's subpoena power, and Jawbone alleges, based on publicly available information, that these former employees worked on the relevant technology. Dkt. No. 77 at 10. As to the inventors residing in the NDCA, Jawbone argues that Burnett is the only inventor named on all of the asserted patents and that Samsung has failed to identify any

7

information that the three inventors in the NDCA would have that Burnett would not. Dkt. No. 77 at 10. This District is clearly more convenient for Burnett. As to prosecution counsel, one of the individuals Samsung identifies, Richard Gregory, now resides in Texas. Dkt. No. 77 at 10-11.

Finally, Jawbone also asserts that "key components of the Accused Products are supplied by Texas entities" and specifically identifies NXP, headquartered in Austin, Texas, and MediaTek, located in Allen, Texas. Dkt. No. 77 at 12. Samsung responds that NXP does not provide hardware components but admits that NXP "provides software for certain accused products." Dkt. No. 81 at 4. Additionally, Samsung argues that Jawbone has failed to identify any relevant individuals in Texas at either NXP or MediaTek with relevant knowledge. Dkt. No. 81 at 5.

Overall, the parties have pointed to a series of witnesses located in both forums that may have relevant knowledge. Thus both forums have subpoena power over multiple witnesses. As to SRA witnesses, the Court finds that these witnesses should not be used in balancing this factor for two reasons: first, Jawbone asserts that SRA is a subsidiary of the Samsung entities in this suit and Samsung did not deny it. This means that SRA witnesses are better weighed in the next factor as willing witnesses. Second, Samsung has failed to identify specific SRA witnesses besides Yadav. Thus, at best, the Court could consider Yadav in this factor, but one additional witness does not weigh this factor for or against transfer. Thus, it is neutral.

The next private factor, cost of attendance for willing witnesses, is also neutral. For this factor, Samsung identifies four sets of witnesses: SRA witnesses, the NDCA inventors, SEC witnesses traveling from South Korea, and SEA witnesses in the United States. As to SRA witnesses the Court finds that Samsung has only specifically identified Yadav as a witness with potentially relevant knowledge of Bixby; therefore, the Court will consider him in the analysis under this factor. As to the inventors that reside in the NDCA, they are not party witnesses and

8

there is no indication that they would be willing witnesses for either party in this suit; therefore, the Court will not weigh them heavily under this factor.

As to SEC witnesses, Samsung argues that NDCA would be more convenient for the four witnesses potentially travelling from South Korea[1] because it would take about ten and a half hours to fly to San Francisco; whereas it would be about 13 hours to fly to Dallas. Dkt. No. 59 at 13-14. As to SEA witnesses, Samsung has listed on its initial disclosures a witness located in the Kansas City area, Rachel Hager, and one in Plano, Texas, Sean Diaz. For these witnesses, Samsung argues, "NDCA is not more inconvenient than this District when air and ground travel time are considered." Dkt. No. 59 at 14.

In response, Jawbone argues that this District would be more convenient for its potential witnesses, who are located in New York, New Jersey, or Maryland, and the inventor Burnett who resides in Omaha, Nebraska and is willing to travel to this District to testify for Jawbone. Furthermore, Jawbone argues that Yadav only has relevant knowledge of one feature of the accused products, thus his location is due less weight in the balancing. As to the SEC and SEA witnesses, Jawbone argues that Samsung's burden is to show that the transferee forum is clearly more convenient, not only that it is "not more inconvenient" than this District. Finally, Jawbone argues that it has identified 14 SEA employees in the District who work on the accused products and likely have relevant knowledge. Dkt. No. 77 at 8.

The cost of attendance for willing witnesses factor has been described as the most important factor to weigh. *In re Genetech*, 566 F.3d 1338, 1343 (Fed. Cir. 2009). Courts properly give more weight to the convenience of non-party witnesses than to party witnesses. *See Frito-Lay N. Am., Inc. v. Medallion Foods, Inc.*, 867 F. Supp. 2d 859, 870-71 (E.D. Tex. 2012). The Fifth

---

[1] Jaemo Yang, Soonho Baek, Byeongmin Lee, and Seungyoon Heo. Dkt. No. 59 at 4.

Circuit uses what is known as the "100-mile rule": when the distance between the transferor and proposed transferee venues exceeds 100 miles, "the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen I*, 371 F.3d at 201; *Genentech*, 566 F.3d at 1343; *Apple*, 979 F.3d at 1341.

