**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| JAWBONE INNOVATIONS, LLC, | | |
| *Plaintiff,* | | |
| v. | | NO. 2:21-CV-0186-JRG-RSP |
| SAMSUNG ELECTRONICS CO., LTD., ET AL. | | |
| *Defendants.* | | |

**SAMSUNG DEFENDANTS' MOTION TO EXCLUDE**
**THE OPINIONS OF MR. JIM W. BERGMAN**

███████████████████████████████████

# <u>TABLE OF CONTENTS</u>

I.     INTRODUCTION ................................................................................................. 1

II.    BACKGROUND ................................................................................................. 3

    A.    The Accused Products.......................................................................... 3

    B.    Mr. Bergman's September 19, 2022 and November 18, 2022 Expert Reports Regarding Damages.................................................................... 3

        1.    Mr. Bergman's Income Approach Analysis With Respect to the DOMA Patents............................................................................. 3

        2.    Mr. Bergman's Income Approach Analysis With Respect to the VAD Patents ............................................................................... 6

        3.    Mr. Bergman's Conclusions Regarding Damages.................................... 8

III.    LEGAL STANDARD ......................................................................................... 8

IV.    MR. BERGMAN'S DAMAGES OPINIONS SHOULD BE EXCLUDED ...................... 9

    A.    Mr. Bergman's Damages Opinions Should Be Excluded Because Mr. Bergman Unreliably Assumed That Jawbone Would Receive ███████ ██████████████████████████████████ ...................... 9

    B.    Mr. Bergman's Damages Opinions With Respect to the DOMA Patents Should Be Excluded Because Mr. Bergman Failed to Apportion ██████ ████████████████ ................................................................. 11

    C.    Mr. Bergman's Damages Opinions Regarding Smartphones Should Be Excluded Because Mr. Bergman Unreliably Based His Opinions on ██ ██████████████ ............................................................... 12

    D.    Mr. Bergman's Damages Opinions Should Be Excluded Because Mr. Bergman Unreliably Calculated Incremental Profits Based on ████████ █████████ ................................................................. 14

    E.    Mr. Bergman's Damages Opinions Should Be Excluded Because Mr. Bergman Unreliably Calculated Incremental Profits Based on ████ ████████████████████████ ........................................... 15

V.    CONCLUSION.................................................................................................. 15

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Baxter Int'l, Inc. v. CareFusion Corp.*,
  No. 15-C-9986, 2022 WL 952276 (N.D. Ill. Mar. 30, 2022) ...................................12

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
  509 U.S. 579 (1993) ........................................................................................................1, 8

*IP Innovation, LLC v. Red Hat, Inc.*,
  705 F. Supp. 2d 687 (E.D. Tex. 2010) .................................................................14

*Johnson v. Arkema, Inc.*,
  685 F.3d 452 (5th Cir. 2012) ...............................................................................8, 9

*Knight v. Kirby Inland Marine Inc.*,
  482 F.3d 347 (5th Cir. 2007) ..................................................................................9

*Looksmart Grp., Inc. v. Microsoft Corp.*,
  No. 17-cv-04709-JST, 2019 WL 4009263 (N.D. Cal. Aug. 5, 2019)...................11

*MLC Intellectual Prop., LLC v. Micron Tech., Inc.*,
  10 F.4th 1358 (Fed. Cir. 2021) .............................................................................12

*Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*,
  711 F.3d 1348 (Fed. Cir. 2013)...............................................................................9

*Salazar v. HTC Corp.*,
  No. 2:16-CV-01096-JRG-RSP, 2018 WL 1783157 (E.D. Tex. Apr. 13, 2018)....................10

*SimpleAir, Inc. v. Google Inc.*,
  No. 2:14-CV-11-JRG, 2015 WL 5895401 (E.D. Tex. Oct. 6, 2015).....................10

*Sound View Innovations, LLC v. Hulu, LLC*,
  33 F.4th 1326 (Fed. Cir. 2022) .............................................................................14

*Uniloc USA, Inc. v. Microsoft Corp.*,
  632 F.3d 1292 (Fed. Cir. 2011)...............................................................................9

*Vaporstream, Inc. v. Snap Inc.*,
  No. 17-CV-00220-MLH-KSX, 2020 WL 2543814 (C.D. Cal. Jan. 10, 2020)......................10

*Versata Software Inc. v. SAP Am., Inc.*,
  No. 2:07-cv-153 CE, 2011 WL 4017939 (E.D. Tex. Sept. 9, 2011) .......................14

*Virnetx, Inc. v. Cisco Sys., Inc.*,
  767 F.3d 1308 (Fed. Cir. 2014)...........................................................................................9, 11

**Other Authorities**

Federal Rule of Evidence 702...........................................................................................1, 8

████████████████████████████████

## I.      INTRODUCTION

Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung") move to exclude the opinions of Jawbone Innovation, LLC's ("Jawbone") damages expert Mr. Jim W. Bergman. Ex. 1 (Mr. Bergman's September 19, 2022 report); Ex. 2 (Mr. Bergman's November 18, 2022 corrected report).[1]

Jawbone accuses certain Samsung smartphones and/or earbuds of infringing two categories of patents: (1) the DOMA patents[2] (smartphones and earbuds); and (2) the VAD patents[3] (earbuds) (collectively, the "Patents-in-Suit"). Based on the income approach, the market approach, and the *Georgia-Pacific* factors, Mr. Bergman concludes that the parties to the hypothetical negotiation ████████████████████████

████████. In reaching this conclusion, however, Mr. Bergman's report is replete with methodological flaws that render his damages opinions unreliable. The Court should exclude Mr. Bergman's opinions because they do not satisfy the reliability requirements of Federal Rule of Evidence 702 or *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

First, Mr. Bergman's income approach analysis concludes that the incremental profit allocable to the DOMA and VAD patents ████████████████████████████

████████ Yet, following a *Georgia-Pacific* analysis, Mr. Bergman ultimately concludes that

████████████████████████████████████████████

---

[1] The changes to Mr. Bergman's corrected report do not affect the bases for exclusion discussed in this motion. Instead, the changes to the corrected report relate to amending the alleged damages period for the DOMA patents to begin on October 26, 2015, which is six years before Jawbone first asserted the DOMA patents in an amended complaint filed October 26, 2021. *See* Ex. 2, ¶¶ 13, 39, 39 n.31–32, 41, 372, 394, 404, 405. Citations in this motion are to Mr. Bergman's November 18, 2022 corrected report, but they apply equally to Mr. Bergman's September 19, 2022 report.

[2] U.S. Patent Nos. 8,503,691, 10,779,080, and 11,122,357.

[3] U.S. Patent Nos. 8,019,091 and 8,467,543.

[redacted]

Second, Mr. Bergman's damages opinions regarding the DOMA patents should be excluded because, as explained in more detail below, Mr. Bergman's income approach analysis—which is a fundamental input to his ultimate damages opinion—failed to apportion the incremental profit [redacted].

Third, Mr. Bergman's damages opinions regarding smartphones (which are only accused of infringing the DOMA patents) should be excluded because Mr. Bergman's income approach analysis is unreliably based on [redacted]

Fourth, Mr. Bergman's damages opinions should be excluded because, in performing his income approach analysis, Mr. Bergman unreliably calculated incremental profits based on [redacted] [redacted]. As a result, the alleged incremental profits that Mr. Bergman calculates are [redacted] unreliable.

Fifth, Mr. Bergman's damages opinions should be excluded because, in performing his income approach analysis, Mr. Bergman unreliably calculated incremental profits based on [redacted]

███████████████████████████

███████████████████████████████████

██████ ████████████████████████████████ Mr. Bergman's failure to account for this fact renders the

alleged incremental profits he calculates ██████████ unreliable.

## II.    BACKGROUND

### A.    The Accused Products

Jawbone accuses certain Samsung earbuds (i.e., the Galaxy Buds+, Buds Live, Buds Pro,

and Buds 2) and smartphones of infringing the DOMA patents and certain Samsung earbuds

(i.e., the Galaxy Buds Live, Buds Pro, and Buds 2) of infringing the VAD patents.

### B.    Mr. Bergman's September 19, 2022 and November 18, 2022 Expert Reports Regarding Damages

Mr. Bergman served his expert report regarding damages on September 19, 2022. Ex. 1.

Mr. Bergman subsequently served a corrected report on November 18, 2022. Ex. 2. In a section

titled "Incremental Profit Associated with the Patents-in-Suit" (Ex. 2, § XIV.B.ii), Mr. Bergman

stated that "[i]n order to capture the incremental profit associated with the patents-in-suit," he

"performed an economic analysis ███████████████████████

████████████████████████████████

██████████" Ex. 2, ¶ 200. Mr. Bergman's analysis with respect to the DOMA patents and

VAD patents is summarized below.

#### 1.    Mr. Bergman's Income Approach Analysis With Respect to the DOMA Patents

##### a.    Earbuds

Mr. Bergman ████████████████████████████

████████████████████████. Mr. Bergman's income

approach with respect to earbuds accused of infringing the DOMA patents is summarized below:

█████████████████████████████

- ████████████████████████████████████████

████████████████████████████████████

████████████████████████████████████████████

██████████████

████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████

- ████████████████████████████████████████

████████████████████████████████████████████

████████

- ██████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████

- ██████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████████

4

██████████████████████████████████

████████████████████████████████████████████████████████

█████

- ████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████████

███████████████████████████████

- ████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████

- ████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████

- ████████████████████████████████████████

██████████████████████████████████████████████████

- ████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████

### b.    Smartphones

Turning to the smartphones accused of infringing the DOMA patents, Mr. Bergman ████

███████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████

████████████████████████████████████████████

█████████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████████████████

█████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████████████

█████████████

**2.    Mr. Bergman's Income Approach Analysis With Respect to the VAD Patents**

Mr. Bergman performed a similar analysis for the VAD patents as described above—

except Mr. Bergman instead ████████████████████████████████████████████

██████████████████████████████████████████. Mr. Bergman's approach

is summarized below:

- ██████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████

- ██████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████

████████████████████████████████████████████████

████████████████████████

- ███████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████

- ███████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████

- ███████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████

- ███████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████

- ███████████████████████████████████

████████████████████████████████████████████████

██████████████████

███████████████████████████████████████████████████████

### 3.    Mr. Bergman's Conclusions Regarding Damages

As noted above, Mr. Bergman concluded that his income approach indicated that the

parties to the hypothetical negotiation ██████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████

Mr. Bergman stated that the "final determination of a royalty rate takes into account both

the income approach and the market approach, as well as the impact of those *Georgia-Pacific*

factors not considered in either the income approach or the market approach." *Id.*, ¶ 396. Mr.

Bergman purported to perform a *Georgia-Pacific* analysis, arguing that ████████████████

████████████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████

## III.    LEGAL STANDARD

Rule 702 requires the trial judge to "ensure that any and all scientific testimony or

evidence admitted is not only relevant, but reliable." *Daubert,* 509 U.S. at 589. "The reliability

prong mandates that expert opinion 'be grounded in the methods and procedures of science and

be more than unsupported speculation or subjective belief.'" *Johnson v. Arkema, Inc.*, 685 F.3d

452, 459 (5th Cir. 2012) (alteration omitted); *see* Fed. R. Evid. 702. Expert testimony "built on

████████████████████████████████████

speculation" and assumptions unsupported by any facts or data is unreliable and inadmissible.

*Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 711 F.3d 1348, 1374 (Fed. Cir.

2013). To be admissible, an expert's methodology "must be reliable at each and every step."

*Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 355 (5th Cir. 2007). As to the relevance

prong, the proponent of an expert's opinion must "demonstrate that the expert's 'reasoning or

methodology can be properly applied to the facts in issue.'" *Johnson*, 685 F.3d at 459.

## IV.   MR. BERGMAN'S DAMAGES OPINIONS SHOULD BE EXCLUDED

As discussed below, Mr. Bergman's analysis suffers from methodological flaws. As such,

Mr. Bergman's resulting damages opinions are based on "fundamentally flawed" premises and

should be excluded. *See, e.g., Virnetx, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308, 1333 (Fed. Cir.

2014) ("'Beginning from a fundamentally flawed premise and adjusting it based on legitimate

considerations specific to the facts of the case nevertheless results in a fundamentally flawed

conclusion.'") (quoting *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1317 (Fed. Cir.

2011)).

### A.   Mr. Bergman's Damages Opinions Should Be Excluded Because Mr. Bergman Unreliably Assumed That Jawbone Would Receive ████████
████████████████████████████████████

Mr. Bergman concluded that the incremental profit associated with the DOMA patents is

████████████ and the incremental profit associated with the VAD patents is ████████████. *See*

*also* Ex. 2, ¶ 394. This results in a combined alleged incremental profit allocable to the DOMA

and VAD patents of ████ ████████████████████████████

████████████████████████████████████████████████

████ Mr. Bergman then purported to perform a *Georgia-Pacific* analysis, arguing that ████████

████████████████████████████████████████

████████████████████████████████████████

███████. Thus, for the DOMA patents, Mr. Bergman opines that at the hypothetical

negotiation, the parties would know that the profit allocable to the DOMA patents is ████

███████████████████████████████████████████████████

████████████████████████████████████████ Further, for the

combination of the DOMA and VAD patents, Mr. Bergman opines that the parties would know

that the allocable profit is ██████████████████████████████████

███████████████████████████████████████████████████

████████████████████ As such, Mr. Bergman's opined royalty rates award Jawbone

████████████████████████████████████ Thus, Mr.

Bergman's damages opinions should be excluded because Mr. Bergman failed to account for the

fact that, to the extent claimed profits attributable to the Patents-in-Suit are identified, such

profits generally are shared between the parties at the hypothetical negotiation (through the

negotiation dynamics, and reflecting their relative bargaining positions). This principle is well-

established, and the analysis typically turns on how to divide the incremental profits between the

parties. *See, e.g., SimpleAir, Inc. v. Google Inc.*, No. 2:14-CV-11-JRG, 2015 WL 5895401, at *3

(E.D. Tex. Oct. 6, 2015) (declining to exclude expert opinion that "isolate[d] the value of

patented feature, separate[d] it from the value of the unpatented features, subtract[ed] any costs

attributable to [Defendant], and then use[d] the *Georgia–Pacific* factors to estimate how the

Plaintiff and Defendants **would split any such incremental profit at the hypothetical**

**negotiation table**") (emphasis added); *Salazar v. HTC Corp.*, No. 2:16-CV-01096-JRG-RSP,

2018 WL 1783157, at *2 (E.D. Tex. Apr. 13, 2018) (declining to exclude expert opinion because

the expert "**did *not* start with an arbitrary [incremental profit] split** and then adjust (or not

adjust) that split based on his analysis") (bold added; italics in original); *Vaporstream, Inc. v.*

10

███████████████████████████████████████

*Snap Inc.*, No. 17-CV-00220-MLH-KSX, 2020 WL 2543814, at *5 (C.D. Cal. Jan. 10, 2020)

(excluding expert's opinion that incremental profits would be split 50/50 between the parties

because expert failed to explain "why a 40/60, 30/70, 20/80 or any other split would not have

been appropriate"); *Looksmart Grp., Inc. v. Microsoft Corp.*, No. 17-cv-04709-JST, 2019 WL

4009263, at *4 (N.D. Cal. Aug. 5, 2019) (criticizing Plaintiff's "assumption that the negotiation

would start with all of the avoided costs going to [Plaintiff]" and noting that, if that approach

were applied "to incremental profits, it would flunk the *Virnetx* test"); *Virnetx*, 767 F.3d at 1331

(rejecting the invocation of a 50/50 profit split as a starting point based on the Nash Bargaining

Solution because it was insufficiently grounded in the specific facts of the case).

Indeed, Mr. Bergman's opinion that the parties would agree to ██████████████

█████████████████████████████████████ contradicts his own

opinion that Jawbone would only retain ████████████████████

███████████████████████████ ████████████████████████

████████████████████████████████████████

██████████████████████████████████████

█████████

### B.   Mr. Bergman's Damages Opinions With Respect to the DOMA Patents Should Be Excluded Because Mr. Bergman Failed to Apportion ██████ ████████████████████████████

With respect to Mr. Bergman's income approach analysis for the DOMA patents, Mr.

Bergman assumed that ████████████████████████████████████

████████████████████████████████████████

█████████████████████████████████

████████████████████████████████████████

███████

██████████████████████████████

████████████████████████████████

█████████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████

█████ Thus, Mr. Bergman's failure to apportion ████████████████████████████████

███████████████ renders his opinions unreliable. *Baxter Int'l, Inc. v. CareFusion Corp.*, No.

15-C-9986, 2022 WL 952276, at *3 (N.D. Ill. Mar. 30, 2022) ("[F]ailure to properly apportion is

a consideration for whether the expert's opinion is sufficiently reliable.") (citing *MLC*

*Intellectual Prop., LLC v. Micron Tech., Inc.*, 10 F.4th 1358 (Fed. Cir. 2021)).

      C.     **Mr. Bergman's Damages Opinions Regarding Smartphones Should Be Excluded Because Mr. Bergman Unreliably Based His Opinions on ██**
                ██████████████████████████

████████████████████████████████████

████████████████████████████████████

███████████████. With respect to earbuds, Mr. Bergman concluded that incremental profit

associated with the DOMA patents is ███████████████████████████████████

████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████████████████████

███████████████████████████████████████

██████████████████████████

█████████████████████████████████

███████████████████████████████████████



Because Mr. Bergman's DOMA patent royalty analysis with respect to smartphones is

████████████████████████████████████████████████

speculative and unreliable, it should be excluded. *Versata Software Inc. v. SAP Am., Inc.*, No.

2:07-cv-153 CE, 2011 WL 4017939, at *4 (E.D. Tex. Sept. 9, 2011) (granting the defendants'

motion to exclude expert opinion because it merely assumed that patented invention provided the

same value to the defendant's product as it did to the plaintiff's product, thus leaping from

"apples" to "oranges"); *Sound View Innovations, LLC v. Hulu, LLC*, 33 F.4th 1326, 1337 (Fed.

Cir. 2022) (affirming the district court's exclusion of expert testimony where the expert relied on

a study about streaming in general without accounting for the "streaming behavior of [the

defendant's] customers").

      **D.**    **Mr. Bergman's Damages Opinions Should Be Excluded Because Mr. Bergman Unreliably Calculated Incremental Profits Based on ███████████ ███████████**

For Mr. Bergman's incremental profit analysis with respect to both the DOMA patents

and VAD patents, ████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████ ████ ████████████████████

████████████████████████████████████

████████████████████████████████████████████████

████████████ Mr. Bergman's incorrect assumption ████████████████████████

████████████ renders his resulting opinions unreliable. *IP Innovation, LLC v. Red Hat, Inc.*, 705

F. Supp. 2d 687, 690 (E.D. Tex. 2010) (finding expert opinion inadmissible to establish

---

█ ████████████████████████████████████████████████

████████████

████████████████████████████████████

reasonable royalty damages, in part because the expert made the "blatant oversight" of failing to

factor out of his proffered royalty base products that did not feature the claimed invention).

     **E.**    **Mr. Bergman's Damages Opinions Should Be Excluded Because Mr. Bergman Unreliably Calculated Incremental Profits Based on** ████████████

Mr. Bergman's incremental profit analysis relating to the ████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████ During his deposition, Mr. Bergman could not provide

a principled reason for his decision ██████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████ Mr. Bergman's

resulting calculation of incremental profits is thus ████████████ unreliable, and should be

excluded.

## V.    CONCLUSION

For the foregoing reasons, Samsung respectfully requests that the Court exclude Mr.

Bergman's damages opinions.

Dated: November 23, 2022

Respectfully Submitted,

*/s/ Jin-Suk Park*
Jin-Suk Park
jin.park@arnoldporter.com
Paul Margulies
paul.margulies@arnoldporter.com
**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Ave., NW
Washington, DC  20001-3743
Telephone: (202) 942-5000
Facsimile: (202) 942-5555

Patrick C. Reidy
patrick.reidy@arnoldporter.com
**ARNOLD & PORTER KAYE SCHOLER LLP**
70 West Madison Street, Suite 4200
Chicago, IL  60602
Telephone: (312) 583-2424
Facsimile: (312) 583-2360

Ryan M. Nishimoto
ryan.nishimoto@arnoldporter.com
Daniel S. Shimell
daniel.shimell@arnoldporter.com
**ARNOLD & PORTER KAYE SCHOLER LLP**
777 South Figueroa Street, 44th Floor
Los Angeles, CA  90017
Telephone: (213) 243-4000
Facsimile: (213) 243-4199

-and-

Melissa Smith
melissa@gillamsmithlaw.com
**GILLAM & SMITH LLP**
303 South Washington Avenue
Marshall, TX  75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

*Attorneys for Samsung Electronics Co., Ltd. and
Samsung Electronics America, Inc.*

## **CERTIFICATE OF CONFERENCE**

Pursuant to Local Rules CV-7(h) and (i), counsel for the Samsung Defendants met and conferred with counsel for the Plaintiff on November 22, 2022 in a good faith attempt to resolve the matters raised by this motion. Plaintiff stated it opposes the relief requested by this motion and no agreement was reached. Thus, these discussions have conclusively ended in an impasse and leave an open issue for the Court to resolve.

*/s/ Melissa R. Smith*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on November 23, 2022, I caused a copy of the foregoing to be served via email.

*/s/ Melissa R. Smith*