# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| JAWBONE INNOVATIONS, LLC., <br><br> *Plaintiff*, <br><br> vs. <br><br> SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., <br><br> *Defendants*. | Civil Action No. 2:21-cv-00186-JRG <br><br> **JURY TRIAL DEMANDED** |

# SAMSUNG DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT FOR NO PRE-SUIT WILLFUL INFRINGEMENT AND NO PRE-SUIT INDUCED INFRINGEMENT

██████████████████████████████████████████

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ...................................................................................................................1
II. STATEMENT OF ISSUES TO BE DECIDED BY THE COURT ....................................1
III. STATEMENT OF UNDISPUTED FACTS .......................................................................2
    A. The Complaint and Amended Complaint Allege Pre-Suit Knowledge of the Asserted Patents, as well as Willful and Induced Infringement ........................2
    B. ██████████████████████████████████████
       ██████████████████████████████████████
       ███████████████████████████████ ..............................3
    C. ██████████████████████████████████████
       ██████████████████████████████████████
       ███████████ ...........................................................................................4
IV. LEGAL STANDARDS .......................................................................................................5
    A. Summary Judgment ..........................................................................................5
    B. Willful Infringement .........................................................................................5
    C. Induced Infringement .......................................................................................6
V. ARGUMENT .......................................................................................................................6
    A. Samsung is Entitled to Summary Judgment of No Pre-Suit Willful Infringement Because It did not Have Pre-Suit Knowledge of the Patents ............6
    B. Samsung is Entitled to Summary Judgment of No Pre-Suit Induced Infringement .....................................................................................................8
VI. CONCLUSION ....................................................................................................................9

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986)..................................................................................................5

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986)..................................................................................................5

*Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*,
    946 F.3d 1367 (Fed. Cir. 2020)................................................................................6

*Global-Tech Appliances, Inc. v. SEB S.A.*,
    563 U.S. 754 (2011)..............................................................................................6, 8

*Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*,
    897 F.2d 508 (Fed. Cir. 1990)..................................................................................8

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
    579 U.S. 93 (2016)....................................................................................................5

*Kirsch Rsch. & Dev., LLC v. IKO Indus., Inc.*,
    No. 6:20-CV-00317-ADA, 2021 WL 4555608 (W.D. Tex. Oct. 4, 2021)...........6, 7

*Manville Sales Corp. v. Paramount Sys., Inc.*,
    917 F.2d 544 (Fed. Cir. 1990)..................................................................................9

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*,
    475 U.S. 574 (1986)..................................................................................................5

*Nat'l Presto Indus., Inc. v. West Bend Co.*,
    76 F.3d 1185 (Fed. Cir. 1996)..................................................................................8

*Ragas v. Tenn. Gas Pipeline Co.*,
    136 F.3d 455 (5th Cir. 1998) ....................................................................................5

*State Indus., Inc. v. A.O. Smith Corp.*,
    751 F.2d 1226 (Fed. Cir. 1985)................................................................................7

*SynQor, Inc. v. Artesyn Techs., Inc.*,
    709 F.3d 1365 (Fed. Cir. 2013)................................................................................8

*Vita-Mix Corp. v. Basic Holding, Inc.*,
    581 F.3d 1317 (Fed. Cir. 2009)................................................................................6

*WBIP, LLC v. Kohler Co.*,
    829 F.3d 1317 (Fed. Cir. 2016)............................................................................5, 6

**Statutes and Rules**

35 U.S.C. § 271(b) ..................................................................................................................6, 8

35 U.S.C. § 284 ..........................................................................................................................6

Fed. R. Civ. P. 56(a) ..................................................................................................................5

Fed. R. Civ. P. 56(c)(1) ..............................................................................................................5

## I. INTRODUCTION

Samsung[1] requests that this Court grant partial summary judgment on the following two issues. First, Plaintiff Jawbone Innovations, LLC's ("Plaintiff" or "Jawbone") claim for pre-suit willful infringement of U.S. Patent Nos. 8,467,543 ("the '543 patent"), 8,503,691 ("the '691 patent"), 10,779,080 ("the '080 patent"), and 11,122,357 ("the '357 patent")[2] fails as a matter of law because there is no admissible evidence that Samsung knew of these patents before the filing of the Amended Complaint.

Second, and relatedly, for the same reasons (i.e., lack of pre-suit knowledge), Plaintiff's claims for pre-Complaint/Amended Complaint induced infringement of the Asserted Patents (i.e., which require knowledge of the patents as a prerequisite for intent) must also fail. Accordingly, Samsung is entitled to summary judgment of no pre-Amended Complaint willful infringement and no pre-Complaint/Amended Complaint induced infringement.

## II. STATEMENT OF ISSUES TO BE DECIDED BY THE COURT

1. Whether Samsung is entitled to partial summary judgement of no pre-Amended Complaint willful infringement where there is no admissible evidence of pre-Amended Complaint knowledge of the '543, '691, '080, and '357 patents.

2. Whether Samsung is entitled to partial summary judgement of no pre-Complaint/Amended Complaint induced infringement where there is no admissible evidence of pre-Complaint/Amended Complaint knowledge of the Asserted Patents.

---

[1] Samsung refers to Samsung Electronics, Co., Ltd. and Samsung Electronics America, Inc.
[2] Together with U.S. Patent No. 8,019,091 ("the '091 patent), the "Asserted Patents." Plaintiff previously asserted, but has since dropped, U.S. Patent Nos. 7,246,058 ("the '058 patent") and 8,280,072 ("the '072 patent").

### III. STATEMENT OF UNDISPUTED FACTS

**A. The Complaint and Amended Complaint Allege Pre-Suit Knowledge of the Asserted Patents, as well as Willful and Induced Infringement**

1. On May 27, 2021, Plaintiff filed a Complaint alleging, among other things, infringement of the '091 patent. D.I. 1.

2. On October 26, 2021, Plaintiff filed an Amended Complaint alleging, among other things, infringement of the '543, '691, '080, and '357 patents. D.I. 21.

3. The table below shows the issue dates for Asserted Patents. D.I. 21-1 ('091 patent), 21-4 ('080 patent), 21-5 ('357 patent), 21-6 ('543 patent), 21-7 ('691 patent).

| Patent | Issue Date |
|---|---|
| '091 patent | Sept. 13. 2011 |
| '543 patent | June 18, 2013 |
| '691 patent | Aug. 6, 2013 |
| '080 patent | Sept. 15, 2020 |
| '357 patent | Sept. 14, 2021 |

4. Pertinent to this motion, Plaintiff's Amended Complaint alleges that "Samsung has willfully infringed, and continues to willfully infringe" the '543, '691, '080, and '357 Patents. D.I. 21, ¶¶ 76, 92, 106, 123.

5. Plaintiff's Amended Complaint does not allege willful infringement of the '091 patent. D.I. 21, ¶¶ 33-48.

6. Plaintiff's Amended Complaint alleges that Samsung "knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of" the Asserted Patents. D.I. 21, ¶¶ 45, 90, 104, 121, 137.

7. On December 9, 2021, Samsung answered the Amended Complaint. D.I. 27.

2

████████████████████████████████████████████

**B.**   ████████████████████████████████████████
████████████████████████████████████████
███████████████████████████

8.   ██████████████████████████████████████
████████████████████████████████

9.   ██████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████[^1] ███████████████████████

████████████████████████████████████████████

████████████████████████████████████████ ███
██

10.   ██████████████████████████████████████

████████████████████████████████████████████

████ ██ ████ ██████████ ████ ████ ████ █████

██████████████████

11.   ██████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

█████████████

[^1]: ████████████████████████████████████████████
████████████████████████████████

C. █████████████████████████████████████

12. On August 31, 2022 Plaintiff served its Fifth Supplemental Objections and Responses to Samsung's First Set of Interrogatories to Plaintiff (Nos. 1-20), which include Plaintiff's initial and supplemental responses to Interrogatory No. 2 (all bases for Plaintiff's allegations that Samsung has induced infringement) and No. 3 (all bases for Plaintiff's allegations that Samsung's alleged infringement has been willful). Ex. B at 6-12.

13. In response to Interrogatory No. 2, Plaintiff purports to incorporate by reference its Amended Complaint (Ex. B at 8), and further states, in relevant part: ████████

Plaintiff's supplemental response further states:

> "████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████ Samsung has further had knowledge and notice of the Asserted Patents at least since the filing of the Complaint in this action."

*Id*. at 9.

14. In response to Interrogatory No. 3, Plaintiff purports to incorporate both "its responses and objections to Interrogatory No. 2" (Ex. B at 12), and its amended complaint (*id*. at 11). In its supplemental response to Interrogatory No. 3, Plaintiff contends that █████████

4

## IV. LEGAL STANDARDS

### A. Summary Judgment

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The party opposing summary judgment must "identify specific evidence in the record" and "articulate the precise manner in which that evidence supports his or her claim." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine material fact dispute exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* However, the "mere existence of a scintilla of evidence in support of the [nonmoving party]'s position will be insufficient. . . ." *Id.* at 252.

Moreover, when the nonmoving party bears the burden of proving the claim or defense, the moving party need not produce any evidence or prove the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Rather, the moving party's initial burden "may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." *Id.* Once the moving party has met its initial burden of identifying the absence of a genuine issue of material fact, the burden shifts to the nonmoving party to produce "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986); FED. R. CIV. P. 56(c)(1).

### B. Willful Infringement

A fundamental element required to prove willfulness is that the defendant knew of the patent. *See Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 103-04 (2016); *WBIP, LLC v.*

5

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

*Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016) ("Knowledge of the patent alleged to be willfully infringed continues to be a prerequisite to enhanced damages."); *Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*, 946 F.3d 1367, 1378 (Fed. Cir. 2020) ("willfulness" requires "deliberate or intentional infringement"). "[A] party seeking enhanced damages under § 284 bears the burden of proof by a preponderance of the evidence." *WBIP, LLC*, 829 F.3d at 1339.

### C. Induced Infringement

Liability for "induced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement," which includes actual "knowledge of the existence of the patent that is infringed." *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 765-66 (2011). Inducement requires a showing that the alleged inducer "possessed a specific intent to encourage another's infringement of the patent." *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009). "[D]eliberate indifference to a known risk that a patent exists is not the appropriate standard under § 271(b)." *Global-Tech Appliances, Inc.*, 563 U.S. at 766; *see. Kirsch Rsch. & Dev., LLC v. IKO Indus., Inc.*, No. 6:20-CV-00317-ADA, 2021 WL 4555608, at *1 (W.D. Tex. Oct. 4, 2021) ("To allege indirect infringement, the plaintiff must plead specific facts sufficient to show that the accused infringer had actual knowledge of the patents-in-suit. . . .").

## V. ARGUMENT

### A. Samsung is Entitled to Summary Judgment of No Pre-Suit Willful Infringement Because It did not Have Pre-Suit Knowledge of the Patents

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇



Accordingly, Plaintiff cannot prove Samsung had knowledge of the '543, '691, '080, or '357 patents prior to the filing of the Amended Complaint. Samsung therefore respectfully

7

requests that this Court grant summary judgment of no willful infringement of the '543, '691, '080, and '357 patents prior to October 26, 2021.[4] .

B.  **Samsung is Entitled to Summary Judgment of No Pre-Suit Induced Infringement**

Jawbone's claim for pre-suit induced infringement fails for similar reasons its pre-suit willfulness claims fail—there is no evidence of pre-suit knowledge, and no evidence of the requisite specific intent.



. "[A]s a matter of law § 271(b) does not reach actions taken before issuance of the adverse patent." *Nat'l Presto Indus., Inc. v. West Bend Co.*, 76 F.3d 1185, 1196 (Fed. Cir. 1996); *see Global-Tech Appliances, Inc.*, 563 U.S. at 765 ("[K]nowledge of the existence of the patent that is infringed. . . is needed for induced infringement under § 271(b)."); *SynQor, Inc. v. Artesyn Techs., Inc.*, 709 F.3d 1365, 1379 (Fed. Cir. 2013) ("Liability for induced or contributory infringement under § 271(b) or (c) requires . . . actual 'knowledge of the existence of the patent that is infringed.'"); *Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*, 897 F.2d 508, 510 (Fed. Cir. 1990) ("It is obvious that a party cannot be held liable for

---

[4] Plaintiff has not alleged willful infringement of the '091 Patent. UMF 5. Even if such a claim had been asserted, it would fail ▬▬▬▬▬▬▬▬▬▬ for the same reasons discussed herein. To the extent Plaintiff contends, or this Court determines, that Plaintiff has alleged willful infringement of the '091 Patent, Samsung would be entitled to, and respectfully requests, summary judgment of no willful infringement of the '091 Patent prior to May 27, 2021, the filing date of the original complaint. UMF 1.

8

'infringement', and thus not for 'willful' infringement, of a *nonexistent* patent, i.e., no damages are payable on products manufactured and sold before the patent issued.") (emphasis in original).

Because Samsung had no knowledge of the Asserted Patents prior to being served with Plaintiff's complaint or Amended Complaint, as applicable, Samsung also could not have had the specific intent to induce others to infringe the Asserted Patents, as required for a finding of induced infringement. *See Manville Sales Corp. v. Paramount Sys., Inc.*, 917 F.2d 544, 553-54 (Fed. Cir. 1990) (finding "no compelling evidence" of specific intent to induce infringement where the trial court found the defendants "were not aware of Manville's patent until suit was filed").

Accordingly, because Plaintiff cannot demonstrate Samsung's knowledge of the '091 Patent prior to the filing of the Complaint, or Samsung's knowledge of the '543, '691, '080, or '357 Patents prior to the filing of the Amended Complaint, there is no genuine dispute of material fact as to Samsung's alleged pre-suit induced infringement. Samsung is therefore entitled to, and respectfully requests that this Court grant, summary judgment that it did not induce infringement of the Asserted Patents.

## VI. CONCLUSION

For these reasons, Samsung respectfully requests that the Court grant Samsung's Motion and enter summary judgment that 1) there is no pre-suit willful infringement, and 2) there is no pre-suit induced infringement.

| | |
|---|---|
| Dated: November 23, 2022 | Respectfully Submitted,<br><br>*/s/ Jin-Suk Park*<br>Jin-Suk Park<br>jin.park@arnoldporter.com<br>Paul Margulies<br>paul.margulies@arnoldporter.com<br>**ARNOLD & PORTER KAYE SCHOLER LLP**<br>601 Massachusetts Ave., NW<br>Washington, DC 20001-3743<br>Telephone: (202) 942-5000<br>Facsimile: (202) 942-5555<br><br>Patrick C. Reidy<br>patrick.reidy@arnoldporter.com<br>**ARNOLD & PORTER KAYE SCHOLER LLP**<br>70 West Madison Street, Suite 4200<br>Chicago, IL 60602<br>Telephone: (312) 583-2424<br>Facsimile: (312) 583-2360<br><br>Ryan M. Nishimoto<br>ryan.nishimoto@arnoldporter.com<br>Daniel S. Shimell<br>daniel.shimell@arnoldporter.com<br>**ARNOLD & PORTER KAYE SCHOLER LLP**<br>777 South Figueroa Street, 44th Floor<br>Los Angeles, CA 90017<br>Telephone: (213) 243-4000<br>Facsimile: (213) 243-4199<br><br>-and-<br><br>Melissa Smith<br>melissa@gillamsmithlaw.com<br>**GILLAM & SMITH LLP**<br>303 South Washington Avenue<br>Marshall, TX 75670<br>Telephone: (903) 934-8450<br>Facsimile: (903) 934-9257<br><br>*Attorneys for Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.* |



## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on November 23, 2022 to all counsel of record by email.

Dated: November 23, 2022              */s/ Melissa R. Smith*
                                                             Melissa R. Smith