# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| JAWBONE INNOVATIONS, LLC, § § § Plaintiff, § § v. § § SAMSUNG ELECTRONICS CO., LTD. and § SAMSUNG ELECTRONICS AMERICA, § INC., § § Defendants. § § | Case No. 2:21-cv-00186-JRG-RSP |

# SAMSUNG DEFENDANTS' MOTION FOR
# PARTIAL SUMMARY JUDGMENT OF
# <u>NON-INFRINGEMENT OF U.S. PATENT NOS. 8,467,543 AND 8,503,691</u>

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................................ 1

II. STATEMENT OF ISSUES TO BE DECIDED BY THE COURT .................................... 1

III. STATEMENT OF UNDISPUTED MATERIAL FACTS .................................................. 1

IV. LEGAL STANDARD .......................................................................................................... 3

V. ARGUMENT ....................................................................................................................... 5

    A. The Accused Earbuds Do Not Infringe Claims 1 and 3 of the '543 Patent Because the Angle Between the Microphones is Not "Greater Than Zero Degrees" ................................................................................................................ 5

    B. The Accused Earbuds Do Not Infringe Claims 1 and 3 of the '543 Patent Because They Do Not Have a "Front" of a Microphone Oriented "Towards the Mouth" ................................................................................................ 8

    C. The Accused Smartphones Do Not Infringe Claim 21 of the '691 Patent Because the "First Virtual Microphone" is Formed by Adding the Accused Microphone Signals ................................................................................................ 9

VI. CONCLUSION .................................................................................................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Celotex Corp. v. Catrett*,
 477 U.S. 317 (1986) ............................................................................................................ 4, 5

*Little v. Liquid Air Corp.*,
 37 F.3d 1069 (5th Cir. 1994) ................................................................................................... 4

*LML Pat. Corp. v. JPMorgan Chase & Co.*,
 No. 2:08-CV-448 (DF), 2011 WL 13137342 (E.D. Tex. Apr. 25, 2011) ................................. 5

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*,
 475 U.S. 574 (1986) ................................................................................................................ 4

*Nelson v. C. R. Bard, Inc.*,
 44 F.4th 277 (5th Cir. 2022) .................................................................................................... 4

*Parthenon Unified Memory Architecture LLC v. Apple Inc.*,
 No. 2:15-CV-621-JRG-RSP, 2016 WL 7666159 (E.D. Tex. Sept. 21, 2016) .......................... 5

*Ragas v. Tenn. Gas Pipeline Co.*,
 136 F.3d 455 (5th Cir. 1998) ................................................................................................... 4

*Salazar-Limon v. City of Houston*,
 826 F.3d 272 (5th Cir. 2016) ................................................................................................... 4

*Simpleair, Inc. v. Google Inc.*,
 No. 2:14-cv-00011-JRG, 2015 WL 11110649 (E.D. Tex. Oct. 6, 2015) ................................. 5

*Telemac Cellular Corp. v. Topp Telecom, Inc.*,
 247 F.3d 1316 (Fed. Cir. 2001) ............................................................................................... 5

*WMS Gaming, Inc. v. Int'l Game Tech.*,
 184 F.3d 1339 (Fed. Cir. 1999) ............................................................................................... 5

**Other Authorities**

Fed. R. Civ. P. 56 ......................................................................................................................... 1, 4

Local Rule CV-5 ............................................................................................................................ 13

Local Rule CV-56 ........................................................................................................................... 1

## I. INTRODUCTION

Pursuant to Fed. R. Civ. P. 56 and Local Rule CV-56, Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. ("Samsung") hereby move for partial summary judgment in their favor that Samsung does not infringe claims 1 and 3 of U.S. Patent No. 8,467,543 (the "'543 patent") or claim 21 of U.S. Patent No. 8,503,691 (the "'691 patent").

## II. STATEMENT OF ISSUES TO BE DECIDED BY THE COURT

1. Whether Samsung is entitled to summary judgment that it does not infringe claims 1 and 3 of the '543 patent, the only asserted claims, because (1) the microphones in the accused products are not oriented "towards the mouth" of the user; and/or (2) "the angle" between the microphones in the accused products is not "greater than zero degrees."

2. Whether Samsung is entitled to summary judgment that it does not infringe claim 21 of the '691 patent because the "first virtual microphone" does not comprise a "second microphone signal subtracted from a delayed version of the first microphone signal."

## III. STATEMENT OF UNDISPUTED MATERIAL FACTS

1. Independent claim 1 of the '543 patent requires "a microphone array including a plurality of microphones, wherein a first microphone of the array is fixed at a first position relative to a mouth, wherein the first position **orients a front of the first microphone towards the mouth**." Ex. A, '543 patent, 24:9-14.

2. Claim 1 of the '543 patent further requires: "wherein a second microphone of the array is fixed at a second position relative to the mouth, wherein the second position **orients a front of the second microphone away from the mouth** such that the second position forms an angle relative to the first position, wherein the **angle is greater than zero degrees**." *Id.* at 24:14-19.

1

3. This Court has ruled that the term "microphone" in claim 1 of the '543 patent is to be construed as "physical microphone." Dkt. 119, Claim Construction Order at 18.

4. Plaintiff Jawbone Innovations LLC ("Jawbone") only accuses Samsung's Galaxy Buds Live, Galaxy Buds Pro, and Galaxy Buds 2 earbud models (collectively, the "Accused Earbuds") of infringing the claims of the '543 patent. Ex. B, Brown Oct. 6, 2022 Supplemental Infringement Report ("Brown Report"), p. 81-82.

5. ████████████████████████████████████████████████████████████████
████████████████████████████████████████

6. All of the Accused Earbuds utilize ████████████████. Ex. C, Expert Report of Professor Scott C. Douglas, Ph.D. Regarding Non-Infringement ("Douglas Report") at ¶ 213; Ex. D, June 14, 2022 Supplemental Appendix D: Claim Chart For U.S. Patent No. 8,467,543 ("'543 Infringement Contentions"), Claim 1[d]; Ex. E, Brown Report, Appendix B at 2.

7. Jawbone's expert has asserted that the two outer microphones constitute the "first microphone" and "second microphone" recited in claim 1 of the '543 patent. Ex. F, 2022-11-17 Brown Transcript ("Brown Tr.") 213:16-214:9, 214:19-215:4; '543 Infringement Contentions at Claim 1[d]-[h].

8. For each of the Accused Earbuds, ████████████████████████████████
████████████████████████████████. Douglas Report at ¶¶ 214-16; '543 Infringement Contentions at Claim 1[d]-[h]

9. The front of a microphone is the diaphragm or noise-sensitive face of the microphone. Douglas Report at ¶ 212.

10. ████████████████████████████████████████████████████████████████
████████████████████████████████████████████████. *Id.* at ¶¶ 214-16, 223.

11. When a user wears any of the Accused Earbuds, the faces of the outer microphones are both oriented directly out from the ear canal, away from the user's head. *Id.* at ¶ 217; Brown Report at 281 (showing image of outer microphones facing outward from ear), 284 (excerpting Samsung document showing images of outer microphones facing outward from ear).

12. Jawbone has asserted only literal infringement, and has not asserted infringement of the claims of the '543 patent under the doctrine of equivalents. '543 Infringement Contentions; Brown Tr. 16:16-21.

13. Dependent claim 21 of the '691 patent requires that "the first virtual microphone comprises the second microphone signal subtracted from a delayed version of the first microphone signal." Ex. G, '691 patent at 35:60-63.

14. For Samsung's accused smartphone products, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Brown Tr. 90:17-21, 91:13-20; Ex. H, October 21, 2022 Supplemental Expert Report of Dr. D. Richard Brown Regarding Infringement ("Brown 2nd Supp.") at 5.

15. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ Brown 2nd Supp. at 5; Brown Tr. 73:3-6, 88:12-21, 155:8-12; Douglas Report at ¶¶ 253-54.

## IV. LEGAL STANDARD

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When the nonmoving party bears the burden of proving the claim or defense, the moving party does not need to produce any evidence or prove the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 325. Rather, the moving party's initial burden "may be discharged by 'showing' – that is, pointing out to the district court

– that there is an absence of evidence to support the nonmoving party's case." *Id.* Once the moving party has met its initial burden of identifying the absence of a genuine issue of material fact, the non-moving party must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). Neither conclusory allegations nor unsubstantiated assertions are sufficient to defeat a summary judgment motion. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *see, e.g., Salazar-Limon v. City of Houston*, 826 F.3d 272, 277 (5th Cir. 2016). The party opposing summary judgment is "required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports [his] claim." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998); *accord Nelson v. C. R. Bard, Inc.*, 44 F.4th 277, 286 (5th Cir. 2022). Summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

Summary judgment of non-infringement should be granted where the asserting party's proof fails to meet an "essential part of the legal standard for infringement, since such failure will render all other facts immaterial." *Telemac Cellular Corp. v. Topp Telecom, Inc.*, 247 F.3d 1316, 1323 (Fed. Cir. 2001); *LML Pat. Corp. v. JPMorgan Chase & Co.*, No. 2:08-CV-448 (DF), 2011 WL 13137342, at *3 (E.D. Tex. Apr. 25, 2011). "If even one limitation is missing or not met as claimed, there is no literal infringement." *Parthenon Unified Memory Architecture LLC v. Apple Inc.*, No. 2:15-CV-621-JRG-RSP, 2016 WL 7666159, at *2 (E.D. Tex. Sept. 21, 2016) (quoting *WMS Gaming, Inc. v. Int'l Game Tech.*, 184 F.3d 1339, 1350 (Fed. Cir. 1999); *see Simpleair, Inc. v. Google Inc.*, No. 2:14-cv-00011-JRG, 2015 WL 11110649, at *2 (E.D. Tex. Oct. 6, 2015) (citation omitted).

4

## V. ARGUMENT

### A. The Accused Earbuds Do Not Infringe Claims 1 and 3 of the '543 Patent Because the Angle Between the Microphones is Not "Greater Than Zero Degrees"

Independent claim 1 of the '543 patent requires two physical microphones, each having a "position," wherein "the second position [of the second microphone] forms an angle relative to the first position [of the first microphone], wherein *the angle is greater than zero degrees*." '543 patent, claim 1. Claim 3 incorporates the same requirement due to its dependence on claim 1. Jawbone asserts that the Accused Earbuds literally infringe this claim, and has not asserted infringement under the doctrine of equivalents. *See* Brown Tr. 16:16-21.

The '543 patent generally describes a communications system comprising a microphone array, a voice detection subsystem, and a denoising subsystem. The '543 patent specification denotes the angle between the fronts of the physical microphones as the variable $f$. '543 patent, 7:43-48 (referring to Figure 3A, "[t]he relative angle $f$ between a vector normal to the face of the microphones (a vector normal to UNI microphone is line labeled 'TOWARDS SPEECH', and a vector normal to OMNI microphone is line labeled 'AWAY FROM SPEECH')"), 8:24-29 ("$f$ describes the angle between the direction of one microphone and the direction of another microphone in any plane"). As an example, Figure 3A "shows a general configuration" where the "relative angle $f$ **between a vector normal to the face of the microphones** . . . is approximately in the range of 60 to 135 degrees." '543 patent, 7:42-49. The front of the microphone is the same whether it is omnidirectional or unidirectional. '543 patent, 7:42-49, FIG. 3A.



'543 Patent, Fig. 3A.

The Accused Earbuds each contain two outer physical microphones that make up the "microphone array" that is accused with regard to the '543 Patent. *See* Brown Report at 80-82, 104-105; '543 Infringement Contentions, Claim 1[i] ("For example, there is a non-zero angle between the orientations of the outer microphones of each earbud of the Galaxy Buds Pro."); Brown Tr. 213:16-214:9. Jawbone's expert, Dr. Brown, specifically accuses the two outer microphones of the earbuds as the "first microphone" and "second microphone." Brown Tr. 213:16-214:9, 214:19-215:4; '543 Infringement Contentions at Claim 1[d]-[h].

The microphones in the Accused Earbuds [REDACTED]. '543 Infringement Contentions, Claim 1[d]; Brown Report, Appendix B at 2; Douglas Report, ¶¶ 213-15. As illustrated in the below, [REDACTED]. Douglas Report, ¶ 214. Unlike Fig. 3A of the patent, [REDACTED]. Douglas Report, ¶ 223.





7



Thus, in contrast to the embodiment illustrated in the patent FIG 3A, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

Dr. Brown does not dispute any of the above and provides no evidence or analysis of any angle between the microphones. Instead he merely repeats the claim language. Brown Report at 256-57. Accordingly, the accused products cannot infringe claims 1 and 3 of the '543 patent.

### B.  The Accused Earbuds Do Not Infringe Claims 1 and 3 of the '543 Patent Because They Do Not Have a "Front" of a Microphone Oriented "Towards the Mouth"

Asserted claim 1 of the '543 patent includes the limitation "a microphone array including a plurality of microphones, wherein a first microphone of the array is fixed at a first position relative to a mouth, wherein the first position ***orients a front of the first microphone towards the***

*mouth*" and "wherein a second microphone of the array is fixed at a second position relative to the mouth, wherein the second position *orients a front of the second microphone away from the mouth*."[2] The claim specifically requires that the "fronts" of the two microphones have *different* orientations—"towards the mouth" and "away from the mouth."

The specification of the '543 patent explains that this difference in orientation may be leveraged to allow the first microphone to pick up primarily speech and the second microphone to pick up primarily noise. *See, e.g.*, '543 patent, 7:65-67, 11:7-16. The "front" of the microphone corresponds to the diaphragm or noise-sensitive face. *See* '543 patent, 7:8-11, 10:46-50 (explaining that the "front" of MIC is on "the axis connecting MIC 1 and MIC 2," which is towards speech); Figs. 8; *see also* Douglas Report, ¶ 212.

As discussed above, the microphones of the Accused Earbuds . *See supra* at 7. . Douglas Report, ¶¶ 69, 212, 217. Furthermore, because . As a result, of the two microphones in the array, one is not oriented "towards the mouth" and the other oriented "away from the mouth," as required by the claims. Therefore, the Accused Earbuds cannot infringe claims 1 and 3 of the '543 Patent.

    **C.**    **The Accused Smartphones Do Not Infringe Claim 21 of the '691 Patent Because the "First Virtual Microphone" is Formed by Adding the Accused Microphone Signals**

Asserted claim 21 of the '691 patent requires that the "first virtual microphone" comprise the *subtraction* of signals accused as the first and second microphone signals. '691 patent, 35:60-

---

[2] Claim 3 incorporates the same requirement due to its dependence on claim 1.

63. ████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████  ████████████████████████

████████████████████████████████████████████████████

████████████████████████



Brown 2nd Supp. at 5.

████████████████████████████████████████████████████████

██████████. ████████████████████████  ████████████████████████

████████████████████████████████████████████████████

████████████████████████  ████████████████████████

██████████. ████████████████████████████████████████

████████████████████████████████████████████

████.

## VI.    CONCLUSION

For each of the foregoing reasons, Defendants respectfully request summary judgment that they do not infringe claims 1 and 3 of the '543 patent and claim 21 of the '691 patent.

| | |
|---|---|
| DATE: November 23, 2022 | Respectfully submitted,<br><br>/s/*Jin-Suk Park*<br>Jin-Suk Park<br>jin.park@arnoldporter.com<br>Ali R. Sharifahmadian<br>ali.sharifahmadian@arnoldporter.com<br>Paul Margulies<br>paul.margulies@arnoldporter.com<br>**ARNOLD & PORTER KAYE SCHOLER LLP**<br>601 Massachusetts Ave., NW<br>Washington, DC 20001-3743<br>Telephone: (202) 942-5000<br>Facsimile: (202) 942-5555<br><br>Ryan M. Nishimoto<br>ryan.nishimoto@arnoldporter.com<br>Daniel S. Shimell<br>daniel.shimell@arnoldporter.com<br>**ARNOLD & PORTER KAYE SCHOLER LLP**<br>777 South Figueroa Street, 44th Floor<br>Los Angeles, CA 90017<br>Telephone: (213) 243-4000<br>Facsimile: (213) 243-4199<br><br>-and-<br><br>Melissa Smith<br>melissa@gillamsmithlaw.com<br>**GILLAM & SMITH LLP**<br>303 South Washington Avenue<br>Marshall, TX 75670<br>Telephone: (903) 934-8450<br>Facsimile: (903) 934-9257<br><br>*Attorneys for Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.* |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on November 23, 2022 to all counsel of record by email..

/s/ *Melissa R. Smith*
Melissa R. Smith