**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| JAWBONE INNOVATIONS, LLC., | |
| *Plaintiff*, | |
| vs. | Civil Action No. 2:21-cv-00186-JRG |
| SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., | **JURY TRIAL DEMANDED** |
| *Defendants*. | |

## SAMSUNG DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOR NO PRE-SUIT DAMAGES

## TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ...................................................................................................1

II.   STATEMENT OF ISSUE TO BE DECIDED BY THE COURT.......................................1

III.  STATEMENT OF UNDISPUTED FACTS ...................................................................2

      A.   The Complaint and Amended Complaint ...............................................2

      B.   Pre-Suit Communications are ▮▮▮▮▮ ▮▮▮▮▮▮▮t
           Which Make Them Inadmissible and Therefore Insufficient to Prove
           Samsung had Pre-Suit Notice of Infringement .......................................3

      C.   The Inadmissible Communications ▮▮▮▮ ▮▮▮▮ Are the Sole
           Basis for Plaintiff's Contentions Regarding Pre-Suit Notice of
           Infringement................................................................................................3

      D.   Plaintiff Contends that the '091, '543, and '691 Patents Were Practiced
           But Provides No Evidence that the Covered Products Were Marked ...................4

IV.   LEGAL STANDARDS ...............................................................................................7

      A.   Summary Judgment .....................................................................................7

      B.   Marking Requirements of § 287 and *Arctic Cat Inc. v. Bombardier
           Recreational Prod. Inc.* (Fed. Cir. 2017)......................................................8

V.    ARGUMENT.............................................................................................................9

      A.   Samsung is Entitled to Summary Judgment That Plaintiff Cannot Recover
           Pre-Suit Damages Due to a Failure to Mark.................................................9

           1.   Samsung met its *Arctic Cat* burden. ................................................9

           2.   Plaintiff and its predecessors-in-interest had a duty to mark under
                § 287 with respect to the Asserted Patents................................................11

           3.   There are no disputes of fact and evidence shows that the requisite
                physical markings were not placed on the Covered Products
                themselves or their packaging.................................................................12

           4.   Samsung did not receive actual notice at any time before the filing
                of the complaints.......................................................................................14

VI.   CONCLUSION.........................................................................................................15

i

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*A to Z Machining Serv., LLC v. Nat'l Storm Shelter, LLC*,
No. CIV-10-422-C, 2011 WL 6888543 (W.D. Okla. Dec. 29, 2011) ....................................14

*Amsted Indus. Inc. v. Buckeye Steel Castings Co.*,
24 F.3d 178 (Fed. Cir. 1994)...........................................................................................9

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986).........................................................................................................7

*Arctic Cat Inc. v. Bombardier Rec. Prods.*,
876 F.3d 1350 (Fed. Cir. 2017)...............................................................................8, 9, 11

*Arctic Cat Inc. v. Bombardier Rec. Prods.*,
950 F.3d 860 (Fed. Cir. 2020)...................................................................................9, 11

*Celotex Corp. v. Catrett*,
477 U.S. 317 (1986).........................................................................................................7

*Godo Kaisha IP Bridge 1 v. Broadcom Ltd.*,
No. 2:16-CV-134-JRG-RSP, 2017 WL 2869352 (E.D. Tex. Apr. 19, 2017)..........................8

*KAIST IP US LLC v. Samsung Elecs. Co.*,
2018 WL 10498197 (E.D. Tex. May 22, 2018)......................................................................11

*Lans v. Digital Equip. Corp.*,
252 F.3d 1320 (Fed. Cir. 2001)...................................................................................9, 15

*Lubby Holdings LLC v. Chung*,
11 F.4th 1355 (Fed. Cir. 2021) .......................................................................................11

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*,
475 U.S. 574 (1986).........................................................................................................7

*Mfg. Resources Int'l Inc. v. Civiq Smartscapes LLC*,
397 F. Supp. 3d 560 (D. Del. 2019)..............................................................................8, 14

*Osteotech, Inc. v. Regeneration Technologies, Inc.*,
2008 WL 4449564 (D.N.J. 2008) ...................................................................................14

*Ragas v. Tennessee Gas Pipeline Co.*,
136 F.3d 455 (5th Cir. 1998) ...........................................................................................7

*Siemens Mobility Inc. v. Westinghouse Air Brake Techs. Corp.*,
  2018 WL 7893901 (D. Del. 2018) ........................................................................13

*Viskase Corp. v. Am. Nat'l Can Co.*,
  261 F.3d 1316 (Fed. Cir. 2001).............................................................................2

*VLSI Tech. LLC v. Intel Corp.*,
  No. 1:19-CV-977-ADA, 2021 WL 2773013 (W.D. Tex. Apr. 12, 2021) ..........8, 14

*Von Holdt v. A-I Tool Corp.*,
  714 F. Supp. 2d 863 (N.D. Ill. 2010) ...................................................................13

*Weinhoffer v. Davie Shoring, Inc.*,
  23 F.4th 579 (5th Cir. 2022) ................................................................................14

*White Oak Vineyards & Winery LLC v. White Oak Spirits, LLC*,
  No. CV 14-9830, 2015 WL 12731903 (C.D. Cal. March 9, 2015) ........................2

## **Statutes**

35 U.S.C. § 287........................................................................................ *passim*

## **Other Authorities**

FED. R. CIV. P. 56(a) ...............................................................................................7

FED. R. CIV. P. 56(c)(1)...........................................................................................7

FED. R. EVID. 201 ....................................................................................................2

FED. R. CIV. P. 30(b)(6) ....................................................................................6, 12

## I.      INTRODUCTION

Samsung[1] requests that this Court grant summary judgment that Plaintiff Jawbone Innovations, LLC ("Plaintiff" or "Jawbone") cannot recover pre-suit damages for Samsung's alleged infringement of U.S. Patent Nos. 8,019,091 ("the '091 patent"), 8,467,543 ("the '543 patent"), 8,503,691 ("the '691 patent") ("the Practiced Patents")[2] because of a failure to mark pursuant to 35 U.S.C. § 287. In particular, Plaintiff contends (and Samsung does not dispute) that certain products sold by its predecessor-in-interest, AliphCom d/b/a Jawbone ("AliphCom") practiced the Asserted Patents. Samsung, as required by the relevant jurisprudence, identified and articulated its contention that Plaintiff failed to mark, thereby making it Plaintiff's burden to prove it complied with § 287. The undisputed facts in the record show that Plaintiff failed to mark. Accordingly, as there is also no evidence that Samsung otherwise received actual notice of its alleged infringement before the Complaint (or Amended Complaint where the '543 and '691 were asserted for the first time), Samsung is entitled to summary judgment that Plaintiff cannot recover pre-suit/pre-amendment damages for the Practiced Patents.

## II.     STATEMENT OF ISSUE TO BE DECIDED BY THE COURT

1.      Whether Samsung is entitled to summary judgment of no pre-Complaint/Amended Complaint damages where products that practiced the '091, '543, and '691 patents were not marked with a patent number or with a website address that associates the covered product with a patent and no notice of infringement by the patentee was otherwise provided.

---

[1] Samsung refers to Samsung Electronics, Co., Ltd. and Samsung Electronics America, Inc.
[2] The other asserted patents are U.S. Patent Nos. 11,122,357 ("the '357 patent"), and 10,779,080 ("the '080 patent") (together with the Practiced Patents, the "Asserted Patents"). Plaintiff previously asserted, but has since dropped, U.S. Patent Nos. 7,246,058 ("the '058 patent") and 8,280,072 ("the '072 patent").

## III.     STATEMENT OF UNDISPUTED FACTS

### A.     The Complaint, Amended Complaint, and the Asserted Patents

1.     On May 27, 2021, Plaintiff filed a Complaint alleging, among other things, infringement of the '091 patent. D.I. 1.

2.     On October 26, 2021, Plaintiff filed an Amended Complaint alleging, among other things, infringement of the '543, '691, '080, and '357 patents. D.I. 21.

3.     The table below shows the issue dates for Asserted Patents. D.I. 21-1 ('091 patent), 21-4 ('080 patent), 21-5 ('357 patent), 21-6 ('543 patent), 21-7 ('691 patent).

| Patent | Issue Date |
|---|---|
| '091 patent | Sept. 13. 2011 |
| '543 patent | June 18, 2013 |
| '691 patent | Aug. 6, 2013 |
| '080 patent | Sept. 15, 2020 |
| '357 patent | Sept. 14, 2021 |

4.     AliphCom d/b/a Jawbone was the original assignee of the Asserted Patents. Exs. 1-5.[3] Plaintiff contends it is the current assignee of the Asserted Patents. D.I. 21, ¶15. Aliph Brands, LLC has never held title to the Asserted Patents. Ex. 6 at 66:7-8, 147:15-23, Ex. 7 at 210:15-19, 71:24-72:12, D.I. 128 at 10.

5.     On December 9, 2021, Samsung answered the Amended Complaint and, among other things, asserted a marking defense under 35 U.S.C. § 287. D.I. 27 at 18.

---

[3] The records in Exhibits 1-5 are publicly available on the USTPO website. Federal Rule of Evidence 201 permits the Court to take judicial notice of them. *SB IP Holdings, LLC v. Vivint Smart Home, Inc.*, No. 4:20-CV-886, 2021 WL 1721715, at *1 (E.D. Tex. Apr. 30, 2021) ("Courts routinely take judicial notice of patents, prosecution history, and patent applications … courts regularly find the USPTO's public database to be appropriate for judicial notice").

████████████████████████████████████

**B.     Pre-Suit Communications are** ████████████████████ **Which Make Them Inadmissible and Therefore Insufficient to Prove Samsung had Pre-Suit Notice of Infringement**

6.     On September 29, 2019, ████████████████████████████████

████████████████████. Exs. 8, 9 at 141:16-142:15.

7.     The ██████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████ ███████████████████████████████████

████████████████████████████████████████████

████████████████████████ . . . ." ███████████

8.     Among other things, the ████████████████████████████

████████████████████████████████████████████

██████████ ███ ██████ ████████████ ██████ █████ ███████ ████████

████████████████ ██████████

**C.     The Inadmissible Communications** ██████████████ **Are the Sole Basis for Plaintiff's Contentions Regarding Pre-Suit Notice of Infringement**

9.     On August 31, 2022, Plaintiff served its Fifth Supplemental Objections and Responses to Samsung's First Set of Interrogatories to Plaintiff (Nos. 1-20), which include Plaintiff's initial and supplemental responses to Interrogatory No. 2 (all bases for Plaintiff's allegations that Samsung has induced infringement) and No. 3 (all bases for Plaintiff's allegations that Samsung's alleged infringement has been willful). Ex. 10 at 6-12.

---

[4] Defined as "the limited purpose of engaging in business discussions relating to the sale and/or license of patents, patent application, or inventions (the "Purpose"). Ex. 8 § 1.

10.     In response to Interrogatory No. 2, Plaintiff purports to incorporate by reference its Amended Complaint (*id.* at 8), and further states, in relevant part: "Jawbone expects that Samsung has been notified of the Asserted Patents by parties including, but not limited to, AliphCom, Inc., Envision IP LLC, Houlihan Lokey, Inc. and Sherwood Partners, Inc." *Id.*  Plaintiff's supplemental response further states:

> "Samsung has had knowledge of the '058 and '091 Patents since at least 2019 when it and its employees, including at least Youngjin Kwon, received documents soliciting its interest in acquiring AliphCom's patent portfolio. Jawbone identifies JB-SAMSUNG0014705-JBSAMSUNG0014723. Samsung has further had knowledge and notice of the Asserted Patents at least since the filing of the Complaint in this action."

*Id.* at 9.

11.     In response to Interrogatory No. 3, Plaintiff purports to incorporate both "its responses and objections to Interrogatory No. 2" (*id.* at 12)  and its amended complaint (*id.* at 11). In its supplemental response to Interrogatory No. 3, Plaintiff contends that "Samsung has been aware of infringement since it received knowledge of the AliphCom patent portfolio, which includes the Asserted Patents, prior to September 29, 2019." *Id.* at 12.

**D.      Plaintiff Contends that the '091, '543, and '691 Patents Were Practiced But Provides No Evidence that the Covered Products Were Marked**

12.     The table below shows all of the method and apparatus claims for each asserted patent that Plaintiff identified in its original infringement contentions served January 20, 2022. Ex. 11 at 2; D.I. 21-1 ('091 patent), 21-4 ('080 patent), 21-5 ('357 patent), 21-6 ('543 patent), 21-7 ('691 patent).

| Patent | Asserted Method Claims | Asserted Apparatus Claims |
|---|---|---|
| '091 patent | 1-10 | 11-18 |
| '543 patent | N/A | 1, 3, 6-13, 19-23, 26 |
| '691 patent | N/A | 1-46 |

████████████████████████

| '080 patent | N/A | 1-20 |
|---|---|---|
| '357 patent | N/A | 1-20 |

13.     On July 14, 2022, Samsung served a letter on Plaintiff stating that Samsung believed the "Jawbone earphone products … needed to be marked, including at least the original Jawbone, Jawbone ERA, and Jawbone ICON products." Ex. 12 at 5-6. In that letter, Samsung explained that the Asserted Patents themselves contain statements indicating that the Jawbone earphone products practiced the Asserted Patents. *Id.*

14.     On August 12, 2022, Plaintiff served a supplemental response to Interrogatory No. 14 identifying various products that it contends practice the Asserted Patents and the dates on which they were first offered for sale. Ex. 10 at 40-42.

15.     The table below shows the products that Plaintiff contends, in its supplemental response to Interrogatory No. 14, practice one or more of the Asserted Patents ("Covered Products), the dates on which Plaintiff admits they were first offered for sale, and the patents that Plaintiff contends were practiced by the Covered Products. *Id.*

| Covered Product Name | Date first offered for sale | Patents that Plaintiff contends are practiced by each Covered Product |
|---|---|---|
| Jawbone Wired Headset | 2004 | '091, '543 |
| Jawbone Bluetooth or "Jawbone Air" | 2006 | '091, '543 |
| Jawbone Headset or "Jawbone Earwear" | 2008 | '091, '543, '691 |
| Jawbone Prime | 2009 | |
| Jawbone Icon | 2010 | |
| Jawbone Era (2010) | 2010 | |
| Jawbone Era (2011) | 2011 | |



16.     On October 6, 2022, Plaintiff served the Expert Report of Dr. D. Richard Brown Regarding Invalidity Of U.S. Patent Nos. 7,246,058; 8,019,091; 8,467,543; 8,503,691; 10,779,080; AND 11,122,357 ("Brown Invalidity Rep."). Ex. 13.

17.     In his report, Dr. Brown states that "█████████████████████████████ ██████████████████████████████████████████████████████████████████████████ ███████████████████████████." *Id.* ¶¶132, 133.

18.     At least the Jawbone Prime, Jawbone Icon, Jawbone Era (2010), and Jawbone Era (2011) were offered for sale by AliphCom between 2011 and 2016. Ex. 14 at 549:2-7 (Prime sold 2008-2011); *id.*, 556:13-24 (Icon sold 2010-2016); *id.*, 564:2-5 (Era sold 2010-2016); *see also* Ex. 15 ¶ 97)████████████████████████████████████████████████████████ █████████████████████ (citing JB-SAMSUNG0024948 (Ex. 16) and "█████████ ████████████████████████████); Ex. 17 at 234:8-236:14.

19.     On August 29, 2022, Mr. Michael Luna, Plaintiff's Rule 30(b)(6) designated witness on AliphCom's efforts to comply with the marking requirement, testified that AliphCom ████████████████████████████████████████████████████████████████████████████ ████████████████████████. Ex. 18 at 47:6-15; Ex. 19 at ¶79. ██████████████████████████████████████████████. Ex. 18 at 151:8-19. However, Mr. Luna did not know whether ████████████████████████████████████████████ ███████ *Id.* at 160:5-21; 149:9-150:17.

20.     Plaintiff has produced no evidence showing that any of the Covered Products or their packaging were ever physically marked with either (1) the number of any Practiced Patent or (2) an address of a posting on the internet that associates any of the Covered Products with the number of any Asserted Patent in accordance with 35 U.S.C. § 287(a). To the contrary, the only

evidence in the record regarding the specific products is samples of the Covered Products in the possession of named inventor, Dr. Gregory Burnett (provided pursuant to a third-party subpoena), where none of those products or their packaging were marked. Exs. 20-25 (photos of Dr. Burnett's inspected products); Exs. 26-32 (Dr. Burnett's user manuals for the inspected products).

## IV.   LEGAL STANDARDS

### A.   Summary Judgment

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The party opposing summary judgment must identify specific evidence in the record and articulate the precise way the evidence supports his or her claim. *See Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine material fact dispute exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248.

Moreover, when the nonmoving party bears the burden of proving the claim or defense, the moving party need not produce any evidence or prove the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Rather, the moving party's initial burden "may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.*  Once the moving party has met its initial burden of identifying the absence of a genuine issue of material fact, the burden shifts to the nonmoving party to produce "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986); Fed. R. Civ. P. 56(c)(1).

### B. Marking Requirements of § 287 and *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.* (Fed. Cir. 2017)

Under 35 U.S.C. § 287(a), "a patentee who makes or sells a patented article must mark his articles or notify infringers of his patent in order to recover [pre-suit] damages." *Arctic Cat Inc. v. Bombardier Rec. Prods.*, 876 F.3d 1350, 1365 (Fed. Cir. 2017) ("*Arctic Cat I*"). If a patentee does not mark, "he is not entitled to damages before the date of actual notice." *Arctic Cat I*, 876 F.3d at 1365 (internal quotations omitted).

Section 287 allows a patentee to "virtually mark" an article, but the patentee has to  affix "thereon the word 'patent' or the abbreviation 'pat.' together with an address of a posting on the Internet, accessible to the public without charge for accessing the address, that associates the patented article with the number of the patent." *VLSI Tech. LLC v. Intel Corp.*, No. 1:19-CV-977-ADA, 2021 WL 2773013, at *3 (W.D. Tex. Apr. 12, 2021) citing 35 U.S.C. § 287(a). Further, as set forth in the statute, the posting must "associate[ ] the patented article with the number of the patent." *Id*. A link to a website that simply lists patents—without mentioning or associating any patent with a specific patented article—does not satisfy the marking obligation as a matter of law. *See Mfg. Resources Int'l Inc. v. Civiq Smartscapes LLC*, 397 F. Supp. 3d 560, 578 (D. Del. 2019). In addition, the marking obligation runs with the patent as "[s]imply assigning away the patent rights to an entity that does not make (covered) products will not suffice" to bring the patentee into compliance with § 287. *Godo Kaisha IP Bridge 1 v. Broadcom Ltd.*, No. 2:16-CV-134-JRG-RSP, 2017 WL 2869352, at *3 (E.D. Tex. Apr. 19, 2017). "The burden of showing later compliance with the marking statute rests with the patentee and requires the same showing that initial compliance with the marking statute requires: that substantially all products were marked." *Id*.

"[A]n alleged infringer who challenges the patentee's compliance with § 287 bears an initial burden of production to articulate the products it believes are unmarked 'patented articles'

subject to § 287. To be clear, this is a low bar. The alleged infringer need only put the patentee on notice that he or his authorized licensees sold specific unmarked products which the alleged infringer believes practice the patent." *Arctic Cat I*, 876 F.3d at 1368. "Once the alleged infringer meets its burden of production, … the patentee bears the burden to prove the products identified do not practice the patented invention" or are marked. *See id*. If the patentee does not make this showing, it cannot recover damages before actual notice. *See id*. at 1366.

"Actual notice requires the affirmative communication of a specific charge of infringement by a specific accused product or device." *Arctic Cat Inc. v. Bombardier Rec. Prods.*, 950 F.3d 860, 864 (Fed. Cir. 2020) ("*Arctic Cat II*") (citation omitted). The notice must come from the patentee. *Lans v. Digital Equip. Corp.*, 252 F.3d 1320, 1327-28 (Fed. Cir. 2001) (quoting *Amsted Indus. Inc. v. Buckeye Steel Castings Co.*, 24 F.3d 178, 187 (Fed. Cir. 1994)).

## V.    ARGUMENT

### A.    Samsung is Entitled to Summary Judgment That Plaintiff Cannot Recover Pre-Suit Damages Due to a Failure to Mark

#### 1.    Samsung met its *Arctic Cat* burden.

As an initial matter, for context, Samsung served Interrogatory No. 14 (seeking identification of covered products) and Interrogatory No. 18 (seeking facts about marking efforts) on February 10, 2022. Ex. 38. Plaintiff objected to these requests, and specifically objected to Interrogatory No. 18 (concerning marking efforts) because it purportedly sought "to shift Defendants' burden to Jawbone." Ex. 10 at 68. Samsung followed up multiple times requesting that Plaintiff withdraw its objections to these Interrogatories and supplement its response. Exs. 12, 33, 34.

Assuming that Plaintiff's burden-shifting objection was based on its (incorrect) position that Samsung needed to satisfy the *Arctic Cat* initial burden before Plaintiff was obligated to

respond to Interrogatory No. 18, Samsung provided more information in a letter dated July 14, 2022. Ex. 12. In particular, Samsung stated, "we believe that Jawbone earphone products and speaker products needed to be marked, including at least the original Jawbone, Jawbone ERA, and Jawbone ICON products." Ex. 12 at 6. Samsung's letter attached user guides for Jawbone products, including the Jawbone Bluetooth headset and the Jawbone ERA. *Id.* at Attachments. Samsung further explained that the "Asserted Patents themselves state that [] commercialized products practiced or embodied the [Asserted Patents]." *Id.* at 5-6. For example, Samsung cited the following excerpt from the '080 patent, which states that AliphCom commercialized products that implement technology described in the '091 and '543 patents:

> The Jawbone earpiece (referred to as the "Jawbone"), introduced in December 2006 by AliphCom of San Francisco, Calif., was the first known commercial product to use a pair of physical directional microphones (instead of omnidirectional microphones) to reduce environmental acoustic noise. The technology supporting the Jawbone is currently described under one or more of U.S. Pat. No. 7,246,058 by Burnett and/or U.S. patent application Ser. Nos. 10/400,282 [which issued as the asserted '543 patent], 10/667,207 [which issued as the asserted '091 patent], and/or 10/769,302.

*Id.* 5-6 at (quoting '080 patent, 1:60-2:1).

After service of the July 14 letter, Plaintiff served supplemental responses to Interrogatories 14 and 18 on August 12. Ex. 10 at 40, 67. Plaintiff's August 12 response to Interrogatory No. 14 contends that there are several AliphCom headset products that practice the '091, '543, and '691 patents, including the Jawbone Prime, Jawbone Icon, and Jawbone Era products. *Id.* at 40-42. Since then, Plaintiff's expert on infringement and invalidity has further opined, ██████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████" Ex. 13, ¶¶132, 133. Plaintiff is using this "fact" to argue that ████████

████████████████████████████████████████████████████

██████████████████████████████████████

██████████████████████. *Id.*, ¶¶ 132, 133, 138. For purposes of this Motion, Samsung does not dispute Plaintiff's contention that the Covered Products practiced the Practiced Patents as reflected in Plaintiff's response to Interrogatory No. 14.

Furthermore, at least the Jawbone Prime, Jawbone Icon, and Jawbone Era products were offered for sale by AliphCom between 2011 and 2016, which includes sales after the '091, '543, and '691 patents issued (the '091 patent issued in 2011 and the '543 and '691 patents issued in 2013). *See* Ex. 14, 549:2-7 (Prime sold 2008-2011); *id.*, 556:13-24 (Icon sold 2010-2016); *id.*, 564:2-5 (Era sold 2010-2016); *see also* Ex. 15, ¶ 97 ("███████████████████████████ ████████████████████████████████████████████████.") (citing JB-SAMSUNG0024948 (Ex. 16) and "████████████████████████████ ██████"); Ex. 17 at 234:8-236:14.

In view of the above, Samsung has met its burden of production under *Arctic Cat I* "to articulate the products [it] believes are unmarked 'patented articles' subject to § 287." *Lubby Holdings LLC v. Chung*, 11 F.4th 1355, 1359 (Fed. Cir. 2021); *KAIST IP US LLC v. Samsung Elecs. Co.*, 2018 WL 10498197 at *3 (E.D. Tex. May 22, 2018).

> **2.      Plaintiff and its predecessors-in-interest had a duty to mark under § 287 with respect to the Asserted Patents.**

AliphCom sold headset products—including the Jawbone Prime, Icon, and Era—after the '091, '543, and '691 patents were issued and while it was the assignee of those patents. Plaintiff contends that those patents embody the Jawbone Prime, Icon, and Era. AliphCom therefore had a duty under § 287 to mark those products, at least with respect to the '091, '543, and '691 patents. *Arctic Cat II*, 950 F.3d at 864.

███████████████████████████████████

### 3.   There are no disputes of fact and evidence shows that the requisite physical markings were not placed on the Covered Products themselves or their packaging.

Plaintiff has produced no evidence that it or AliphCom complied with the marking requirement. As noted, Samsung sought Plaintiff's evidence of marking efforts in Interrogatory No. 18, first served on February 10, 2022. Interrogatory No. 18 requested that Plaintiff "[d]etail all facts and circumstances relating to the marking of any product (or associated material) pursuant to 35 U.S.C. § 287 with any of the Asserted Patents or Related Patents, whether by You, including prior assignees, a licensee, or another party." Ex. 10 at 67. Plaintiff does not give a narrative response but merely references two things. The first is Mr. Luna's deposition transcript (noted above as Plaintiff's Rule 30(b)(6) designee on the marking topic). *Id.* at 69-70. The second are Bates numbers to pages that appear to be  unauthenticated printouts, purportedly from the "Wayback machine," that appear to show a website listing of patents. *Id.*; Exs. 35-37. Each is addressed in turn below.

As to Mr. Luna, the pertinent part of his testimony is that he ███████████████ ██████. In particular, Mr. Luna testified that AliphCom a█████████████████████ ████████████████████. Ex. 18, 134:2-8; 147:18-19. Mr. Luna explained that they ██████ ████████ where they ████████████████ *Id.*, 134:19. He testified that the ████████ █████████████████████. *Id.*, 160:1-4. AliphCom intended to ███████████████ ████████████████████████. *Id.*, 160:5-8. But, ultimately, and most importantly, Mr. Luna testified that he could not say whether ██████████████:





*Id.* at 160:5-21; 149:9-150:17. Further, when Mr. Luna was asked ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. *Id.*, 150:9-11.

 To be sure, even if Mr. Luna had stated ▉▉▉▉▉▉▉▉▉▉▉▉, his testimony alone (i.e.,

without corroborating evidence) would still not be enough. *See Siemens Mobility Inc. v.

Westinghouse Air Brake Techs. Corp.,* 2018 WL 7893901 at *5 (D. Del. 2018) (granting summary

judgment of no pre-suit damages, as oral testimony that the company usually marked all of its

products with a sticker, and that marking would be noted on manufacturing drawings, was not

sufficient proof where the patentee failed to present any corroborating evidence such as the

manufacturing drawings or photographs or documentation to corroborate the witness's recollection

as to the alleged marking of the product); *Von Holdt v. A-I Tool Corp.,* 714 F. Supp. 2d 863, 871

(N.D. Ill. 2010) ("[E]vidence of current company policy and practice, without any other evidence

of compliance with the marking requirement during the relevant time period, is insufficient to

overcome a motion for summary judgment."). But here, his testimony is that he did not know,

which amounts to being no evidence at all.

 Instead, as noted above, the only evidence in the record regarding the specific products is

samples of the Covered Products in the possession of named inventor, Dr. Gregory Burnett

(provided pursuant to a third party subpoena), where none of those products or their packaging

were marked with an address of a posting on the internet that associates any of the Covered

Products with the number of the patent. Exs. 20-25 (photos of inspected products); Exs. 26-32

████████████████████████████████

(Burnett's user manuals). **As the only evidence in the record (undisputed) is that such marking did <u>not</u> exist, that is the end of the inquiry.** *See, e.g.*, *A to Z Machining Serv., LLC v. Nat'l Storm Shelter, LLC*, No. CIV-10-422-C, 2011 WL 6888543, at *3 (W.D. Okla. Dec. 29, 2011) ("The statute's language is clear: the website 'together with' either the word 'patent' or 'pat.' must be marked on the item.").

For the sake of completeness, Samsung notes that Plaintiff's evidence of the website is unavailing. First, the "Wayback Machine" printouts are unauthenticated and inadmissible. *Weinhoffer v. Davie Shoring, Inc.*, 23 F.4th 579, 584 (5th Cir. 2022). Second, even if they were allowed as evidence, the website printouts are insufficient because a patent list webpage without a product-specific list of patents is not enough—so Plaintiff would fail in that regard as well. *See e.g.*, *Mfg. Res. Int'l, Inc. v. Civiq Smartscapes, LLC*, 397 F. Supp. 3d 560, 577 (D. Del. 2019) and *VLSI Tech. LLC v. Intel Corp.*, No. 1:19-CV-977-ADA, 2021 WL 2773013, at *3 (W.D. Tex. Apr. 12, 2021) (both cases holding that merely listing patents on a page without specifically associating the products fails as a matter of law to meet § 287's association requirement).

### 4. Samsung did not receive actual notice at any time before the filing of the complaints.

The only allegation of pre-suit notice to Samsung of the Asserted Patents is based on communications between Samsung and an entity called Houlihan Lokey, representing Aliph Brands, LLC, that took place in 2019. Ex. 10 at 9, 12. This cannot be the actual notice required under § 287 for two independently dispositive reasons.

First, the communications were s██████ ██ █ ████ ████



). This precludes their use as evidence of actual notice. *Osteotech, Inc. v. Regeneration Technologies, Inc.*, 2008

██████████████████████████████████████

WL 4449564 at *3–*5 (D.N.J. 2008) (ruling that when patentee and accused infringer, using counsel, negotiated a very broad NDA that covered all current and past correspondence between the parties, the patentee could not rely on any letters it sent to the accused infringer that fell under the agreement as evidence that it provided actual notice to the accused infringer).

Second, the 2019 communications were not with the patentee. Actual notice must come from the patentee. *Lans*, 252 F.3d at 1327–28. Houlihan Lokey approached Samsung on behalf of Aliph Brands, and Samsung ████████████████████████████. *See* Ex. 8. Plaintiff contends that Aliph Brands never held title to the Asserted Patents. Ex. 6 at 66:7-8, 124:10-21, 147:15-23, Ex. 7 at 210:15-19, 71:24-72:12, D.I. 128 at 10. Thus, *Lans* forecloses reliance on the 2019 Houlihan Lokey communications to satisfy § 287's "actual notice" requirement, and there is no evidence of any other pre-suit communications with a patentee (as also required by § 287) related to the Asserted Patents.

## VI.    CONCLUSION

For these reasons, Samsung respectfully requests that the Court grant Samsung's Motion and enter summary judgment that Plaintiff is not entitled to damages prior to May 27, 2021 or October 26, 2021, as applicable, due to the failure to mark products that practice the Practiced Patents.

Dated: November 23, 2022            Respectfully Submitted,

                                    */s/ Jin-Suk Park*
                                    Jin-Suk Park
                                    jin.park@arnoldporter.com
                                    Paul Margulies
                                    paul.margulies@arnoldporter.com
                                    **ARNOLD & PORTER KAYE SCHOLER LLP**
                                    601 Massachusetts Ave., NW
                                    Washington, DC  20001-3743
                                    Telephone: (202) 942-5000
                                    Facsimile: (202) 942-5555

Patrick C. Reidy
patrick.reidy@arnoldporter.com
**ARNOLD & PORTER KAYE SCHOLER LLP**
70 West Madison Street, Suite 4200
Chicago, IL  60602
Telephone: (312) 583-2424
Facsimile: (312) 583-2360

Ryan M. Nishimoto
ryan.nishimoto@arnoldporter.com
Daniel S. Shimell
daniel.shimell@arnoldporter.com
**ARNOLD & PORTER KAYE SCHOLER LLP**
777 South Figueroa Street, 44th Floor
Los Angeles, CA  90017
Telephone: (213) 243-4000
Facsimile: (213) 243-4199

-and-

Melissa Smith
melissa@gillamsmithlaw.com
**GILLAM & SMITH LLP**
303 South Washington Avenue
Marshall, TX  75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257

*Attorneys for Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.*



## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on November 23, 2022 to all counsel of record by email.

Dated: November 23, 2022        */s/ Melissa R. Smith*
                                Melissa R. Smith