IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| JAWBONE INNOVATIONS, LLC, | § § § | Case No. 2:21-cv-00186-JRG-RSP |
| Plaintiff, | § § | **JURY TRIAL DEMANDED** |
| v. | § § § | |
| SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., | § § § § § | |
| Defendants. | § § § | |

**PLAINTIFF JAWBONE INNOVATIONS, LLC'S
MOTION FOR SUMMARY JUDGMENT OF
NO EQUITABLE DEFENSES, PROSECUTION HISTORY ESTOPPEL,
AND INELIGIBILITY OF THE ASSERTED PATENTS**

**TABLE OF CONTENTS**

Page(s)

I. STATEMENT OF ISSUES TO BE DECIDED BY THE COURT ................................. 2

II. STATEMENT OF UNDISPUTED MATERIAL FACTS .................................................. 2

III. LEGAL STANDARDS ................................................................................................ 3

    A. Summary Judgment ..................................................................................... 3

    B. Unclean Hands .............................................................................................. 4

    C. Equitable Doctrines ...................................................................................... 5

    D. Prosecution History Estoppel ....................................................................... 5

    E. Implied License ............................................................................................. 6

    F. Subject Matter Eligibility .............................................................................. 6

IV. ARGUMENT ............................................................................................................. 7

    A. Defendants Have Not Proven Entitlement to Equitable Doctrines ............. 7

    B. Defendants Have Not Proven Their Defense of Unclean Hands ................ 9

    C. There is No Genuine Dispute of Material Fact Regarding Defendants' Affirmative Defense of Implied License ................................................... 11

    D. There is No Genuine Dispute of Material Fact Regarding Prosecution History Estoppel ........................................................................................ 11

    E. Defendants Have Not Proven the Asserted Patents Are Directed to Ineligible Subject Matter .......................................................................... 12

V. CONCLUSION ........................................................................................................ 13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Advanced Tech. Incubator, Inc. v. Sharp Corp.*,
   No. 2:07-cv-468, 2009 WL 4670435 (E.D. Tex. Sept. 4, 2009)............................................7, 8

*Alice Corp. Pty. Ltd. v. CLS Bank Int'l*,
   134 S. Ct. 2347 (2014)..................................................................................................6, 12

*American Hoist & Derrick Co. v. Sowa & Sons, Inc*,
   725 F.2d 1350 (Fed. Cir. 1984)..............................................................................................12

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986)..................................................................................................................3

*Aptix Corp. v. Quickturn Design Sys. Inc.*,
   269 F.3d 1369 ..........................................................................................................................4

*Berkheimer v. HP Inc.*,
   881 F.3d 1360 (Fed. Cir. 2018)..........................................................................................7, 13

*Bluebonnet Hotel Ventures, LLC v. Wells Fargo Bank, N.A.*,
   754 F.3d 272 (5th Cir. 2014) ...................................................................................................4

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986)..............................................................................................................3, 4

*Eidos Display, LLC v. Chi Mei Innolux Corp.*,
   No. 6:11-cv-201-JRG-JDL, 2017 WL 6268800 (E.D. Tex. Dec. 8, 2017)................................9

*Erfindergemeinschaft UroPep GbR v. Eli Lilly and Co.*,
   No. 2:15-CV-1202-WCB, 2017 WL 275465 (E.D Tex. Jan. 20, 2017) ..............................4, 10

*Honeywell Int'l., Inc. v. Universal Avionics Sys. Corp.*,
   343 F. Supp. 2d 272 (D. Del. 2004)....................................................................................4, 10

*John Bean Techs. Corp. v. Morris & Assocs., Inc.*,
   887 F.3d 1322 (Fed. Cir. 2018)................................................................................................5

*Kaist IP US LLC v. Samsung Elecs. Co.*,
   No. 2:16-cv-01314-JRG, 2019 WL 8110046 (E.D. Tex. Jan. 18, 2019)................................11

*Keystone Driller Co. v. Gen. Excavator Co.*,
   290 U.S. 240 (1933).................................................................................................................4

*Mayo Collaborative Servs. v. Prometheus Lab'ys, Inc.*,
    132 S. Ct. 1289 (2012) .................................................................................................6

*Scholle Corp. v. Blackhawk Molding Co.*,
    133 F.3d 1469 (Fed. Cir. 1998) ....................................................................................9

*Sonos, Inc. v. D&M Holdings, Inc.*,
    No. 14-1330-RGA-MPT, 2016 WL 4249493 (D. Del. Aug. 10, 2016) ......................5

*Sprint Commc'ns Co. L.P. v. Charter Commc'ns, Inc.*,
    No. 17-1734-RGA, 2021 WL 982726 (D. Del. Mar. 16, 2021) ..................................8

*Sun Microsys., Inc. v. Versata Enters., Inc.*,
    630 F. Supp. 2d 395 (D. Del. 2009) .............................................................................5

*Trading Techs. Int'l, Inc. v. Open E Cry, LLC*,
    728 F.3d 1309 (Fed. Cir. 2013) ....................................................................................5

*Vanderlande Indus. Nederland BV v. I.T.C.*,
    366 F.3d 1311 (Fed. Cir. 2004) ....................................................................................5

*Wang Lab'ys, Inc. v. Mitsubishi Elecs. Am., Inc.*,
    103 F.3d 1571 (Fed. Cir. 1997) ....................................................................................6

**Statutes**

35 U.S.C. § 101 ............................................................................................................. *passim*

35 U.S.C. § 282 ........................................................................................................................12

Plaintiff Jawbone Innovations, LLC ("Jawbone" or "Plaintiff"), by and through its undersigned counsel, respectfully submits this Motion for Summary Judgment of (1) Failure to Meet Burden of Proof on Equitable Defenses and Prosecution History Estoppel; and (2) Subject Matter Eligibility of the Asserted Patents Under 35 U.S.C. § 101. Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung" or "Defendants") have filed their Answer to the Complaint, submitting numerous defenses and affirmative defenses for which Samsung bears the burden of proof.

Samsung lacks sufficient evidence in the record to meet its burden to prove the following defenses and affirmative defenses contained in their Third Amended Answer: (1) prosecution history estoppel; and (2) equitable defenses, including waiver, estoppel, implied license, and/or unclean hands. With respect to each of these defenses, the evidentiary record lacks any evidence in support of such defenses and/or Samsung has failed to meet its burden to establish such defenses. Samsung has also failed to establish that there is a lack of standing where Samsung has submitted no evidence that any other party has any ownership interest in the Asserted Patents.

Samsung also fails to meet its burden of establishing the Asserted Patents are directed to ineligible subject matter. While Samsung submitted subject matter eligibility contentions in accordance with the Court's Docket Control Order, neither of Samsung's invalidity experts, Dr. Clifford Reader or Dr. Michael Scordilis, submitted any opinions regarding Samsung's ineligibility positions. Accordingly, Samsung has failed to establish its defense of ineligible subject matter.

There is no genuine dispute of material fact regarding Samsung's failure to meet its burden or submit evidence to support these defenses. Accordingly, summary judgment is warranted.

## I.   STATEMENT OF ISSUES TO BE DECIDED BY THE COURT

1. Whether Samsung has met its burden of proof to establish that Jawbone is barred under the doctrine of prosecution history estoppel.

2. Whether Samsung has met its burden to establish that Jawbone's claims are barred, in whole or in part, by equitable doctrines, including the doctrines of waiver, estoppel, implied license, and/or unclean hands.

3. Whether Samsung has met its burden to establish that the Asserted Patents are directed to ineligible subject matter under 35 U.S.C. § 101.

## II.   STATEMENT OF UNDISPUTED MATERIAL FACTS

1. Jawbone alleges that the Samsung Accused Products infringe U.S. Patent Nos. 8,019,091 (the "'091 Patent"); 7,246,058 (the "'058 Patent"); 10,779,080 (the "'080 Patent"); 11,122,357 (the "'357 Patent"); 8,467,543 (the "'543 Patent"); and 8,503,691 (the "'691 Patent") (collectively, the "Asserted Patents"). Dkt. 21, ¶¶ 8, 10-14.

2. The '091 Patent, filed September 18, 2003 and issued September 13, 2011, names Gregory C. Burnett and Eric F. Breitfeller as inventors and Aliphcom, Inc. as the assignee. Dkt. 21-1. The '091 Patent was subsequently assigned to Jawbone Innovations, LLC. *See* Ex. 1.

3. The '058 Patent, filed May 30, 2002 and issued July 17, 2007, names Gregory C. Burnett as the inventor and Aliph, Inc. as the assignee. Dkt. 21-3. The '058 Patent was subsequently assigned to Jawbone Innovations, LLC. *See* Ex. 1.

4. The '080 Patent, filed July 22, 2013 and issued September 15, 2020, names Gregory C. Burnett as the inventor and JAWB Acquisition LLC as the assignee. Dkt. 21-4. The '080 Patent was subsequently assigned to Jawbone Innovations, LLC. *See* Ex. 1.

5. The '357 Patent, filed August 5, 2013 and issued September 14, 2021, names Gregory C. Burnett as an inventor and Jawbone Innovations, LLC as the assignee. Dkt. 21-5.

6. The '543 Patent, filed March 27, 2003 and issued June 18, 2013, names Gregory C. Burnett, Nicolas J. Petit, Alexander M. Asseily, and Andrew E. Einaudi as the inventors and AliphCom as the assignee. Dkt. 21-6. The '543 Patent was subsequently assigned to Jawbone Innovations, LLC. *See* Ex. 1.

7. The '691 Patent, filed June 13, 2008 and issued August 6, 2013, names Gregory C. Burnett as the inventor and AliphCom as the assignee. Dkt. 21-7. The '691 Patent was subsequently assigned to Jawbone Innovations, LLC. *See* Ex. 1.

8. Jawbone is the owner of all right, title, and interest to the Asserted Patents. *See* Dkt. 21, ¶ 15; Ex. 1.

### III. LEGAL STANDARDS

#### A. Summary Judgment

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Summary judgment is appropriate when, drawing all justifiable inferences in the non-movant's favor, there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 329 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Rule 56 of the Federal Rules of Civil Procedure "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322.

The non-moving party cannot "rest upon mere allegation or denials of [the] pleading, but must set forth specific facts showing there is a genuine issue for trial." Anderson, 477 U.S. at 248. "Summary judgment is appropriate if the nonmovant 'fails to make a showing sufficient to

establish the existence of an element essential to that party's case.'" *Bluebonnet Hotel Ventures, LLC v. Wells Fargo Bank, N.A.*, 754 F.3d 272, 276 (5th Cir. 2014) (citing *Celotex*, 477 U.S. at 322). The movant may establish that the other party has the burden of proof at trial and has failed to "make a showing sufficient to establish the existence of an element essential to [its] case." *Celotex*, 477 U.S. at 322-23. "[T]he burden on the moving party may be discharged by 'showing'—that is, point out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id*. at 325.

### B. Unclean Hands

A determination of unclean hands may be met when "misconduct" of a party seeking relief "has immediate and necessary relation to the equity that he seeks in respect of the matter in litigation," *i.e.*, "for such violations of conscience as in some measure affect the equitable relations between the parties in respect of something brought before the court." *Keystone Driller Co. v. Gen. Excavator Co.*, 290 U.S. 240, 245 (1933). To prove the defense of unclean hands, a defendant must show that plaintiff "conducted [itself] so as to shock the moral sensibilities of the judge" or that plaintiff's conduct was "offensive to the dictates of natural justice." *Honeywell Int'l., Inc. v. Universal Avionics Sys. Corp.*, 343 F. Supp. 2d 272, 320 (D. Del. 2004) (citing *Gaudiosi v. Mellon*, 269 F.2d 873, 882 (3d Cir. 1959); *Aptix Corp. v. Quickturn Design Sys. Inc.*, 269 F.3d 1369, 1375 (Fed. Cir. 2001. A defendant must satisfy the "clear and convincing evidence" standard which requires an "exacting standard of proof required to mount such a defense." *Erfindergemeinschaft UroPep GbR v. Eli Lilly and Co.*, No. 2:15-CV-1202-WCB, 2017 WL 275465, at *15 (E.D Tex. Jan. 20, 2017).

4

### C. Equitable Doctrines

A party is "deemed to have acquiesced when it 'has full knowledge of his rights and the material facts and (1) remains inactive for a considerable time; or (2) freely does what amounts to recognition of the complained of act; or (3) acts in a manner inconsistent with the subsequent repudiation, which leads the other party to believe the act has been approved." *Sonos, Inc. v. D&M Holdings, Inc.*, No. 14-1330-RGA-MPT, 2016 WL 4249493, at *5-*6 (D. Del. Aug. 10, 2016).

To assert a waiver defense, a defendant must establish that the plaintiff had "an existing right, knowledge of the right, [and] an actual intention to relinquish the right." *Sun Microsys., Inc. v. Versata Enters., Inc.*, 630 F. Supp. 2d 395, 409 (D. Del. 2009).

Equitable estoppel applies as an "absolute bar to a patentee's infringement action." *John Bean Techs. Corp. v. Morris & Assocs., Inc.*, 887 F.3d 1322, 1327 (Fed. Cir. 2018). A party raising equitable estoppel as a defense must prove, by a preponderance of the evidence: "(1) the patentee engages in misleading conduct that leads the accused infringer to reasonably infer that the patentee does not intend to assert its patent against the accused infringer; (2) the accused infringer relies on that conduct; and (3) as a result of that reliance, the accused infringer would be materially prejudiced if the patentee is allowed to proceed with its infringement action." *Id.*; *Vanderlande Indus. Nederland BV v. I.T.C.*, 366 F.3d 1311, 1324 (Fed. Cir. 2004).

### D. Prosecution History Estoppel

"Prosecution history estoppel operates as a legal limitation on a patentee's ability to invoke the doctrine of equivalents." *See Trading Techs. Int'l, Inc. v. Open E Cry, LLC*, 728 F.3d 1309, 1318 (Fed. Cir. 2013). Prosecution history estoppel "applies as part of an infringement analysis to prevent a patentee from using the doctrine of equivalents to recapture subject matter surrendered from the literal scope of a claim during prosecution." *Id.* (citing *Pall Corp. v. Hemasure Inc.*, 181 F.3d 1305, 1311 (Fed. Cir. 1999).

### E. Implied License

"In patent law, an implied license merely signifies a patentee's waiver of the statutory right to exclude others from making, using, or selling the patented invention." *Wang Lab'ys, Inc. v. Mitsubishi Elecs. Am., Inc.*, 103 F.3d 1571, 1580 (Fed. Cir. 1997). An implied license exists when: (1) a relationship existed between the patentee and the infringer; (2) within that relationship, the patentee transferred a right to use the patented invention to the infringer; (3) the patentee received valuable consideration for the grant of that right; (4) the patentee denied that the infringer had an implied license; and (5) the patentee's statements and conduct created the impression that patentee consented to infringer making, using, or selling patentee's patented inventions, including sales to consumers other than the patentee. *Id.* at 1579.

The accused infringer bears the burden of proving the existence of an implied license by a preponderance of the evidence. *See id.* at 1576.

### F. Subject Matter Eligibility

Section 101 provides that a patent may issue for "any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof." 35 U.S.C. § 101. The Supreme Court has "long held that this provision contains an important implicit exception. '[L]aws of nature, natural phenomena, and abstract ideas' are not patentable." *Mayo Collaborative Servs. v. Prometheus Lab'ys, Inc.*, 132 S. Ct. 1289, 1293 (2012) (quoting *Diamond v. Diehr*, 450 U.S. 175, 185 (1981)). In *Mayo*, the Supreme Court established a two-part test to determine whether a patent claims nothing more than abstract ideas. *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347, 2355 (2014). The court must first "determine whether the claims at issue are directed to a patent-ineligible concept." *Id.* If so, the court must then "consider the elements of each claim both individually and 'as an ordered combination' to determine whether the additional elements 'transform the nature of the claim' into a patent-eligible application." *Id.*

(quoting *Mayo*, 132 S. Ct. at 1297). Defendant must prove any facts related to ineligibility by clear and convincing evidence. *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1368 (Fed. Cir. 2018).

When there is no genuine issue of material fact regarding whether the claim element or claimed combination is well-understood, routine, and conventional to a skilled artisan in the relevant field, this issue can be decided on summary judgment as a matter of law. *Id.*

## IV. ARGUMENT

Defendants have asserted numerous defenses in their Third Amended Answer, Defenses, and Counterclaims to Jawbone's First Amended Complaint, many of which Defendants have neither sought discovery on nor submitted any evidence. Defendants have not provided the Court with any evidence of equitable defenses, including waiver, estoppel, implied license, and/or unclean hands, prosecution history estoppel, and have not met their burden of establishing subject matter ineligibility by clear and convincing evidence. Accordingly, there is no genuine dispute of material fact with respect to these defenses and summary judgment should be granted.

### A. Defendants Have Not Proven Entitlement to Equitable Doctrines

In the event the Court does not grant Samsung's Motion for Leave to Amend Its Answer to Assert Additional Defenses (Dkt. 84), the Motion still applies to Samsung's equitable defenses and eligibility of the Asserted Patents. Samsung's Third Amended Answer, Defenses, and Counterclaims to Jawbone's First Amended Complaint does not add any additional information or evidence that establish Defendants' entitlement to equitable doctrines, including waiver, estoppel, implied license, or unclean hands.

Defendants have not proven waiver by Jawbone. To establish waiver, Defendants must show that "(1) a right existed at the time of the waiver; (2) Plaintiff had constructive or actual knowledge of the right in question; and (3) Plaintiff intended to relinquish its right." *Advanced*

*Tech. Incubator, Inc. v. Sharp Corp.*, No. 2:07-cv-468, 2009 WL 4670435, at *5 (E.D. Tex. Sept. 4, 2009) (citing *Broad. Satellite Int'l, Inc. v. Nat'l Digit. Television Ctr.*, 323 F.3d 339, 346 (5th Cir. 2003). Defendants have not identified any specific right, have not established that Jawbone has constructive or actual knowledge of this unidentified right, or that Jawbone intended to relinquish its right. *Id.* ("Defendants do not provide any evidence raising a fact issue on these three elements."). Jawbone has never expressed an "actual intention to relinquish the right" to assert infringement of the Asserted Patents, nor can Defendants point to any evidence or testimony to the contrary. *See Sprint Commc'ns Co. L.P. v. Charter Commc'ns, Inc.*, No. 17-1734-RGA, 2021 WL 982726, at *11 (D. Del. Mar. 16, 2021) ("Defendants have not shown that there is an issue of disputed fact as to their acquiescence and waiver defenses. For both waiver and acquiescence, Defendants' argument centers on Plaintiff's delay in filing suit. While Defendants' evidence shows that Plaintiff was aware of the services Defendants offered and the parties had business discussions prior to Sprint first asserting its patents in 2007, this does not establish a genuine issue of material fact for Defendants' acquiescence or waiver defenses. Plaintiff's silence is not enough to show that it had an 'actual intention' to relinquish its patent rights or that it 'made an affirmative grant of consent or permission' to Defendants' conduct. As Defendants have not shown that there is a genuine issue of material fact, Plaintiff's motion for partial summary judgment on Defendants' waiver and acquiescence defenses is granted.") (citations omitted). Because Defendants have not provided any evidence raising a fact issue that Jawbone "intended to relinquish its right," Defendants have not raised any fact issue for their affirmative defense of waiver. Accordingly, summary judgment of no waiver should be granted.

Defendants have not submitted any alleged evidence regarding their affirmative defense of estoppel. During discovery, Defendants responded to an interrogatory response requesting the

8

basis for their equitable defenses merely incorporating by reference their Second Amended Answer and Third Amended Answer. Ex. 2, Samsung's Resp. to Jawbone's Fourth Set of Rogs at 6 (Sept. 5, 2022). To establish estoppel, Defendants must prove the following by a preponderance of evidence: "a. The patentee, through misleading conduct, leads the alleged infringer to reasonably infer that the patentee does not intend to enforce its patent against the alleged infringer, 'Conduct' may include specific statements, action, inaction, or silence where there was an obligation to speak. b. The alleged infringer relies on that conduct. c. Due to its reliance, the alleged infringer will be materially prejudiced if the patentee is allowed to proceed with its claim." *See Scholle Corp. v. Blackhawk Molding Co.*, 133 F.3d 1469, 1471 (Fed. Cir. 1998). Defendants must establish each of these elements by a preponderance of the evidence. *A.C. Aukerman Co., R.L. Chaides Const. Co.*, 960 F.2d 1020, 1041 (Fed. Cir. 1991). Here, Defendants have not raised a fact issue with respect to any of the elements, where they have not raised any alleged communication by Jawbone, that Defendants relied upon this alleged communication, and any harm to Defendants arising from Jawbone's conduct that is purportedly inconsistent with its earlier conduct. *See Eidos Display, LLC v. Chi Mei Innolux Corp.*, No. 6:11-cv-201-JRG-JDL, 2017 WL 6268800, at * (E.D. Tex. Dec. 8, 2017) (concluding defendant failed to establish estoppel where it did not submit any evidence of communication, reasonable reliance on the misleading conduct or silence, or material prejudice as required to support its defense). Accordingly, Defendants have not raised a fact issue for their affirmative defense of estoppel and summary judgment of no estoppel should be granted.

### B.  Defendants Have Not Proven Their Defense of Unclean Hands

Defendants have not met their burden of proving a defense of unclean hands. Defendants cannot point to any "misconduct" or conduct "as to shock the moral sensibilities of the judge" to

9

establish any defense of unclean hands. *See Erfindergemeinschaft UroPep GbR v. Eli Lilly & Co.*, No. 2:15-cv-1202-WCB, 2017 WL 275465, at *7 (E.D. Tex. Jan. 20, 2017) ("The defense of unclean hands is reserved for extreme circumstances. As Judge Payne recently explained, for a defendant in a patent case to establish the defense of unclean hands, the defendant 'must show that the patentee conducted itself as to shock the moral sensibilities of the judge, or stated otherwise, that the patentee's conduct was offensive to the dictates of natural justice.'"). Defendants must satisfy a "clear and convincing evidence" standard to mount a defense of unclean hands but fails to submit evidence of any alleged misconduct." *See Honeywell*, 343 F. Supp. 2d at 321-22 ("The court does not find that Honeywell engaged in unconscionable conduct regarding its activities with the FAA during the creation of the TSO nor during the 2001 conference on CFIT. As noted previously herein, neither Sandel nor Universal offer adequate proof that Honeywell consciously and affirmatively sought to mislead the PTO by failing to disclose the full extent of its activities to sell or publicly use its invention prior to the critical date. No sufficient evidence has been presented that Honeywell intentionally withheld the best mode of practicing its inventions or intended to deceive the PTO by its declarations."). Defendants have not identified any "improper conduct" nor a nexus between any alleged improper conduct and the legal issues in the present case. *See Erfindergemeinschaft*, 2017 WL 275465, at *7 ("To successfully invoke the unclean hands doctrine, the defendant must point to an unconscionable act by the patentee that has an 'immediate and necessary relation to the equity' of the relief that the patentee seeks.").

In addition, Defendants have not shown "materiality" to establish the defense of unclean hands. *See id.* at *9-*10 ("Lilly has not offered any evidence that Dr. Ückert's failure to disclose the pendency of the '561 application caused injury to Lilly, any unjust benefit to Ückert or UroPep, or was otherwise material to the present litigation. . . . The problem is that there is very little by

10

way of evidence to back up that theory. What is missing from Lilly's proof of unclean hands is any evidence that Dr. Ückert's participation as a co-author of the <u>Giuliano Article</u> had any effect on the prosecution of the '561 application.").

Accordingly, there is no evidence or genuine dispute of material fact regarding Defendants defense of unclean hands, and summary judgment of no unclean hands is warranted.

### C. There is No Genuine Dispute of Material Fact Regarding Defendants' Affirmative Defense of Implied License

Defendants have not met their burden of establishing by a preponderance of evidence any elements of their implied license defense. There is no express or implied license to support Defendants' affirmative defense. Defendants do not identify any of the elements of its implied license defense, including a transfer of right to use the Asserted Patents from Jawbone or any of its predecessors to Defendants, that Defendants gave valuable consideration for such transfer; or that Jawbone or its predecessors gave the impression that they consented to Defendants' use of the patented invention. *Kaist IP US LLC v. Samsung Elecs. Co.*, No. 2:16-cv-01314-JRG, 2019 WL 8110046, at *20 (E.D. Tex. Jan. 18, 2019). Because Defendants have failed to establish that the statements or conduct of Jawbone or its predecessors created the reasonable impression that they consented to Defendants making, using, or selling Jawbone's patented inventions. Accordingly, Defendants have not met their burden of establishing any implied rights or its implied license defense.

### D. There is No Genuine Dispute of Material Fact Regarding Prosecution History Estoppel

Defendants have not submitted any alleged prosecution history estoppel as part of their non-infringement analysis to assert Jawbone is not permitted to rely on the doctrine of equivalents to recapture subject matter surrendered from the literal scope of a claim during prosecution. On

this alleged defense, there is neither evidence of record nor any specific contentions or facts in any pleading or any expert report. Defendants submit in their interrogatory response, "By reason of the prior art and/or statements and representations made to the U.S. Patent and Trademark Office during prosecution of the applications that led to the issuance of the [Patents-in-Suit], the claims are so limited that they cannot properly be construed as covering any activity or product of Samsung." Ex. 2, Samsung's Resps. To Jawbone's Fourth Set of Rogs at 17-18. Defendants also rely on the P.R. 3-1, 3-2, 3-3, and 3-4 disclosures, document productions spanning thousands of pages, parties' claim construction briefing, and its forthcoming expert reports. *Id.* at 18. Defendants also rely on the depositions of Kinza Hecht, Scott Kokka, Andrew Einaudi, Gregory Burnett, Eric Breitfeller and exhibits thereto, but there is no identification of any specific statement that Defendants allege is the basis for their defense of prosecution history estoppel. *Id.* Accordingly, there is no evidence or genuine dispute of material fact regarding prosecution history estoppel, and summary judgment of no prosecution history estoppel is warranted.

### E. Defendants Have Not Proven the Asserted Patents Are Directed to Ineligible Subject Matter

Defendants have met their burden of establishing that the Asserted Patents are directed to ineligible subject matter. Under 35 U.S.C. § 282, a patent is presumed valid. Defendants bear the burden of proving invalidity by clear and convincing evidence, including under 35 U.S.C. § 101. *See American Hoist & Derrick Co. v. Sowa & Sons, Inc*, 725 F.2d 1350, 1360 (Fed. Cir. 1984). This presumption of validity remains throughout the litigation.

Under the *Alice* framework, Defendants must establish that (1) the claim at issue is "directed to . . . [a] patent-ineligible concept[]," and (2) whether there is an inventive concept (*i.e.*, an element or combination of elements that is "sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the [ineligible concept] itself." *Alice*, 573 U.S.

12

at 217-18. The determination of whether the claims recite an "inventive con cept" or something more than "well-understood, routine and conventional to a skilled artisan in the relevant field is a question of fact." *Berkheimer*, 881 F.3d at 1368.

Defendants submitted preliminary subject matter eligibility contentions alleging that the '058, '091, '072, '080, and '357 Patents are directed to patent ineligible subject matter under 35 U.S.C. § 101. However, Defendants did not submit any expert testimony from their invalidity experts, Dr. Reader and Dr. Scordilis. At minimum, Defendants should have submitted some evidence, such as expert testimony, to establish that there is no inventive concept by submitting what a skilled artisan in the relevant field would have understood but failed to do so. Rather, Defendants merely identified what was in the prior art. However, [w]hether a particular technology is well-understood, routine, and conventional goes beyond what was simply known in the prior art." *Berkheimer*, 881 F.3d at 1369. "The mere fact that something is disclosed in a piece of prior art, for example, does not mean it was well-understood, routine, and conventional." *Id.* Defendants have not submitted *any* evidence regarding whether there is no inventive concept which renders the Asserted Patents patent ineligible and have, therefore, failed to meet their burden by clear and convincing evidence. Accordingly, summary judgment of patent eligibility of the Asserted Patents is warranted.

**V.    CONCLUSION**

For the foregoing reasons, Jawbone respectfully requests that the Court grant its Motion for Summary Judgment of No Equitable Defenses, including waiver, estoppel, implied license, and unclean hands, No Prosecution History Estoppel, and Patent Eligibility of the Asserted Patents under 35 U.S.C. § 101.

| | |
|---|---|
| Dated: November 23, 2022 | Respectfully submitted,<br><br>*/s/ Peter Lambrianakos*<br>Alfred R. Fabricant<br>NY Bar No. 2219392<br>Email: ffabricant@fabricantllp.com<br>Peter Lambrianakos<br>NY Bar No. 2894392<br>Email: plambrianakos@fabricantllp.com<br>Vincent J. Rubino, III<br>NY Bar No. 4557435<br>Email: vrubino@fabricantllp.com<br>**FABRICANT LLP**<br>411 Theodore Fremd Avenue,<br>Suite 206 South<br>Rye, New York 10580<br>Telephone: (212) 257-5797<br>Facsimile: (212) 257-5796<br><br>Samuel F. Baxter<br>Texas State Bar No. 01938000<br>Email: sbaxter@mckoolsmith.com<br>Jennifer L. Truelove<br>Texas State Bar No. 24012906<br>Email: jtruelove@mckoolsmith.com<br>**MCKOOL SMITH, P.C.**<br>104 E. Houston Street, Suite 300<br>Marshall, Texas 75670<br>Telephone: (903) 923-9000<br>Facsimile: (903) 923-9099<br><br>***ATTORNEYS FOR PLAINTIFF***<br>***JAWBONE INNOVATIONS, LLC*** |



**CERTIFICATE OF SERVICE**

I hereby certify that on November 23, 2022, a true and correct copy of the above and foregoing document has been served by email on all counsel of record.

                                            */s/ Peter Lambrianakos*
                                              Peter Lambrianakos