# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| JAWBONE INNOVATIONS, LLC,<br><br>                    Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD. and<br>SAMSUNG ELECTRONICS AMERICA,<br>INC.,<br><br>                    Defendants. | Case No. 2:21-cv-00186-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF JAWBONE INNOVATIONS, LLC'S
MOTION TO STRIKE OPINIONS OF DR. SCOTT C. DOUGLAS
AND MS. LAUREN R. KINDLER REGARDING FORTEMEDIA PATENTS**

**TABLE OF CONTENTS**

Page(s)

I. FACTUAL BACKGROUND ................................................................................................ 1

II. LEGAL STANDARD .......................................................................................................... 2

III. ARGUMENT ....................................................................................................................... 3

    A. Ms. Kindler's Report ................................................................................................ 3

    B. Dr. Douglas' Opinions are Conclusory and Should Be Struck ............................... 4

IV. CONCLUSION .................................................................................................................... 6

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*CQ, Inc. v. TXU Min. Co., L.P.*,
   565 F.3d 268 (5th Cir. 2009) ...................................................................................................2

*Daubert v. Merrell Dow Pharms., Inc.*,
   509 U.S. 579-580 (1993) .........................................................................................................3

*Gen. Elec. Co. v. Joiner*,
   522 U.S. 136 (1997).................................................................................................................3

*Knight v. Kirby Inland Marine Inc.*,
   482 F.3d 347 (5th Cir. 2007) ...................................................................................................3

*Rembrandt Vision Techs. LP v. Johnson & Johnson Vision Care, Inc.*,
   725 F.3d 1377 (Fed. Cir. 2013)................................................................................................2

*Utah Med. Prod., Inc. v. Graphic Controls Corp.*,
   350 F.3d 1376 (Fed. Cir. 2003)................................................................................................5

Plaintiff Jawbone Innovations, LLC ("Jawbone" or "Plaintiff"), by and through its undersigned counsel, respectfully submits this Motion to Strike Opinions of Dr. Scott C. Douglas and Ms. Lauren R. Kindler Regarding Fortemedia Patents.

Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung" or "Defendants") rely on opinions of Samsung's damages expert, Lauren Kindler, that ███ and, therefore, that the ███ is comparable to the hypothetical negotiation. These opinions should be stricken because they assume that ███ —an assumption which is unsupported by the expert report of Dr. Douglas to which she cites. While Dr. Douglas implies that ███ practices Fortemedia patents by including a copy of the ███ in his report, he provides no such opinion. Rather, he merely identifies certain patents owned by Fortemedia and opines that they are technically comparable to the Asserted Patents. This opinion does not convert the ███ and does not make it comparable to the hypothetical negotiation.

For these reasons, and as set forth below, Dr. Douglas' opinions at paras. 347-362 and Ms. Kindler's opinions at paras. 105(a), 105(b)(i)-(iii), 106, and 149(e) on Fortemedia patents and the ███ should be stricken.

## I.   FACTUAL BACKGROUND

On October 18, 2022, Samsung served Expert Report of Professor Scott C. Douglas, Ph.D. Regarding Non-Infringement ("Dr. Douglas' Report") and Rebuttal Expert Report of Lauren R. Kindler ("Ms. Kindler's Report"). Ex. A, Expert Report of Professor Scott C. Douglas, Ph.D. Regarding Non-Infringement; Ex. B, Rebuttal Expert Report of Lauren R. Kindler. Dr. Douglas'

and Ms. Kindler's opinions rely on the [REDACTED]. Ex. A ¶¶ 347-62; Ex. B ¶¶ 105-06.

Dr. Douglas states that the [REDACTED] contains a [REDACTED]

[REDACTED]

[REDACTED]. Ex. A ¶ 347. Dr. Douglas then provides opinions at paras. 350-362 that certain Fortemedia patents which he identified are comparable to the Asserted Patents. Ex. A ¶¶ 350-362. Dr. Douglas does not opine that Samsung practices any of those patents. Indeed, Dr. Douglas' report contains no element-by-element analysis of whether [REDACTED] practices any Fortemedia patents.

Ms. Kindler relies on Dr. Douglas' opinions for the proposition that Samsung [REDACTED] [REDACTED] even though Dr. Douglas provided no such opinion. Based on this false premise, Ms. Kindler concluded that the [REDACTED] is actually a [REDACTED] under which is comparable to the hypothetical negotiation *Georgia Pacific*. Ex. B at 105-06.

## II.  LEGAL STANDARD

Federal Rule of Evidence 37(c) states, "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c). When considering whether to strike, the court should consider: "(1) [the disclosing party's] explanation for its failure to disclose the evidence, (2) the importance of the evidence, (3) the potential prejudice to [the opposing party] in allowing the evidence, and (4) the availability of a continuance." *CQ, Inc. v. TXU Min. Co., L.P.*, 565 F.3d 268, 280 (5th Cir. 2009). Samsung bears the burden to prove that its failure to comply with Rule 26 was "substantially justified or harmless." *Rembrandt Vision Techs. LP v. Johnson & Johnson Vision Care, Inc.*, 725 F.3d 1377, 1381 (Fed. Cir. 2013).



Federal Rule of Evidence 702 requires that expert testimony be (1) based upon sufficient facts or data, (2) the product of reliable principles and methods, and (3) the reliable application of those principles and methods to the facts of the case. Fed. R. Evid. 702.  In *Daubert*, the Supreme Court recognized the court's "gatekeep role" in "ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579-580, 597 (1993); *see also Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146-147 (1997) (upholding exclusion of expert opinions where "there is simply too great an analytical gap between the data and the opinion proffered."). Moreover, "the expert's testimony must be reliable at each and every step or else it is inadmissible." *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 354-55 (5th Cir. 2007).

### III. ARGUMENT

Ms. Kindler's opinion that the ▮▮▮ is comparable to the hypothetical negotiation should be stricken because it is based on the flawed assumption that Dr. Douglas had opined that ▮▮▮ to Samsung. Dr. Douglas' opinion that Fortemedia owns certain patents that are technically comparable to the Asserted Patents does not establish or even suggest that Samsung ▮▮▮ despite Dr. Douglas' bald citation of the ▮▮▮ to suggest otherwise. *See* Ex. A ¶ 347. Dr. Douglas' opinions on technical comparability of those Fortemedia patents should also be stricken because they are irrelevant to any issue in the case and can only serve to confuse the jury.

### A. Ms. Kindler's Report

Ms. Kindler relies on Dr. Douglas for the proposition that ▮▮▮ practices Fortemedia patents to conclude that the ▮▮▮ with Samsung is a comparable ▮▮▮. But Ms. Kindler's opinions are unsupported, as Dr. Douglas does not disclose any such opinion. Ms. Kindler's opinions are also premised on Dr. Douglas' unreliable analysis and should be

3

stricken for the same reasons. Ms. Kindler's opinions ¶ 104.a and ¶¶ 105-106 should therefore be struck.

<u>First</u>, Ms. Kindler's opinions should be struck because she relies on Dr. Douglas' non-existent position that the ████████ is a ████████. Ms. Kindler states that she "understand[s] from Dr. Scott Douglas that ████████ ████████." Ex. B ¶ 105.a.ii. But Dr. Douglas does not take any such position. At most, he cites generally to the existence of a "████████" in Samsung's ████████ ████████, and generally asserts that some patents. allegedly owned by ForteMedia are technically comparable to the Asserted Patents. Ex. A ¶¶347-62. He does not opine that this somehow renders the ████████ a ████████, as Ms. Kindler incorrectly suggests, and Ms. Kindler does not submit any independent opinion that the ████████ any patents (let alone the ones that Dr. Douglas listed). Ms. Kindler's opinions are therefore bare conclusions and should be struck.

<u>Second</u>, Ms. Kindler's opinions should also be struck because she relies on Dr. Douglas' unreliable conclusions practices patents allegedly assigned to Fortemedia. As discussed in greater detail below, even failing to reach the assertion that the ████████ is a ████████, Dr. Douglas relies on unsupported conclusion that ████████ practices certain patents. Those opinions are unreliable, and Ms. Kindler's conclusions premised on those opinions are unreliable for the same reasons.

Accordingly, Jawbone respectfully requests that the Court strike opinions regarding Fortemedia patents in Ms. Kindler's Report at paras. 105(a), 105(b)(i)-(iii), 106, and 149(e).

    **B.**    **Dr. Douglas' Opinions are Conclusory and Should Be Struck**

Dr. Douglas' opinions at paras. 348-362 should be stricken as irrelevant because he does not assert that Samsung is a licensee of any ████████, and because he conclusorily

4

implies that ███████ practices numerous patents allegedly assigned to Fortemedia without conducting any element-by-element analysis of those patents against ███████.

First, Dr. Douglas' report does not disclose any opinion that Samsung is a licensee of ███████. Ex. A ¶¶347-62. The comparability of those patents to the asserted patents is therefore irrelevant to any issue, and allowing Dr. Douglas to testify as to the comparability of those patents could only confuse the jury.

Second, even to the extent that Dr. Douglas means to imply that a ███████ regarding ███████ somehow implicates the listed patents, his suggestion hinges on an improperly conclusory assertion that the ███████ practices the listed patents. But to order to assert comparability, Samsung bears the burden to show that the Fortemedia patents it identifies are in fact covered by ███████ at all. *See Utah Med. Prod., Inc. v. Graphic Controls Corp.*, 350 F.3d 1376, 1385 (Fed. Cir. 2003) (affirming decision where "[t]he district court concluded, after fully considering the evidence, that Graphic Controls had not shown that the license agreements used in its expert's analysis were in any way comparable to the '822 patent.") It cannot. Dr. Douglas instead relies on the vague proposition that ███████ practices certain Fortemedia patents to imply that the ███████. *See* Ex A at 347-362; Ex. B ¶¶ 105(a), 105(b)(i)-(iii), 106, and 149(e). But Dr. Douglas fails to substantively analyze whether the ███████ practices the claims of those patents, instead merely bolding a subset claim terms which bear a surface-level similarity to the names of features in the ███████. For example, Dr. Douglas asserts that ███████ practices U.S. Patent No. 7,986,794, but merely recites claim 1 with certain claim terms bolded and generally asserts that the patent is "related to noise suppression like all asserted patents, and in particular concerns beamforming like the asserted VM patents." Ex. A ¶¶ 351-352. Dr. Douglas continues this pattern

5

for another five patents allegedly assigned to Fortemedia. *Id.* ¶¶ 353-362. At no point does Dr. Douglas attempt to show how the limitations of the claims of those patents are met by ▓▓▓▓—his "analysis" is limited to the general assertion that they relate to noise suppression. Because Dr. Douglas' assertion that ▓▓▓▓ practices certain patents are bare conclusions, they are unreliable and should be also be stricken on this basis.

Accordingly, Jawbone respectfully requests that the Court strike the Douglas Report at paras. 347-362.

## IV.   CONCLUSION

For the foregoing reasons, Jawbone respectfully requests that the Court grant its Motion to Strike.

Date: November 23, 2022

*/s/ Peter Lambrianakos*
Alfred R. Fabricant
NY Bar No. 2219392
Email: ffabricant@fabricantllp.com
Peter Lambrianakos
NY Bar No. 2894392
Email: plambrianakos@fabricantllp.com
Vincent J. Rubino, III
NY Bar No. 4557435
Email: vrubino@fabricantllp.com
**FABRICANT LLP**
411 Theodore Fremd Avenue,
Suite 206 South
Rye, New York 10580
Telephone: (212) 257-5797
Facsimile: (212) 257-5796

Samuel F. Baxter
Texas State Bar No. 01938000
Email: sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
Email: jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 E. Houston Street, Suite 300
Marshall, Texas 75670

6

Telephone: (903) 923-9000
Facsimile: (903) 923-9099

***ATTORNEYS FOR PLAINTIFF
JAWBONE INNOVATIONS, LLC***



8

**CERTIFICATE OF SERVICE**

I hereby certify that on November 23, 2022, a true and correct copy of the above and foregoing document has been served by email on all counsel of record.

*/s/ Peter Lambrianakos*
Peter Lambrianakos

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(h), the undersigned certifies that counsel for Jawbone Innovations, LLC, met and conferred with counsel for Defendants on November 22, 2022. Defendants are opposed to the relief requested herein leaving an open issue for the Court to resolve.

*/s/ Peter Lambrianakos*
Peter Lambrianakos
