# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| JAWBONE INNOVATIONS, LLC, | § § § | Case No. 2:21-cv-00186-JRG-RSP |
| Plaintiff, | § § | **JURY TRIAL DEMANDED** |
| v. | § § § | |
| SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., | § § § § § | |
| Defendants. | § § | |

**PLAINTIFF JAWBONE INNOVATIONS, LLC'S MOTION TO STRIKE CERTAIN OPINIONS OF DR. SCOTT C. DOUGLAS AND DR. CLIFFORD READER RELATED TO NON-ASSERTED PATENTS, NON-ACCUSED PRODUCTS, AND UNDISCLOSED ALLEGEDLY NON-INFRINGING ALTERNATIVES**

**TABLE OF CONTENTS**

**Page(s)**

I. FACTUAL BACKGROUND ................................................................................................. 2

II. LEGAL STANDARD .......................................................................................................... 3

   A. Motion to Strike ............................................................................................................ 3

   B. Daubert .......................................................................................................................... 3

III. ARGUMENT ....................................................................................................................... 4

   C. Opinions Regarding Non-Asserted '072 and '058 Patents are Irrelevant and Will Confuse the Jury ............................................................................................................ 4

   D. Non-Accused Products are Irrelevant and Will Confuse the Jury ............................ 5

   E. Dr. Douglas' Opinions that ███████ Is a Non-Infringing Alterative Should Be Stricken .......................................................................................................................... 6

IV. CONCLUSION .................................................................................................................. 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Carucel Invs., L.P. v. Novatel Wireless, Inc.*,
  No. 16-CV-118-H-KSC, 2017 WL 1215838 (S.D. Cal. Apr. 3, 2017), aff'd,
  730 F. App'x 938 (Fed. Cir. 2018) ...................................................................................... 7

*Cordis Corp. v. Medtronic Ave, Inc.*,
  511 F.3d 1157 (Fed. Cir. 2008) .......................................................................................... 8

*CQ, Inc. v. TXU Min. Co., L.P.*,
  565 F.3d 268 (5th Cir. 2009) .............................................................................................. 6

*Datatreasury Corp. v. Wells Fargo & Co.*,
  No. 2:06-CV-72-DF, 2010 WL 11468934 (E.D. Tex. Oct. 5, 2010) ................................ 8

*Daubert v. Merrell Dow Pharms., Inc.*,
  509 U.S. 579 (1993) ............................................................................................................ 6

*Factory Mut. Ins. Co. v. Alon USA L.P.*,
  705 F.3d 518 (5th Cir. 2013) ............................................................................................ 11

*Gen. Elec. Co. v. Joiner*,
  522 U.S. 136 (1997) ............................................................................................................ 6

*Godo Kaisha IP Bridge 1 v. Broadcom Ltd.*,
  No. 2:16-CV-00134-JRG, 2017 WL 2869365 (E.D. Tex. May 18, 2017) ...................... 9

*GREE, Inc. v. Supercell Oy*,
  No. 2:19-CV-00071-JRG-RSP, 2020 WL 4288323 (E.D. Tex. July 26, 2020) ....... 6, 9, 10

*Knight v. Kirby Inland Marine Inc.*,
  482 F.3d 347 (5th Cir. 2007) .............................................................................................. 7

*Mathis v. Exxon Corp.*,
  302 F.3d 448 (5th Cir. 2002) .............................................................................................. 7

*Realtime Data LLC v. EchoStar Corp.*,
  No. 6:17-CV-00084-JDL, 2018 WL 6266300 (E.D. Tex. Nov. 15, 2018) .................... 10

*Rembrandt Vision Techs. LP v. Johnson & Johnson Vision Care, Inc.*,
  725 F.3d 1377 (Fed. Cir. 2013) .......................................................................................... 6

*Robroy Indus.-Tex., LLC v. Thomas & Betts Corp.*,
  No. 2:15-CV-512-WCB, 2017 WL 1319553 (E.D. Tex. Apr. 10, 2017) ...................... 11

*SunTiger, Inc. v. Blublocker Corp.*,
    189 F.3d 1327 (Fed.Cir.1999) .................................................................................... 13

*Woods v. DeAngelo Marine Exhaust, Inc.*,
    692 F.3d 1272 (Fed. Cir. 2012) ................................................................................. 6, 10

**Other Authorities**

Fed. R. Civ. P. 26(a) ........................................................................................................ 9

Fed. R. Civ. P. 26(e) ...................................................................................................... 10

Fed. R. Civ. P. 37(c) ........................................................................................................ 6

Fed. R. Evid.  37(c) ......................................................................................................... 6

Fed. R. Evid. 403 ......................................................................................................... 7, 8

Fed. R. Evid.  702 ............................................................................................................ 6

Plaintiff Jawbone Innovations, LLC ("Jawbone" or "Plaintiff"), by and through its undersigned counsel, respectfully submits this Motion to Strike Certain Opinions of Dr. Scott C. Douglas and Dr. Clifford Reader Regarding Non-Asserted Patents, Non-Accused Products, and Undisclosed Non-Infringing Alternatives.

Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.'s (collectively, "Samsung" or "Defendants") invalidity expert, Dr. Clifford Reader, asserts that U.S. Patent No. 7,246,058 (the "'058 patent") is invalid. However, Dr. Reader's opinions are irrelevant and only cause confusion since Jawbone is not asserting the '058 patent.

Samsung's non-infringement expert, Dr. Scott C. Douglas, similarly opines regarding infringement of non-asserted patents and claims, including both the non-asserted '058 patent and U.S. Patent No. 8,280,072 (the "'072 patent"). These opinions are irrelevant, and any testimony on these non-asserted patents and claims would only be confusing to the jury.

Dr. Douglas also opines at length that non-accused products do not infringe certain claims. It is irrelevant whether non-accused products infringe the asserted patents, and Dr. Douglas' opinions regarding those products would only confuse the jury.

Finally, Dr. Douglas improperly opines that ▮▮▮▮▮▮▮▮▮▮ is a non-infringing alternative ("NIA"). But Samsung failed to disclose ▮▮▮▮ in response to Jawbone's NIA interrogatory during fact discovery, and Dr. Douglas conclusory asserts that ▮▮▮▮ is an NIA because it was previously an accused product is without any legitimate analysis.

Accordingly, Jawbone respectfully requests that the Court strike ¶¶ 76-79, 104-09, 143, 158-60, 206-08, 309-18, and 333-38 of Dr. Douglas' Report, and ¶¶ 28-29, 39, 61-67, and 162-345 of Dr. Readers' Report.

## I. FACTUAL BACKGROUND

On June 7, 2022, Jawbone served Samsung its Election of Asserted Claims, dropping the previously asserted the '072 patent. Ex. A, Plaintiff Jawbone Innovations, LLC's Election of Asserted Claims to Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. On September 19, 2022, Jawbone served Expert Report of Dr. D. Richard Brown Regarding Infringement of U.S. Patent Nos. 8,019,091, 8,467,543, 8,503,691, 10,779,080, and 11,122,357 ("Dr. Brown's Report"), dropping the '058 patent. Ex. B, Expert Report of Dr. D. Richard Brown Regarding Infringement of U.S. Patent Nos. 8,019,091, 8,467,543, 8,503,691, 10,779,080, and 11,122,357. Simultaneously, Samsung served Expert Report of Dr. Clifford Reader Regarding Invalidity of U.S. Patent Nos. 7,246,058; 8,019,091; and 8,467,543 ("Dr. Reader's Report"). Ex. C, Expert Report of Dr. Clifford Reader Regarding Invalidity of U.S. Patent Nos. 7,246,058; 8,019,091; and 8,467,543. Shortly after, Jawbone confirmed with Samsung to ensure Samsung was aware of the non-elected '058 patent. On October 11, 2022, Jawbone served on Samsung its Amended Final Election of Asserted Claims to represent the removal of the '058 patent. Ex. D, Plaintiff Jawbone Innovations, LLC's Amended Final Election of Asserted Claims to Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. Even though Samsung knew Jawbone had dropped the '072 and '058 patents, Samsung served Expert Report of Professor Scott C. Douglas, Ph.D. Regarding Non-Infringement ("Dr. Douglas' Report"), specifically addressing the non-elected '072 and '058 patents, non-accused products, and an undisclosed non-infringing alternative regarding ███████████████████████. Ex. E, Expert Report of Professor Scott C. Douglas, Ph.D. Regarding Non-Infringement.

2

## II. LEGAL STANDARD

### A. Motion to Strike

Federal Rule of Evidence 37(c) states, "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c); *see also GREE, Inc. v. Supercell Oy*, No. 2:19-CV-00071-JRG-RSP, 2020 WL 4288323, at *2 (E.D. Tex. July 26, 2020). "Rule 26 imposes an obligation on parties to conduct a reasonable inquiry into the factual basis of their discovery responses and requires that a party who 'responded to an interrogatory…supplement or correct its disclosure or response…in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect….'" *Woods v. DeAngelo Marine Exhaust, Inc.*, 692 F.3d 1272, 1279 (Fed. Cir. 2012) (quoting Fed. R. Civ. P. 26(e)(1)). When considering whether to strike, the court should consider: "(1) [the disclosing party's] explanation for its failure to disclose the evidence, (2) the importance of the evidence, (3) the potential prejudice to [the opposing party] in allowing the evidence, and (4) the availability of a continuance." *CQ, Inc. v. TXU Min. Co., L.P.*, 565 F.3d 268, 280 (5th Cir. 2009). Samsung bears the burden to prove that its failure to comply with Rule 26 was "substantially justified or harmless." *Rembrandt Vision Techs. LP v. Johnson & Johnson Vision Care, Inc.*, 725 F.3d 1377, 1381 (Fed. Cir. 2013).

### B. Daubert

Federal Rule of Evidence 702 requires that expert testimony be (1) based upon sufficient facts or data, (2) the product of reliable principles and methods, and (3) the reliable application of those principles and methods to the facts of the case. Fed. R. Evid. 702. In *Daubert*, the Supreme Court recognized the court's "gatekeep role" in "ensuring that an expert's testimony both rests on

3

a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993); *see also Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146-47 (1997) (upholding exclusion of expert opinions where "there is simply too great an analytical gap between the data and the opinion proffered."). Moreover, "the expert's testimony must be reliable at each and every step or else it is inadmissible." *Knight v. Kirby Inland Marine Inc.*, 482 F.3d 347, 354-55 (5th Cir. 2007). The party offering expert testimony bears the burden of proving that it meets all of the standards for admissibility. *See Mathis v. Exxon Corp.*, 302 F.3d 448, 459-60 (5th Cir. 2002).

III.   ARGUMENT

   A.   **Opinions Regarding Non-Asserted '072 and '058 Patents are Irrelevant and Will Confuse the Jury**

Dr. Douglas and Dr. Reader issue irrelevant opinions regarding the '072 and '058 Patents of Dr. Douglas' Report at ¶¶ 76-79, 104-09, and 309-18 (Ex. E) and of Dr. Reader's Report at ¶¶ 28-29, 39, 61-67, and 162-345 (Ex. C) of their respective reports. Drs. Douglas' and Reader's reliance on non-asserted '072 and '058 patents will confuse and mislead the jury. "[A] discussion of the value of…non-asserted patents would likely lead to unfair prejudice and jury confusion substantially outweighing the limited probative value of such evidence." *Carucel Invs., L.P. v. Novatel Wireless, Inc.*, No. 16-CV-118-H-KSC, 2017 WL 1215838, at *18 (S.D. Cal. Apr. 3, 2017), aff'd, 730 F. App'x 938 (Fed. Cir. 2018); *see* Fed. R. Evid. 403.

Neither the '072 nor '058 patents are asserted in this action. Jawbone dropped the '072 patent in its first Election of Asserted Claims. Ex. A. Jawbone did not assert either patent in its Infringement Report and has expressly notified Samsung that neither patent is asserted. *See* Exs. A, B; *see also* Ex. F, Email Regarding Non-Assertion. Nor does Dr. Douglas rely on any opinion related to the '058 or '072 Patents other than to argue that Samsung does not infringe those non-

4

asserted patents. Dr. Douglas' opinions on the '072 and '058 Patents are therefore entirely irrelevant to any triable issue.

Allowing Dr. Douglas and Dr. Reader to give irrelevant opinions related to the non-asserted '058 and '072 patents would therefore only confuse the jury. *Datatreasury Corp. v. Wells Fargo & Co.*, No. 2:06-CV-72-DF, 2010 WL 11468934, at *26 (E.D. Tex. Oct. 5, 2010) ("Discussion of non-asserted claims would have little probative value on the issues of infringement, validity, and damages that the jury must decide. Any such probative value would be substantially outweighed by the dangers of jury confusion and waste of time that discussion of non-asserted claims would likely entail.") (citing Fed. R. Evid. 403); *see also Cordis Corp. v. Medtronic Ave, Inc.*, 511 F.3d 1157, 1183-84 (Fed. Cir. 2008) (upholding exclusion of unasserted claims under Rule 403 due to the likelihood of jury confusion). Jawbone would be unfairly prejudiced by Dr. Douglas' and Reader's opinions regarding non-asserted patents and claims for the same reasons as this Court found in *Datatreasury*. *See Datatreasury Corp.* 2010 WL 11468934 at *26.

Dr. Douglas' Report at ¶¶ 76-79, 104-09, and 309-18 (Ex. E) and Dr. Reader's Report at ¶¶ 28-29, 39, 61-67, and 162-345 (Ex. C) should therefore be stricken.

### B. Non-Accused Products are Irrelevant and Will Confuse the Jury

Dr. Douglas irrelevantly opines on non-infringement by non-accused phones and earbuds at ¶¶ 143, 158-60, 206-08, and 310. Ex. E. These irrelevant opinions could only confuse the jury, and should be struck.

Jawbone asserts that three models of Samsung earbuds running a software called ▇▇▇▇ ▇▇▇ infringe U.S. Patent Nos. 8,019,091 and 8,467,543 (the "VAD Patents"). Jawbone asserts infringement of the U.S. Patent Nos. 8,503,691, 10,779,080, and 11,122,357 (the "DOMA Patents") by phones running ▇▇▇▇▇▇▇▇, and by those three earbuds. Samsung has

5

acknowledged that Jawbone's infringement allegations are so limited. Ex. E at ¶¶ 128, 310; *see* Ex. F.

Dr. Douglas nonetheless submits irrelevant opinions that certain non-accused products do not infringe the asserted claims. *See, e.g.*, Ex. E at ¶¶ 128, 310, § 1.a. Dr. Douglas's opinions that non-accused products do not infringe various claims should be stricken as irrelevant and likely to confuse the jury. Generally, analyses of non-accused products are "not relevant and will likely cause juror confusion about the relationship between an accused product and infringement." *Godo Kaisha IP Bridge 1 v. Broadcom Ltd.*, No. 2:16-CV-00134-JRG, 2017 WL 2869365, at *3 (E.D. Tex. May 18, 2017). Dr. Douglas' irrelevant opinions regarding non-accused products should be stricken for the same reasons as the Court found in *Godo Kaisha*. *See Id.* at *3.

Jawbone therefore respectfully requests that the court strike the Dr. Douglas' Report, at ¶¶143, 158-60, 206-08, and 310. Ex. E.

### C. Dr. Douglas' Opinions that ▬▬▬ Is a Non-Infringing Alterative Should Be Stricken

Dr. Douglas' opinions that ▬▬▬ is a non-infringing alternative of Dr. Douglas' Report at ¶¶ 333-38 should be stricken because Samsung failed to disclose ▬▬▬ as an NIA, Dr. Douglas opinions are conclusory and unreliable. Ex. E. Among other issues, Dr. Douglas concludes that ▬▬▬ is an NIA based on the fact that it was previously accused of infringement, and that it includes elements purportedly unrelated to the claims.

First, Dr. Douglas' opinions should be stricken because Samsung failed to disclose ▬▬▬ in response to Jawbone's Interrogatory No. 6 regarding non-infringing alternatives. Ex. G, Defendants' Objections and Responses to Plaintiff's First Set of Interrogatories (Nos. 1-10). Samsung "has an obligation to disclose this information fully and to supplement its answer as necessary." *GREE, Inc.*, 2020 WL 4288323, at *2; Fed. R. Civ. P. 26(a), (e). Samsung last provided

6

a response to Interrogatory No. 6 on March 14, 2022. *See* Ex. G. Samsung never supplemented its response to identify ▮▮▮▮. Samsung's failure is particularly egregious since Samsung was apparently aware of specific non-infringement arguments unique to ▮▮▮▮ during fact discovery but did not disclose any of those arguments as supporting ▮▮▮▮ as an NIA. *See* Ex. G. For example, Samsung responded, "Samsung's investigation continues, and it will supplement this response, if necessary, in accordance with Fed. R. Civ. P. 26(e) and the schedule set forth in the Court's Docket Control Order." Ex. G, No. 6. Yet, Samsung never supplemented its response.

This scenario is extremely similar to that of *Gree*, in which this Court was "unpersuaded that [Defendant] fully disclosed its NIAs and [found] that such failure [was] not justified nor harmless." *GREE, Inc.*, 2020 WL 4288323 at *2. Plaintiff was "clearly prejudiced by [Defendant's] failure to disclose this information. Much of this new information was disclosed only in Supplemental or Rebuttal Expert Reports, after [Plaintiff's] experts had completed their reports, preventing [Plaintiff's] experts from opining on this information." *Id.* at *3. Samsung "has an obligation to provide a fulsome response to [Plaintiff's] discovery request and [Defendant] cannot now rely on information it failed to disclose that was clearly within its possession and responsive to" Jawbone's Interrogatory No. 6. *Id.*; *see also Woods*, 692 F.3d at 1279; *Realtime Data LLC v. EchoStar Corp.*, No. 6:17-CV-00084-JDL, 2018 WL 6266300 (E.D. Tex. Nov. 15, 2018) (granting plaintiff's motion to strike defendants' NIA when defendants failed to properly disclose NIA after "[p]laintiff sought information from [d]efendants through interrogatories and depositions regarding any non-infringing alternatives"). Jawbone has been unfairly prejudiced by Samsung's omission because Jawbone proceeded throughout fact discovery without knowing that Samsung may identify ▮▮▮▮ as an NIA. For example, Jawbone frequently sought

7

information regarding Samsung's noise suppression libraries ▮▮▮▮▮) collectively in both discovery requests and depositions. Had Samsung identified ▮▮▮▮ as an NIA, Jawbone would have conducted discovery very differently. For example, Jawbone would likely have ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Jawbone was deprived of that opportunity because of Samsung's omission, and it is beyond dispute that Samsung was aware of non-infringement arguments unique to ▮▮▮▮ during fact discovery. Dr Douglas' opinions that ▮▮▮▮ is an NIA should therefore be stricken based on Samsung's failure to disclose that position.

Dr. Douglas' opinions should also be stricken because they are unreliably conclusory. Dr. Douglas improperly relies on the fact that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. For example, Dr. Douglas states that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and then, continues that ▮▮▮▮▮▮▮▮ a list of previously asserted phones and earbuds. Ex. E, ¶ 128. The fact that Jawbone previously accused phones running ▮▮▮▮ of infringement is irrelevant to whether ▮▮▮▮ is an NIA, but would be extremely prejudicial to Jawbone and confusing the jury. He cannot substitute the fact that previously accused ▮▮▮▮ for this analysis. Dr. Douglas' opinions should therefore further be struck because they are not reliable.

Dr. Douglas' opinions are also unreliable because he acts a mere mouthpiece for hearsay lay-opinions provided to him by Samsung employees. *Robroy Indus.-Tex., LLC v. Thomas & Betts Corp.*, No. 2:15-CV-512-WCB, 2017 WL 1319553, at *3 (E.D. Tex. Apr. 10, 2017) (excluding testimony where expert "is not serving as an expert, but is simply passing along information

provided by others and laying out the defendant's theory of the case"); *see also Factory Mut. Ins. Co. v. Alon USA L.P.*, 705 F.3d 518, 524 (5th Cir. 2013) ("Rule 703 'was not intended to abolish the hearsay rule and to allow a witness, under the guise of giving expert testimony, to in effect become the mouthpiece of the witnesses on whose statements or opinions the expert purports to base his opinion.'") Here, Dr. Douglas simply ██████████████████████████████████████████████████████████████████. *Compare* Ex. E, ¶¶ 336, 338 ("████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████") *with* Ex. I, Rough Dep. Trans. of Scott C. Douglas, Nov. 22, 2022 at 49:23-50:1 ("Q: ████████████████████████████████████████████████████ *see also id.* at 49:5-9 ("████████████████████████████████████████████████████████████████████████████████████████████████████████"); *id.* at 47:14-18 ("████████████████████████████████████████████████████████████████████") Even when █████████████████████████████████████████, Dr. Douglas testified that he "█████████████████████████████████████ *Id.* at 237:22-238:6; *see also id.* at 238:5-239:5 ("████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

9

▇▇▇) To the extent Dr. Douglas' teleconferences actually happened, his opinions are therefore unreliable because he is at best acting as a mouthpiece for Samsung engineers who he neither questioned nor even "engaged," while repeating their own hearsay lay-statements as if it were expert opinion.

Finally, Dr. Douglas' opinions should be stricken because he relies ▇▇▇ ▇▇▇ in ▇▇▇ to suggest it is non-infringing in contradiction to settled law. The presence of additional structural elements is not a basis for non-infringement of a comprising claim, but Dr. Douglas makes exactly that argument. *SunTiger, Inc. v. Blublocker Corp.*, 189 F.3d 1327, 1336, (Fed.Cir.1999) ("It is fundamental that one cannot avoid infringement merely by adding elements if each element recited in the claims is found in the accused device."). For example, Dr. Douglas relies on the assertion that "▇▇▇." Ex. E, ¶ 336. Yet, Dr. Douglas concedes ▇▇▇. Ex. E, ¶¶ 75 and 110 (▇▇▇") (emphasis added). This is like arguing that a car is a non-infringing alternative to a patent on an engine based on the presence of a sunroof and folding rear seats. The presence of features like ▇▇▇ in ▇▇▇ is entirely irrelevant to its infringement or acceptability as an alternative to the asserted patents. Dr. Douglas's arguments are particularly tenuous as many of these additional features are also present in the

10

accused phones running ████████, which are accused of infringement. Ex. E, ¶ 336; Ex. H, October 21, 2022 Supplemental Expert Report of Dr. D. Richard Brown Regarding Infringement of U.S. Patent Nos. 8,019,091, 8,467,543, 8,503,691, 10,779,080, and 11,122,357.

Dr. Douglas' opinions that ████████ is an NIA within Dr. Douglas' Report, ¶¶ 333-38 should therefore be stricken. Ex. E.

### IV.   CONCLUSION

For the foregoing reasons, Jawbone respectfully requests that the Court grant its Motion.

Dated:  November 23, 2022                              Respectfully submitted,

/s/ Peter Lambrianakos
Alfred R. Fabricant
NY Bar No. 2219392
Email: ffabricant@fabricantllp.com
Peter Lambrianakos
NY Bar No. 2894392
Email: plambrianakos@fabricantllp.com
Vincent J. Rubino, III
NY Bar No. 4557435
Email: vrubino@fabricantllp.com
**FABRICANT LLP**
411 Theodore Fremd Avenue,
Suite 206 South
Rye, New York 10580
Telephone: (212) 257-5797
Facsimile: (212) 257-5796

Samuel F. Baxter
Texas State Bar No. 01938000
Email: sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
Email: jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 E. Houston Street, Suite 300
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

***ATTORNEYS FOR PLAINTIFF
JAWBONE INNOVATIONS, LLC***



12

## CERTIFICATE OF SERVICE

I hereby certify that on November 23, 2022, a true and correct copy of the above and foregoing document has been served by email on all counsel of record.

*/s/ Peter Lambrianakos*
Peter Lambrianakos

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(h), the undersigned certifies that counsel for Plaintiff, met and conferred with counsel for Defendants on November 22, 2022. Defendants are opposed to the relief requested herein leaving an open issue for the Court to resolve.

*/s/ Peter Lambrianakos*
Peter Lambrianakos
