# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| JAWBONE INNOVATIONS, LLC, | § | Case No. 2:21-cv-00186-JRG-RSP |
| | § | |
| Plaintiff, | § | **JURY TRIAL DEMANDED** |
| | § | |
| v. | § | ████████████████ |
| | § | |
| SAMSUNG ELECTRONICS CO., LTD. and | § | |
| SAMSUNG ELECTRONICS AMERICA, | § | |
| INC., | § | |
| | § | |
| Defendants. | § | |
| | § | |

**PLAINTIFF JAWBONE INNOVATIONS, LLC'S MOTION TO STRIKE
DR. MICHAEL SCORDILIS' RELIANCE ON NON-ELECTED REFERENCES**

<u>**TABLE OF CONTENTS**</u>

**Page(s)**

I.    FACTUAL BACKGROUND ................................................................................ 1

II.   LEGAL STANDARD ....................................................................................... 2

      A.    Motion to Strike ..................................................................................... 2

III.  ARGUMENT .................................................................................................. 3

      A.    Paragraphs Citing or Relying on Alleged Prior Art References Not
            Mentioned in Samsung's Election ........................................................ 3

            1.    Dr. Scordilis' Opinions Relying on Erten Should Be Stricken .................. 3

            2.    Dr. Scordilis' Opinions Relying on McCowan Should be Stricken ........... 4

            3.    Dr. Scordilis' Opinions Relying on Thompson Should Be Stricken .......... 5

      B.    Summary of Dr. Scordilis' Second Corrected Report's Use of Unelected
            References ............................................................................................ 6

IV.   CONCLUSION ............................................................................................... 6

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**Cases**

*Cellular Commc'ns Equip. LLC v. Apple Inc.*,
    No. 6:14-cv-251-KNM, 2016 WL 11496010 (E.D. Tex. Sep. 2, 2016) ...............................3, 4

*Pers. Audio, LLC. v. Togi Entm't Inc.*,
    Case No. 2:13-CV-13-JRG-RSP, Dkt. No. 252 (E.D. Tex. Aug. 6, 2014)...............................2

Plaintiff Jawbone Innovations, LLC ("Jawbone" or "Plaintiff"), by and through its undersigned counsel, respectfully submits this Motion to Strike Dr. Michael Scordilis' Reliance on Non-Elected References.

On September 19, 2022, Defendants Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.'s (collectively, "Samsung" or "Defendants") served the invalidity report by invalidity expert, Dr. Michael Scordilis ("Dr. Scordilis' Initial Report"). Ex. A, Expert Report of Dr. Michael Scordilis Regarding Invalidity of U.S. Patent Nos. 8,503,691; 10,779,080; and 11,122,357. On October 27, 2022, Samsung served the Second Corrected Expert Report of Dr. Michael Scordilis Regarding Invalidity of U.S. Patent Nos. 8,503,691; 10,779,080; and 11,122,357 ("Dr. Scordilis' Second Corrected Report"). Ex. C, Second Corrected Expert Report of Dr. Michael Scordilis Regarding Invalidity of U.S. Patent Nos. 8,503,691; 10,779,080; and 11,122,357. This report contains numerous opinions on unelected alleged prior art references. The report thus fails to comply with the Court's Order Focusing Patent Claims and Prior Art to Reduce Costs (Dkt. 49, the "Order") which limited pursuant to which Samsung elected no more than six references per patent.

Jawbone therefore respectfully moves the Court for an order striking all paragraphs in the Dr. Scordilis' Second Corrected Report that include unelected art.

## I.   FACTUAL BACKGROUND

On May 11, 2022, the Court entered the Order. Dkt. 49. The Order provides that, "[b]y the date set for the service of expert reports by the party with the burden of proof on an issue, the patent defendant shall serve a Final Election of Asserted Prior Art, which ***shall identify no more than six asserted prior art references per patent*** from among the twelve prior art references previously identified for that particular patent and no more than a total of 25 references. *Id.* ¶ 3 (emphasis added). The Order also provides that "[f]or purposes of this Order, a prior art

instrumentality (such as a device or process) and associated references that describe that instrumentality shall count as one reference, as shall the closely related work of a single prior artist." *Id.* at n.1.

On September 19, 2022, Samsung served its Final Election of Asserted Prior Art (Ex. B) and the Initial Invalidity Reports. The Final Election elected a total of 23 single references: three (3) references for U.S. Patent No. 8,019,091 (the "'091 Patent"); five (5) references for U.S. Patent No. 7,246,058 (the "'058 Patent"); six (6) references for U.S. Patent No. 8,467,543 (the "'543 Patent"), four (4) reference for U.S. Patent No. 10,779,080 (the "'080 Patent"); two (2) references U.S. Patent No. 11,122,357; and three (3) references for U.S. Patent No. 8,503,691 (the "'691 Patent"). *Id.* On October 25, 2022, Samsung served a corrected Dr. Scordilis Invalidity Report. On October 27, 2022, Samsung served a second corrected Dr. Scordilis' Second Corrected Report. The Second Corrected Expert Report of Dr. Michael Scordilis Regarding Invalidity of U.S. Patent Nos. 8,503,691; 10,779,080, however, asserts and relies on multiple unelected references: (1) U.S. Patent Publication 2002/0116187 ("Erten"); (2) "Microphone Arrays: A Tutorial" by Ian McCowan (April 2001) ("McCowan"); and (3) "Tutorial on Microphone Technologies for Hearing Aids," The Hearing Journal (November 2003) ("Thompson"). *See* Ex. C.

## II.  LEGAL STANDARD

### A.      Motion to Strike

The Court's Order, by its terms, limits Samsung to no more than six prior art references per Asserted Patent. Dkt. 49 ¶ 3. Allowing an expert to cite "specific references that were not elected under the terms of the Agreed Order essentially nullifies the terms of the Agreed Order." *Pers. Audio, LLC. v. Togi Entm't Inc.*, Case No. 2:13-CV-13-JRG-RSP, Dkt. No. 252 at 2 (E.D. Tex. Aug. 6, 2014).

## III.    ARGUMENT

### A.    Paragraphs Citing or Relying on Alleged Prior Art References Not Mentioned in Samsung's Election

Samsung did not elect the following alleged prior art references on which Dr. Scordilis relies: (1) Erten; (2) McCowan; and (3) Thompson. Ex. B. Nevertheless, Dr. Scordilis relies on each of those references in his invalidity opinions. In general, as discussed in detail below, Dr. Scordilis improperly uses the disclosure of these unelected references as obviousness references to supplement or modify the disclosure of another reference. This stands in stark contrast to Dr. Scordilis' opinions on "background" prior art, addressed ¶¶ 55-73 of his Second Corrected Report. *See Cellular Commc'ns Equip. LLC v. Apple Inc.*, No. 6:14-cv-251-KNM, 2016 WL 11496010, at *1 (E.D. Tex. Sep. 2, 2016) ("The parties will not use the 'general state of the art' to back door in references that were not disclosed.")

### 1.   Dr. Scordilis' Opinions Relying on Erten Should Be Stricken

Dr. Scordilis' Second Corrected Report uses Erten to argue for obviousness of various claim limitations. For example, as shown in the below excerpt regarding the '357 Patent, Dr. Scordilis attempts to import Erten's alleged disclosure regarding digital signal processors into his proposed combination by asserting that it was "well-known":

> 339.    Moreover, signal processors as described in the '357 Patent, such as digital signal processors, were well-known in the art, and were commonly used to implement summation and filtering in microphone systems. For example, U.S. Patent Publication 2002/0116187 ("Erten") describes detecting speech in the presence of noise by extracting a speech signal and a noise signal. Erten at Abstract. Erten explains that the system can be "implemented in any combination of hardware and software and in a wide variety of devices such as computers, digital signal processors, custom integrated circuits, programmable logic devices, analog components, and the like." Erten at ¶ 117; *see also* Figs. 4-6, ¶¶ 88-91. Similarly, U.S. Patent No. 8,098,844 ("Elko

Ex. C at ¶ 339. Apparently recognizing that Erten was not elected, Dr. Scordilis asserts that

his use of the unelected reference is "merely to show" obviousness known by a POSITA:

> [20] I am using Erten and Elko '844 here merely to show what a POSITA would have known as of
> June 2007.

*Id.* at n. 20; *see also id.* ¶ 139, n. 3; *Id.* ¶ 470, n. 28. But there is no exception to the Court's order

for references which an expert asserts are well-known or represent the knowledge of a POSITA.

Dr. Scordilis relies on the substance of Erten's disclosure to assert that a limitation is satisfied in

the context of a combination, not as mere background knowledge. Any opinion on Erten in this

context at trial would inevitably lead to believe that Erten is being submitted as invalidating prior

art. Accordingly, the Court should strike paragraphs citing to or using Erten as an unelected

reference.

### 2.  Dr. Scordilis' Opinions Relying on McCowan Should be Stricken

Dr. Scordilis similarly relies on the unelected McCowan reference to assert disclosure of

"a compensation factor, such as an amplitude adjustment, [] applied to the microphone signal"

throughout his report. For example, with respect to claim 2 of the '357 Patent,  Dr. Scordilis' uses

McCowan to suggest applying a gain to a signal output from a physical microphone:

> 328.   Near-field compensation by applying a gain to the signal output from a physical
> microphone was well-known at the time of invention by a POSITA as a way to account for the
> difference in wave shape received at the microphone for a near-field source as opposed to a far-
> field source. Sound waves are typically spherical in shape, but when they are received from a far-
> field distance, they can be modeled as planar. When the sound source is close enough to the
> microphone, a compensation factor, such as an amplitude adjustment, should be applied to the
> microphone signal. "Microphone Arrays: A Tutorial" by Ian McCowan (April 2001)
> ("McCowan") describes such near-field compensation at §§ 1.5, 2.5.[18]

Ex. C ¶ 328. As with his opinions regarding Erten, Dr. Scordilis attempts to cloak his use of this unelected reference based on the assertion that it was "well-known." But Dr. Scordilis reads the substance of McCowan's disclosure into his combination and cannot circumvent the Court's Order merely by asserting that the disclosure is "well-known." As with Erten, the Jury could only conclude that Dr. Scordilis advances McCowan as invalidating prior art if he gave these opinions. Accordingly, Dr. Scordilis' references to the unelected McCowan reference should be stricken.

### 3.  Dr. Scordilis' Opinions Relying on Thompson Should Be Stricken

Finally,  Dr. Scordilis uses the unelected Thompson reference for his obviousness opinions regarding claim 1 of the '691 Patent. Ex. C at § IX(B)(1). For example, Dr. Scordilis relies on Thompson's disclosure and figures for alleged disclosure of "subtracting signals" in the context of virtual microphones:

> 129.    In my opinion, it was well-known that subtracting signals is a form of combining signals. For example, in "Tutorial on Microphone Technologies for Hearing Aids," The Hearing Journal (November 2003) ("Thompson") the author explains that an "approach to achieving a directional pattern in a hearing aid is to use two omnidirectional microphones and *combine* their outputs to create a directional signal."[3] Thompson at 2. I have reproduced Figure 5 from Thompson below. The Figure shows "the general form of processing that is needed to produce a directional pattern." *Id.* at 2. The author goes on to explain that "[t]he output signal of one microphone is subtracted from that of the other. The specific directional pattern may be changed … by adding a simple delay circuit, as show in Figure 5." *Id.* at 2-3.

Ex. C ¶ 139. As above, he relies on Thompson' disclosure as invalidating, but attempts to circumvent the Court's order by suggesting that Thompson' disclosure is "well known." But it is irrelevant whether or not Thompson' disclosure is well known if he is attempting to read that disclosure in through an obviousness combination. The jury could only understand these opinions offered with respect to specific claim limitations in the context of an obviousness combination to

advance allegedly invalidating prior art. Dr. Scordilis' opinions relying on Thompson should therefore be struck.

**B.      Summary of Dr. Scordilis' Second Corrected Report's Use of Unelected References**

The below tables summarize the Report's reliance on the unelected references. Each listed paragraph should be stricken:

| Non-Elected References | Dr. Scordilis' Second Corrected Report (Paragraphs) |
|---|---|
| Erten | 339, 454, 520 |
| McCowan | 221, 328, 470, 506 |
| Thompson | 129 |

## IV.      CONCLUSION

For the foregoing reasons, Jawbone respectfully requests that the Court grant its Motion.

Date: November 23, 2022

/s/ Peter Lambrianakos
Alfred R. Fabricant
NY Bar No. 2219392
Email: ffabricant@fabricantllp.com
Peter Lambrianakos
NY Bar No. 2894392
Email: plambrianakos@fabricantllp.com
Vincent J. Rubino, III
NY Bar No. 4557435
Email: vrubino@fabricantllp.com
**FABRICANT LLP**
411 Theodore Fremd Avenue,
Suite 206 South
Rye, New York 10580
Telephone: (212) 257-5797
Facsimile: (212) 257-5796

Samuel F. Baxter
Texas State Bar No. 01938000
Email: sbaxter@mickoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
Email: jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**

104 E. Houston Street, Suite 300
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

***ATTORNEYS FOR PLAINTIFF***
***JAWBONE INNOVATIONS, LLC***



## **CERTIFICATE OF SERVICE**

I hereby certify that on November 23, 2022, a true and correct copy of the above and foregoing document has been served by email on all counsel of record.

*/s/ Peter Lambrianakos*
Peter Lambrianakos

## **CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(h), the undersigned certifies that counsel for Jawbone Innovations, LLC, met and conferred with counsel for Defendants. Defendants are opposed to the relief requested herein leaving an open issue for the Court to resolve.

*/s/ Peter Lambrianakos*
Peter Lambrianakos