**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| JAWBONE INNOVATIONS, LLC, | § § § | Case No. 2:21-cv-00186-JRG-RSP |
| Plaintiff, | § § | **JURY TRIAL DEMANDED** |
| v. | § § | ███████████████ |
| SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., | § § § § | |
| Defendants. | § § § | |

**PLAINTIFF JAWBONE INNOVATIONS, LLC'S**
**MOTION TO STRIKE PORTIONS OF**
**THE SUPPLEMENTAL EXPERT REPORT OF DR. SCOTT C. DOUGLAS**

## <u>TABLE OF CONTENTS</u>

<u>**Page(s)**</u>

I.      INTRODUCTION ................................................................................................... 1

II.     FACTUAL BACKGROUND ................................................................................... 1

III.    LEGAL STANDARDS .......................................................................................... 2

IV.    ARGUMENT ......................................................................................................... 3

V.     CONCLUSION ...................................................................................................... 5

Plaintiff Jawbone Innovations, LLC ("Jawbone" or "Plaintiff") respectfully submits this Motion to Strike Portions of The Supplemental Expert Report Dr. Scott C. Douglas.

## I.     INTRODUCTION

Jawbone respectfully requests that the Court strike paragraphs 13-14 of the Supplemental Expert Report of Dr. Scott C. Douglas (the "Supplemental Douglas Report) as untimely. Ex. 1, ¶¶ 13-14. In Dr. Douglas' original rebuttal report (Ex. 2), he *agreed* with Dr. Brown's opinions that

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████." *Id.*, ¶ 337. On November 16, the evening before Dr. Brown's deposition, Samsung attempted to take advantage of Dr. Douglas' supplemental rebuttal report, intended solely to address the opinions in Jawbone's Second Supplemental Report on Infringement, to work in new and untimely opinions reversing course on that issue. The Supplemental Douglas Report, ¶¶ 13-14 expressly acknowledges that it responds to Dr. Brown's prior opinions (not his second supplemental rebuttal report) and takes an entirely new position on these issues. Samsung has no legitimate excuse for these highly prejudicial opinions. The Supplemental Douglas Report, ¶¶ 13-14 should therefore be stricken.

## II.    FACTUAL BACKGROUND

On October 21, 2022, Jawbone's technical expert, Dr. D. Richard Brown, issued a second supplemental expert report on infringement, incorporating ████████████████████████ ██████████████ after the close of fact discovery. The court granted Jawbone's unopposed motion for leave to supplement on November 2, 2022. Dkt. 238. On November 16, 2022, Dr. Scott C. Douglas submitted his supplemental expert report regarding non-infringement of the asserted patents.

Dr. Douglas' Supplemental Report goes beyond the scope of Dr. Brown's second supplemental report. In particular, Dr. Douglas Supplemental Report, ¶¶ 13-14 addresses opinions regarding the number of microphones used by ████████████ issued in Dr. Brown's October 6, 2022 Supplemental Report. Ex. 1, ¶¶ 13-14 ("I have analyzed a set ████████ provided by Jawbone, which Dr. Brown analyzed in connection with his Oct. 6 Supplemental Report… In his prior opinions, Dr. Brown points to the deposition testimony of a Samsung engineer, ██████████, to support his view that ████████████████ ██████.") The opinions in Dr. Brown's October 6, 2022 supplemental report were based on the late-produced ██████████ (which Samsung made available in response to a motion to compel), rather than the ████████████ addressed in his second supplemental report. Dr. Brown Supp. Report, Ex. 3 at 167-181. Dr. Douglas was in possession of Dr. Brown's October 6 supplemental report, and the evidence addressed therein, before the deadline for his Rebuttal Non-Infringement report on October 18, 2022. Indeed, Dr. Douglas and expressly addressed those opinions in his original Rebuttal. Ex. 2, ¶¶ 133-134, 139, 337.

Jawbone therefore respectfully moves to strike the untimely opinions in paragraphs 13-14 of the Supplemental Douglas Report.

## III.   LEGAL STANDARDS

Federal Rule of Civil Procedure 26(a)(2)(D) requires parties to make expert disclosures "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Courts look to four factors to determine whether a late-disclosure is justified or harmless: (1) the explanation by the party who failed to comply with the scheduling order; (2) the prejudice to the

party opposing the designation; (3) the possibility of curing any prejudice with a continuance; and (4) the importance of the witness's testimony. *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 563–64 (5th Cir. 2004).

## IV.   ARGUMENT

Dr. Douglas's Supplemental Report at paragraphs 13-14 should be stricken because Samsung's failure to timely disclose these opinions is not substantially justified or harmless. Per the parties' discussions, Dr. Douglas's November 16, 2022 supplemental report was supposed to be limited to a rebuttal of opinions in Dr. Brown's October 21, 2022 second supplemental report regarding ███████████████████████████████████████████████. Instead, Dr. Douglas' opinions at paragraphs 13-14 attempt to rebut Dr. Brown's opinions regarding the number of microphones used as inputs for noise suppression in certain accused products based on information obtained through ████████. Samsung possessed Dr. Brown's report and the ████████ (which it did not produce to Jawbone until after the close of fact discovery) by October 6, 2022, 12 days before the deadline for Dr. Douglas' rebuttal report. Moreover Dr. Douglas expressly addressed those opinions at length in his original report. Each factor weighs in favor of striking Dr. Douglas' untimely opinions at paragraphs 13-14 of the Supplemental Douglas Report.

First, Samsung has no legitimate excuse for Dr. Douglas' failure to disclose his rebuttal regarding the number of microphones processed by ████████████████ ████ by the October 18, 2022 deadline. Dr. Douglas' supplemental report expressly "responds to a subsequently served report by Jawbone's expert, Dr. Brown, provided on October 21, 2022: the Supplemental Expert Report of Dr. Richard Brown," as the parties' previously agreed. Ex. 1, ¶ 1. Samsung's failure to timely disclose these opinions is particularly egregious as Dr. Douglas' Supplemental Report itself admits that his opinions in paragraphs 13-14 are ***not*** responsive to Dr.

Brown's Second Supplemental Report. *Id.,* ¶¶ 13-14 ("I have analyzed a set of ███████ provided by Jawbone, **which Dr. Brown analyzed in connection with his Oct. 6 Supplemental Report** … **In his prior opinions**, Dr. Brown points to the deposition testimony of a Samsung engineer, ██████████, to support his view that ████████████████████████."). Dr. Douglas already addressed those opinions at length in his original Rebuttal Report, and Samsung has no basis for taking a second bite at the apple in Dr. Douglas' Supplemental Report. Ex. 2, ¶¶ 133-134, 139, 337. The absence of any legitimate excuse therefore weighs in favor of striking paragraphs 13-14 of the Supplemental Douglas Report.

Second, the prejudice of Samsung's untimely further weighs in favor of striking paragraphs 13-14 of the Supplemental Douglas Report. In Dr. Douglas' originally non-infringement report, he **agreed** with Dr. Brown that "███████████████████████████████████ ██████████████████████████████████████████████████████." Ex. 2, ¶ 337. Then, around midnight the evening before Dr. Brown's deposition regarding infringement, Dr. Douglas radically changed his opinions to opine that "all accused phones that rely on the ███████████████████ ████████████████████ ████████" Ex. 1, ¶ 13. Dr. Brown was specifically questioned regarding his infringement opinions on the number of microphones ██████████████████████ without the opportunity to review Dr. Douglas' new rebuttal opinions. *See* Ex. 4 [Brown Day 1 Rough Tr.] at 18:16-20:21; *id.* at 109:5-22, Nov. 17, 2022. On the other hand, Dr. Douglas had over two months to review Dr. Brown's original opinions, and almost a month to review his second supplemental report, before his deposition on November 22, 2022. Moreover, it is unfair to allow Samsung to change its experts' opinions in attempting to rebut opinions disclosed six weeks earlier

(or more in the case of Dr. Brown's discussion of deposition testimony) Accordingly, the prejudice to Jawbone weighs in favor of striking the two paragraphs at issue.

Third, Jawbone's prejudice cannot be cured by a continuance, and any continuance would only exacerbate Jawbone's prejudice. A continuance would only endanger the trial date, and harm Jawbone's interest in a speedy trial. Moreover, the parties already carefully negotiated the Fourth Amended Docket Control Order to allow Dr. Douglas time to submit a supplemental report in response to Dr. Brown's Second Supplemental Report. Samsung should not be rewarded, and allowed to inflict further prejudice against Jawbone, by disregarding the parties' agreement.

Finally, the unimportance of Dr. Douglas' testimony at paragraphs ¶¶ 13-14 further weighs in favor of striking, because Dr. Douglas already opined on those exact issues in his original October 18 Rebuttal Report (and reached the opposite conclusion). Since Dr. Douglas has already had an opportunity to address Dr. Brown's opinions regarding the number of microphones used ▮ ▮ and Samsung's witness testimony, and in fact did so, his additional opinions on those issues are not important. This factor therefore further weighs in favor of striking Dr. Douglas' opinions at paragraphs 13-14.

Dr. Douglas' Supplemental Report at paragraphs 13-14 should therefore be stricken.

## V.   CONCLUSION

For the foregoing reasons, Jawbone respectfully requests that the Court grant the Motion.

Dated:  November 23, 2022                   Respectfully submitted,

*/s/ Peter Lambrianakos*
Alfred R. Fabricant
NY Bar No. 2219392
Email: ffabricant@fabricantllp.com
Peter Lambrianakos
NY Bar No. 2894392
Email: plambrianakos@fabricantllp.com
Vincent J. Rubino, III
NY Bar No. 4557435

Email: vrubino@fabricantllp.com
**FABRICANT LLP**
411 Theodore Fremd Avenue,
Suite 206 South
Rye, New York 10580
Telephone: (212) 257-5797
Facsimile: (212) 257-5796

Samuel F. Baxter
Texas State Bar No. 01938000
Email: sbaxter@mckoolsmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
Email: jtruelove@mckoolsmith.com
**MCKOOL SMITH, P.C.**
104 E. Houston Street, Suite 300
Marshall, Texas 75670
Telephone: (903) 923-9000
Facsimile: (903) 923-9099

***ATTORNEYS FOR PLAINTIFF***
***JAWBONE INNOVATIONS, LLC***



## CERTIFICATE OF SERVICE

I hereby certify that on November 23, 2022, a true and correct copy of the above and foregoing document has been served by email on all counsel of record.

*/s/ Peter Lambrianakos*
Peter Lambrianakos

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(h), the undersigned certifies that counsel for Plaintiff, met and conferred with counsel for Defendants on November 22, 2022.  Defendants are opposed to the relief requested herein leaving an open issue for the Court to resolve.

*/s/ Peter Lambrianakos*
Peter Lambrianakos