Here, the Court finds that this factor is neutral. Weighing in favor of transfer is the fact Mr. Yadav is in the NDCA and has relevant knowledge of an accused feature. However, weighing against transfer is the additional travel distance on Jawbone's witnesses and Burnett, the fact SEA has identified witnesses on its initial disclosures that are either located in this District or closer to the District than the NDCA, and that Mr. Yadav only has knowledge of small fraction of the accused features of the accused products. Therefore, as a whole this factor is neutral.

Neither party offers any persuasive arguments or evidence as to the last factor, other practical problems, therefore, this factor is also neutral. Thus, the Court finds only one private factor only slightly favors transfer.

### ii.  Public Factors

Samsung argues that the public interest factors weigh in favor of transfer but concedes that a few of the public factors are neutral. Dkt. No. 59 at 9-11. Samsung's main argument under the public interest factors is that judicial economy is dispositive. Dkt. No. 59 at 8-9. Jawbone argues that three of the public factors weigh against transfer, with the "familiarity with the law factor" being neutral. Dkt. No. 77 at 13-15.

Turning to Samsung's main argument for transfer, judicial economy, Samsung argues that this case should be transferred to NDCA because the related cases against Google, Amazon, and Apple might be transferred to NDCA. Although the Federal Circuit has held that judicial economy "may be determinative to a particular transfer motion," that is not the case here. *Cf. Regents of the*

*Univ. of Cal. v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed.Cir.1997). All the cases Samsung relies on for its argument weighed the judicial efficiency factor strongly in favor of transfer because there was already a related case pending in the proposed transferee court or the transferee court had previously handled a related case. Here, Samsung has only offered evidence that this Court and the WDTX could possibly at some indeterminable point in the future, transfer related cases to the NDCA simply because the other defendants in those cases have moved for transfer. The fact that Samsung is asking for relief based on uncertain events renders its argument unpersuasive. Therefore, the Court finds that judicial economy does not weigh in favor of transfer.  Indeed, the real issue of judicial economy was addressed at the outset:  the failure of Samsung to move for transfer for more than a year of litigation in this Court.

For the local interest factor, Samsung next argues that the local interest of NDCA deciding this case outweighs the local interest of this District in deciding the case. To support this argument, Samsung points to following evidence: SRA being located in Mountain View, AliphCom developed the claimed inventions in the NDCA, and some of the prosecution counsel reside in NDCA. Dkt. No. 59 at 9. Furthermore, Samsung argues that, although SEA has a general presence in this District it is not related to the "development of the accused noise suppression technology giving rise to this lawsuit." Dkt. No. 59 at 10 (citing *In re Google LLC*, No. 2022-140, 2022 WL 1613192, at *4 n.3 (Fed. Cir. May 23, 2022); *In re Apple Inc.*, No. 2022-137, 2022 WL 1676400, at *2 (Fed. Cir. May 26, 2022)). And, according to Samsung, Jawbone's presence is entitled to little weight because Jawbone has only been conducting business from the Texas office since September, 2021. Dkt. No. 77-1 at ¶ 3, Jawbone's witnesses are located outside of Texas, and Jawbone never identifies any employees in this District. Dkt. No. 81 at 1.

The Court finds that Samsung has little connection to the NDCA, thus there is little local interest in the NDCA deciding this case. Although U.S.-based development of Bixby is located in the NDCA, Bixby is but one of the accused features and Samsung has failed to refute Jawbone's assertion that Samsung's presence in the District has a relation to the accused products. Also, the fact that Samsung identified a witness in the District in its initial disclosures undercuts its argument that this District has no connection to this litigation. Even conceding that Jawbone's ties to the District are minimal, the local interest factor is neutral because Samsung's presence here offsets its presence in the NDCA.

As to the remaining public interest factors, neither party offers persuasive arguments as to the other factors, and furthermore, Samsung concedes that the remaining public interest are neutral. Dkt. No. 59 at 11. Thus, the Court finds that all of the Public Interest Factors are neutral.

### IV.   Conclusion

Having found only one private interest factor slightly favors transfer, the Court concludes that Samsung has failed to carry its burden to show that the NDCA is clearly more convenient than this District. Based on this and the other threshold issues identified above, the motion to transfer is **DENIED**.

**SIGNED this 31st day of August, 2022.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE